**Ethan Levi**, OSB No. 994255
Email: ethan@lmhlegal.com
Levi Merrithew Horst PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
Telephone: (971) 229-1241
Facsimile: (971) 544-7092

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON<br><br>Plaintiffs,<br><br>vs.<br><br>DELORES MATTEUCCI, Superintendent of the Oregon State Hospital, in her individual and official capacity, PATRICK ALLEN, Director of the Oregon Health Authority, in his individual and official capacity<br><br>Defendant. | Case No.  3:21-cv-1637<br><br>**COMPLAINT**<br><br>**(Civil Rights – Violation of the Due Process Clause of the 14th Amendment to the United States Constitution)**<br><br>**INJUNCTIVE RELIEF, DECLARATORY RELIEF AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

INTRODUCTION

1. This is an action for declaratory and injunctive relief and for damages for two people who remain incarcerated at the Multnomah County Jail months after a court found them

COMPLAINT - 1

"Guilty Except for Insanity" and ordered them to be transported to the Oregon State Hospital "without unreasonable delay," for custody, care and treatment for their mental health disorders.

2. Multnomah County Circuit Court Judge Nan Waller found plaintiff Bowman "Guilty Except for Insanity" on March 10, 2021. Judge Waller ordered that plaintiff Bowman be transported to the Oregon State Hospital "without unreasonable delay."

3. Multnomah County Circuit Court Judge Nan Waller found plaintiff Douglas-Simpson "Guilty Except for Insanity" on May 5, 2021. Judge Waller ordered plaintiff Douglas-Simpson "immediately TRANSPORTED to the Oregon State Hospital."

4. Instead of transporting plaintiffs and admitting them to the hospital, defendants ignored the trial court's order, ignored repeated contempt findings, and allowed plaintiffs to remain in the custody of the Multnomah County Sheriff, jailed in the Multnomah County Jail from the time of their commitments until the present (almost *six months* for plaintiff Douglas-Simpson and almost *eight months* for plaintiff Bowman). Defendants have ignored the court's orders and plaintiffs are currently being held indefinitely without any timeline for transport or treatment. Plaintiffs request that this Court enjoin defendants and order them to immediately transport plaintiffs to the Oregon State Hospital and declare as unlawful, defendants' practice of allowing persons adjudicated guilty except for insanity and committed to the state hospital to remain in jail for more than seven days from the date of the adjudication. Plaintiffs also seek damages for the unreasonable length of time defendants have allowed plaintiffs to remain in jail and subjected to punishment without any possibility of release rather than treatment with the possibility of release.

JURISDICTION

5.      This Court has federal question jurisdiction under 28 U.S.C. §§1331 and 1343, in that this is an action arising under the Fourteenth Amendment to the United States Constitution. This court has jurisdiction to award declaratory and injunctive relief pursuant to 42 U.S.C. §1983.

6.      Venue is appropriate in this Court under 28 U.S.C. §1391(b)(2) since a substantial number of events that gave rise to this complaint occurred in this district.

PARTIES

7.      Plaintiff, Jarod Bowman, was a defendant in a Multnomah County criminal case, 19CR81195. On March 10, 2021, Multnomah County Circuit Judge Nan Waller adjudicated plaintiff guilty except for insanity and ordered the Multnomah County Sheriff to transport plaintiff to the Oregon State Hospital without unreasonable delay. Despite the trial court's order and subsequent findings of contempt, the Oregon State Hospital will not admit plaintiff into the Oregon State Hospital and as a result the Multnomah County Sheriff will not transport plaintiff there.

8.      Plaintiff, Joshawn Douglas-Simpson, was a defendant in a Multnomah County criminal case, 18CR21237. On May 5, 2021, Multnomah County Circuit Judge Nan Waller adjudicated plaintiff guilty except for insanity and ordered him transported to the Oregon State Hospital immediately. Despite the trial court's order and subsequent findings of contempt, the Oregon State Hospital will not admit plaintiff and as a result the Multnomah County Sheriff will not transport plaintiff there.

9.      Defendant, Dolores Matteucci is the Superintendent of the Oregon State Hospital, the facility where defendants who have been adjudicated guilty except for insanity

(GEI) are housed when they are committed and found to be dangerous. As such, she is directly responsible for ensuring that the Oregon State Hospital takes custody of persons adjudicated as guilty except for insanity and that it operates in compliance with federal law. She is sued in her official and individual capacities for her actions under color of state law.

10. Defendant, Patrick Allen, is the Director of the Oregon Health Authority (OHA) which oversees the function and management of the Oregon State Hospital. He is responsible for ensuring that the Oregon State Hospital is properly managed and functions in compliance with federal and state law. He is sued in his official and individual capacities for his actions under color of state law.

FACTUAL ALLEGATIONS

11. On March 10, 2021, Mr. Bowman was found guilty except for insanity (GEI) after a stipulated facts trial in front Multnomah Circuit Court Judge Nan Waller in case number 19CR81195.

12. On March 12, 2021, Judge Waller issued her written judgment which found, "as a result of a qualifying mental disorder at the time of engaging in criminal conduct, the defendant (plaintiff Bowman) lacked a substantial capacity either to appreciate the criminality of the conduct or to conform his/her conduct to the requirements of law; that the defendant would have been guilty of a felony during a criminal episode, and; that because of the defendant's qualifying mental disorder, he/she presents a substantial danger to others and is not a proper subject for conditional release at this time, and requires commitment to a state mental hospital."

13. Judge Waller further ordered that "the defendant (plaintiff Bowman) be, and he/she hereby is, committed to the custody of the state mental hospital and that the Multnomah County Sheriff shall transport said defendant to said hospital without unreasonable delay."[1]

14. On May 5, 2021, Douglas-Simpson was found GEI following a stipulated facts trial to Multnomah County Circuit Court Judge Nan Waller in case number 18CR21237. Judge Waller ordered that plaintiff Douglas-Simpson be immediately transported to the Oregon State Hospital for custody, care and treatment.

15. The defendants never admitted plaintiffs to the Oregon State Hospital as Judge Waller ordered on March 10, 2021 and May 5, 2021 and both plaintiffs remain jailed at the Multnomah County Detention Center.

16. On June 4, 2021, Plaintiffs' criminal defense lawyers filed a motion for an order to show cause as to why the Oregon State Hospital and the Oregon Health Authority should not be found in contempt based on their failure to admit and take custody of plaintiffs.

17. In July, 2021, Judge Waller held a contempt hearing. At that contempt hearing, the defendants argued that they should not be found to be in willful contempt because the Oregon State Hospital was at 95% capacity and they simply did not have room for plaintiffs. The defendants also argued that a federal injunction from 2002, in *Oregon Advocacy Center v.*

---

[1] Although under Judge Waller's March 10, 2021 GEI finding, the Multnomah County Sheriff is charged with transporting plaintiff to the Oregon State Hospital, the Multnomah County Sheriff will only transport a prisoner to the Oregon State Hospital if the Oregon State Hospital will accept that prisoner. In the first contempt proceeding, the parties stipulated that the Multnomah County Sheriffs' Office does not have the ability to transfer plaintiff to the Oregon State Hospital because the Oregon State Hospital is in complete control of admissions and had not given approval to the Multnomah County Sheriff's Office to transport plaintiff.

COMPLAINT - 5

Levi Merrithew Horst PC
610 SW Alder St. Suite 415
Portland, OR 97205
T: 971.229.1241 | F: 971.544.7092

*Mink*[2], mandated that the defendants prioritize the transport of other mentally-ill prisoners – those who had been found unable to aid and assist – over prisoners similarly situated to the plaintiffs. Despite these arguments, Judge Waller found the Oregon State Hospital and Oregon Health Authority in willful contempt of her order. The court found that the Oregon State Hospital had the bed space and means to comply with its order but instead chose not to comply.

18. On September 22, 2021, Judge Waller issued her written order of contempt: "It is hereby ordered that Mr. Bowman and Mr. Douglas-Simpson [plaintiffs] be transported and admitted to OSH within 7 days of the date of this judgment. OSH shall deposit $100 for each day that Mr. Bowman and $100 for each day that Mr. Douglas-Simpson remain in custody of MCSO starting from September 10, 2021. OSH shall make the deposits to a Trust Fund with the Multnomah County Sheriff's Office to exclusively fund staff training for corrections staff on managing behavioral health issues of people in custody in Multnomah County Jails."

19. Seven days following this order (September 29, 2021) defendants still had not transported plaintiffs to the Oregon State Hospital.

20. On October 1, 2021, plaintiffs filed a second motion for contempt against defendants. In plaintiffs' request for remedies they asked for, "(1) Payment of a sum of money of $500 a day paid directly to plaintiffs for the "loss, injury, and costs suffered by him as the result of the contempt of court; (2) payment of all or part of any attorney fees incurred by Mr. Bowman as the result of contempt, to be paid to the indigent defense fund; and (3) an order designed to ensure compliance with the prior court order."

---

[2] 3:02-cv-00339-PA

21. On October 13, 2021, Judge Waller held a second contempt hearing. Judge Waller once again found defendants in contempt. Judge Waller ordered the Oregon State Hospital to transport plaintiffs within five days of the hearing and ordered it to pay $2,500 for each plaintiff for each day following October 18, 2021 that each plaintiff remained in the custody of the Multnomah County Sheriff.

22. As of the filing of this complaint, defendants have not transported plaintiffs from the Multnomah County Jail to the Oregon State Hospital for custody, care and treatment.

23. While in the Multnomah County Jail, plaintiffs do not have access to the care and treatment that he could have availed himself of at the Oregon State Hospital.[3]

24. While at the Multnomah County Jail, plaintiffs cannot and has not been evaluated by treatment providers and evaluators at the Oregon State Hospital.

25. While at the Multnomah County Jail, plaintiffs cannot and have not been evaluated by mental health staff trained to determine whether plaintiffs continue to be a danger and therefore needs to be continued in custody, conditionally released or discharged.

26. While at the Multnomah County Jail, plaintiffs cannot and have not been provided with the care and treatment to ameliorate their symptoms such that the Psychiatric Security Review Board can approve a conditional release from the Oregon State Hospital to a lower custody level or release to the community. By not admitting and transporting plaintiffs to the Oregon State Hospital, defendants are responsible for this lack of care.

---

[3] In the contempt hearing, the Oregon State Hospital and the Oregon Health Authority stipulated that the Multnomah County Sheriff's jails are not state mental hospitals per the GEI statute, ORS 161.327(1)(a).

27. During the almost *eight months* plaintiff Bowman has been in custody at the Multnomah County Jail following Judge Waller's order to transport him to the hospital and the court's two contempt findings, he continues to suffer from mental health symptoms and his condition has declined. Despite being ordered to the Oregon State Hospital for "custody, care, and treatment," under ORS 161.327, plaintiff has been housed in the Multnomah County Jail, the opposite of a therapeutic environment where instead of receiving court-ordered treatment, he has been punished as a criminal and has been denied care and treatment for his mental health disorders which led to his GEI findings. By not admitting and transporting plaintiff to the Oregon State Hospital, defendants are responsible for plaintiff's decline.

28. As a direct result of defendants' refusal to transport plaintiff to the Oregon State Hospital, defendant acted-out while at the Multnomah County Jail in response to his mental health symptoms, got into a fight with another inmate and was placed in solitary confinement, assigned a white smock and a higher, level 3, custody status. Plaintiff has now been deemed a "call for" when he appears in court. This means that he is a high security risk at court appearances. When he appears in court, he appears in leg restraints and belly chains because the Sheriff has alleged that he is mentally ill and presents a danger to others.

29. During the almost *six* months plaintiff Douglas-Simpson has been at the Multnomah County Jail following Judge Wallers order to transport him to the hospital, his mental health has also declined. He has been in suicide watch at the jail and he has not been getting his proper medication.

//

//

//

## CAUSES OF ACTION

## VIOLATION OF SUBSTANTIVE DUE PROCESS

30. Plaintiffs hereby incorporates all preceding paragraphs.

31. Due process requires that the nature and duration of confinement must bear reasonable relation to the purpose for which an individual is committed.

32. Once a person is found to be guilty except for insane and committed to the state hospital, the only lawful purpose of confinement is to treat that person until they are no longer mentally ill or no longer dangerous.

33. Due Process requires that a person found guilty but insane be detained only so long as they remain both mentally ill and dangerous.

34. Due Process requires mental health treatment, evaluation and assessment and the Multnomah County Jails does not have the means of providing the mental health treatment, evaluation and assessment required by the federal constitution.

35. Due Process requires that plaintiff who has been adjudicated "guilty except for insanity" no longer be punished and treated with the rigor of a person imprisoned as a criminal.

36. The defendants' failure to transport plaintiffs to the Oregon State Hospital has led to plaintiffs' indefinite confinement in a punitive jail setting, without mental health treatment, in violation of their due process rights under the Fourteenth Amendment to the United States Constitution.

//

//

//

WHEREFORE, Plaintiffs prays for judgments against defendants as follows:

(1) Preliminary and permanent injunctive relief requiring defendants to immediately accept physical custody of plaintiffs.

(2) A declaratory judgment declaring that defendants must accept physical custody of all persons found guilty except for insanity and committed to the Oregon State Hospital within seven days of such commitment;

(3) For damages in the amount of $1,300,000 for the defendants' failure to transport each plaintiff to the Oregon State Hospital resulting in extended punitive detention of each plaintiff in violation of the Fourteenth Amendment to the United States Constitution.

(4) An award of plaintiff's reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988;

(5) All such other and further relief as this Court deems just and proper.

**DATED** this 9th day of November, 2021.

By: s/ Ethan Levi
**Ethan Levi**, OSB No. 994255
Attorney for Plaintiffs