

Emily Cooper OSB #182254
ecooper@droregon.org
Thomas Stenson OSB #152894
tstenson@droregon.org
**Disability Rights Oregon**
511 SW 10th Avenue, Suite 200
Portland, Oregon 97205
(503) 243-2081
*Counsel for Plaintiff, Disability Rights Oregon*

Jesse Merrithew OSB #074564
jesse@lmhlegal.com
**Levi Merrithew Horst PC**
610 SW Alder Street, Suite 415
Portland, Oregon 97205
(971) 229-1241
*Counsel for Plaintiff, Metropolitan Public Defender*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON, <br><br> Plaintiffs, <br><br> v. <br><br> PATRICK ALLEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital, <br><br> Defendants. | Case No.  3:02-cv-00339-MO (Lead Case) <br> Case No.  3:21-cv-01637-MO (Member Case) <br><br> PLAINTIFFS' RESPONSE IN OPPOSITION TO HOSPITALS' MOTION TO DISSOLVE OR MODIFY INJUNCTIONS |

| | |
|---|---|
| JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON,<br><br>      Plaintiffs,<br><br>      v.<br><br>DOLORES MATTEUCCI, Superintendent of the Oregon State Hospital, in her individual and official capacity, PATRICK ALLEN, Director of the Oregon Health Authority, in his individual and official capacity,<br><br>      Defendants. | Case No.  3:21-cv-01637-MO (Member Case) |

**PLAINTIFFS' OPPOSITION TO HOSPTIAL INTERVENORS' MOTION TO DISSOLVE OR MODIFY INJUNCTIONS**

Several major Oregon hospital corporations filed a motion under Rule 65(b)(4) to dissolve or modify the August 16 and September 1, 2022 injunctions in the present matter. ECF 284, at 9. The August 16 injunction was dissolved entirely in the intervening time. ECF 306. Plaintiffs will not address the arguments regarding the August 16 injunction, and focus solely on the September 1 injunction. The September 1 injunction was based in sound evidence and does not violate the rights of the hospitals. The September 1 injunction also does not violate the rights of the hospitals' patients, even assuming the hospitals can properly represent those patients (which they cannot). Hospital Intervenors have brought a motion on improper, incoherent grounds and failed to discuss or allege a proper theory for relief. Hospital Intervenors have failed to adduce any admissible evidence to support their motion. For these reasons, their motion should be denied.

### ARGUMENT

#### I.    Intervenors Have Brought a Motion on Incoherent Grounds

Hospital Intervenors have brought a motion on grounds that do not apply to the order they challenge. Hospital Intervenors state that they bring their motion on the basis of Rule

Page 2 -   PLAINTIFFS' RESPONSE IN OPPOSITION TO HOSPITALS' MOTION TO DISSOLVE OR MODIFY INJUNCTIONS
       131840778

65(b)(4). ECF 284, at 9. However, Rule 65(b)(4) only applies to motions to dissolve temporary restraining orders issued without notice. Fed. R. Civ. Pro. 65(b) ("Temporary Restraining Order"); Fed. R. Civ. Pro. 65(b)(4)(allowing dissolution of a TRO on two days notice "to the party who obtained the order without notice"). Hospital Intervenors make no effort to explain why the provisions of rule 65(b)(4) should apply to the injunction issued in the present matter. The September 1 injunction was not a temporary restraining order and was made with notice to both parties and after a hearing.

To the extent any claim could be made to bring the motion to dissolve or modify the September 1 injunction, Rule 60 would govern such a motion. Under Rule 60, the Court may "relieve a party or its legal representative from a final judgment, *order*, or proceeding" after making findings for certain enumerated reasons. Fed. R. Civ. Pro. 60(b)(emphasis added). Hospital Intervenors do not cite to Rule 60 nor explain why their arguments fit within the restrictions imposed by Rule 60. In order to pursue relief under Rule 60, Hospital Intervenors would have to allege specifically that they fall within the designated grounds for relief from the order, such as the judgment being void, newly discovered evidence, or some other qualifying reasons identified by rule. Fed. R. Civ. Pro. 60(b). If a party's "passing reference" to rule 60(b) in its brief was insufficient to grant relief, it must be more certain that a party failing to discuss Rule 60 at all cannot obtain relief. *Caruso v. Washington State Bar Ass'n*, No. C17-00003RSM, 2017 WL 3236606, at *2 (W.D. Wash. July 31, 2017), *aff'd sub nom. Caruso v. Washington State Bar Ass'n 1933*, 716 F. App'x 650 (9th Cir. 2018). The Hospital Intervenors have not mentioned Rule 60 at all. Plaintiffs will not guess which provision or provisions of Rule 60 Hospital Intervenors might wish they had invoked, had they stated a proper basis for their motion.

The Court cannot grant relief to the Hospital Intervenors under Rule 65(b)(4), because Rule 65(b)(4) does not apply to an injunction other than a temporary restraining order issued without notice to a party. Fed. R. Civ. Pro. 7(b)(1)(B) (A motion must "state with particularity the grounds for seeking the order."). Hospital Intervenors have not raised any arguments or produced any evidence to explain why their motion would meet the requirements of Rule 60(b). *Drucker v. Ommen*, No. SACV040174ABCPJWX, 2010 WL 11526879, at *2 (C.D. Cal. Jan. 28, 2010) (party who "failed to cite to Rule 60" and "failed to provide sufficient evidentiary support for his factual contentions . . . has not borne his burden of establishing that modification is proper"). It would be plain error to grant relief to Hospital Intervenors under a rule that does not apply, or to grant them relief under a rule they have not cited nor discussed.

## II.     The Court Must Disregard Large Portions of the Supposed Factual Background Posited by Intervenors, as Virtually None of the Alleged Facts Are Supported by Admissible Evidence

The motion before the Court (ECF 284) contains extensive, unsupported allegations of the practices in hospitals, the needs of people with disabilities, the clinical posture of patients in both private hospitals and the Oregon State Hospital with no attempt to link the allegations to admissible evidence. *Lab. Comm'r v. Johnson*, No. 2:16-BK-26052-BR, 2019 WL 3237507, at *3 (C.D. Cal. July 18, 2019) (Rule 60 motion properly denied where "unsupported by competent evidence"); *Rope v. Facebook, Inc.*, No. 14-04900-UA (VBK), 2015 WL 13918863, at *2 (C.D. Cal. Aug. 10, 2015)(stating, regarding a Rule 60 motion: "Without supporting evidence, Plaintiff's arguments are bald and conclusory."). To justify many of these allegations would require an expert opinion. Intervenors have not put forward citation to admissible evidence, nor a single putative expert to support their motion.

The sweeping, unsupported generalizations lack any footnote or citation even purporting to

support factual allegations. For instance, intervenors allege without citation or support that "Where civilly committed patients are abandoned in acute care hospitals, they do not receive appropriate long-term treatment." ECF 284, at 15. "Acute care hospitals are simply not able to provide the kind of long-term care needed for civilly committed patients not just to be stabilized but to recover so that their liberty no longer needs to be restrained." *Id.* Large portions of the brief consist of vague assertions of psychiatric prognosis for a wide variety of patients, who may receive a wide variety of care in private hospitals. These questions are points of fact and opinion which are subject to dispute. When, whether, and to what extent those allegations may be true are not a matter that the court can take judicial notice of. The Court cannot rely on completely unsupported allegations.

In support of its motion to intervene, Hospital Intervenors submitted a declaration from Alicia Beymer. ECF 282. To the extent the Hospital Intervenors intend to rely on that declaration to support the allegations in the motion to dissolve the injunction as well, that declaration also does not contain admissible evidence, because the opinions offered, such as those cited above, would require expertise, as a lay person would not be able to opine on such topics. *Compare* Fed. R. Evid. 701 *with* Fed. R. Evid. 702. Ms. Beymer is identified as the Chief Administrative Officer for PeaceHealth. ECF 282, at 1. She reported that she testified in her personal knowledge, but her declaration provides no evidence of any medical training. *Id.* She does not explain the basis for her sweeping opinions, nor give the Court any basis to believe that she could offer expert testimony. Hospital Intervenors do not allege that she is an expert. Based on her public biography on the Peace Health website, her educational history includes a bachelor's degree in

sociology and a master's in business administration.[1] She reports no clinical experience as a psychiatrist or psychologist, nor any mental health training whatever. *Id.* She is not an expert in behavioral health. The Court may ask itself why four healthcare corporations couldn't find a single clinician to opine for this purpose, but relied instead on an administrator to support their proposed set of facts.

The intervenors must produce competent evidence to support their motion to dissolve the injunction, not a collection of unsupported allegations and a single unqualified lay person offering expert opinions. This matter has been proceeding under the guidance of a court-appointed expert. The putative intervenors attempt to pick apart the expert's report, but do not offer a single expert voice of their own. In the absence of admissible evidence, the motion must be denied.

### III. Conclusion

Hospital Intervenors' motion to dissolve the September 1 injunction should be denied. They have filed a motion under a rule that does not apply to the challenged order and have failed to make any argument or showing that their motion properly fits under the rule which would apply. They have failed to produce admissible evidence in support of their allegations. Plaintiffs decline to respond to any of the other argument in the motion because Hospital Intervenors fail to explain how those arguments relate to a proper basis for the motion. Plaintiffs will not attempt to respond by guessing about the contents of the motion that Hospital Intervenors should have filed. Since the Hospital Intervenors instead filed the motion now before the Court, the motion actually filed must be denied.

---

[1] *See* PeaceHealth, Cottage Grove Oregon Regional Leadership Team Biography *at* https://www.peacehealth.org/hospitals/cottage-grove-community-medical-center/about.

DATED November 3, 2022.

                    LEVI MERRITHEW HORST PC

                    /s *Jesse Merrithew*
                    Jesse Merrithew OSB # 074564
                    jesse@lmhlegal.com
                    610 SW Alder Street, Suite 415
                    Portland, Oregon 97205
                    Telephone: (971) 229-1241
                    Facsimile: (971) 544-7092

                    *Counsel for Plaintiffs Metropolitan Public Defender, Jarrod Bowman, and Joshawn Douglas-Simpson*

                    DISABILITY RIGHTS OREGON

                    /s *Emily Cooper*
                    Emily Cooper OSB # 182254
                    ecooper@droregon.org
                    Thomas Stenson, OSB # 152894
                    tstenson@droregon.org
                    511 SW 10th, Suite 200
                    Portland OR 97205
                    Tel:    (503) 243 2081
                    FAX:  (503) 243 1738

                    *Counsel for Plaintiff Disability Rights Oregon*