IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAROD BOWMAN, JOSHAWN
DOUGLAS-SIMPSON,

           Plaintiffs,

   v.

DELORES MATTEUCCI, Superintendent
of the Oregon State Hospital, in her official
capacity, PATRICK ALLEN, Director of
the Oregon Health Authority, in his official
capacity;

           Defendants.

No. 3:21-cv-01637-HZ

ORDER

HERNÁNDEZ, District Judge:

    Plaintiffs Jarod Bowman and Joshawn Douglas-Simpson bring this action against Dolores Matteucci, in her official capacity as Superintendent of the Oregon State Hospital, and Patrick Allen, in his official capacity as Director of the Oregon State Hospital ("Defendants"). Plaintiffs are criminal defendants who have been adjudicated "Guilty Except for Insanity" ("GEI") by the Multnomah County Circuit Court. Judge Waller ordered that

1 – OPINION & ORDER

Defendants transport the Plaintiffs to the Oregon State Hospital ("OSH") for treatment, without unreasonable delay. Yet Plaintiffs remain imprisoned at the Multnomah County Detention Center ("MCDC"). Plaintiff Bowman has remained at MCDC for nearly eight months after he was ordered committed; Plaintiff Douglas-Simpson has remained at MCDC for nearly six months after he was ordered committed. Plaintiffs allege that this ongoing imprisonment, without adequate mental health treatment resources, violates their substantive due process rights. In their motion for a Temporary Restraining Order, Plaintiffs have asked this Court to order Defendants to transport plaintiffs to the Oregon State Hospital within seven days of the signing of this order.

## STANDARD

Under Rule 65(b), a TRO may issue without notice to the opposing party or its attorney only if the movant shows (1) through "specific facts in an affidavit or a verified complaint" that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[,]" and (2) that "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Here, the Defendants filed a response to Plaintiffs' motion and the Court held a telephone conference with both parties.

The standard for a temporary restraining order (TRO) is "essentially identical" to the standard for a preliminary injunction. *Chandler v. Williams*, No. CV 08-962-ST, 2010 WL 3394675, at *1 (D. Or. Aug. 26, 2010) (citing *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)); *see also Daritech, Inc. v. Ward*, No. CV–11-570–BR, 2011 WL 2150137, at * 1 (D. Or. May 26, 2011) (applying preliminary injunction standard to motion for TRO). "A plaintiff seeking a preliminary injunction must establish that he is likely

to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008)). "The elements of [this] test are balanced, so that a stronger showing of one element may offset a weaker showing of another. For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Similarly, serious questions going to the merits, coupled with a balance of equities that tips sharply in a plaintiff's favor, will support the issuance of an injunction if the other elements of the test are met. *Id*. at 1134–35 (internal citations omitted). Still, a TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

### DISCUSSION

*Likelihood of Success on Merits*. "Incapacitated criminal defendants have liberty interests in freedom from incarceration and in restorative treatment." *Oregon Advoc. Ctr. v. Mink*, 322 F.3d 1101, 1121–22 (9th Cir. 2003). "The Supreme Court has recognized that an individual has a liberty interest in being free from incarceration absent a criminal conviction." *Id*. (internal citations and quotation marks omitted). "Because incapacitated criminal defendants have not been convicted of any crime, they have an interest in freedom from incarceration ....... [and] [t]hey also have a liberty interest in receiving restorative treatment." *Id*. The Ninth Circuit has held that "committed persons must be provided with mental health treatment that gives them a realistic opportunity to be cured or improve the mental condition for which they were confined." *Id*. (internal quotation marks and citations omitted). "Lack of funds, staff or facilities

cannot justify the State's failure to provide [such persons] with [the] treatment necessary for rehabilitation." *Id*.

Whether the substantive due process rights of incapacitated criminal defendants have been violated must be determined by balancing their liberty interests in freedom from incarceration and in restorative treatment against the legitimate interests of the state. *Id.; see also Youngberg v. Romeo*, 457 U.S. 307, 321 (1982).

As in *Mink*, "[Defendants] has not advanced, nor do[es this Court] discern, a legitimate state interest in keeping mentally incapacitated criminal defendants locked up in county jails for weeks or months." 322 F.3d at 1122. Because they remain in the MCDC, Plaintiffs remain incarcerated—and are thus being punished without being convicted—and they do not receive any restorative treatment. Defendants likely violate the substantive due process rights of Plaintiffs when they refuse to admit them in a timely manner. And lack of space or funding is no excuse.

Responding to the Plaintiffs' motion, Defendants focus—almost exclusively—on the lack of space at OSH. Under *Mink*, this is not a legitimate interest and cannot justify Defendants' failure to admit GEI patients like Plaintiffs. *Id*. at 1122. Indeed, Defendants tender no legitimate interest in letting Plaintiffs languish and offer no argument on the merits of Plaintiffs' constitutional claims. Thus, Plaintiffs establish a likelihood of success on the merits.

*Irreparable Harm*. Without a temporary restraining order, Plaintiffs will continue to be unconstitutionally jailed. The deprivation of any constitutional right is alone sufficient to establish irreparable harm, and this harm is especially acute where a person is incarcerated in violation of his or her constitutional rights. *See Zadvydas v. Davis*, 533 U.S. 678, 290 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) ("It is well established that the

deprivation of constitutional rights unquestionably constitutes irreparable injury." (internal citations and quotation marks omitted)).

*Balance of Equities.* "To qualify for injunctive relief, the plaintiffs must establish that "the balance of equities tips in [their] favor." *Winter,* 129 S.Ct. at 374. In assessing whether the plaintiffs have met this burden, the Court has a "duty ... to balance the interests of all parties and weigh the damage to each." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1138 (9th Cir. 2009). As noted above, Defendants have no legitimate interest in refusing to transfer Plaintiffs and thus provide the requisite mental health treatment. And the Plaintiffs have a strong interest in receiving the benefits of their constitutional rights. This factor weighs in Plaintiffs' favor.

The Court understands Defendants' argument that the TRO should be denied because it is a "piecemeal solution that will not solve the problem" as a balancing-the-equites argument. Defs. Resp. 9. The unsolved problem that Defendants reference is the exceptionally long waiting times for *all* GEI patients—not just Plaintiffs. According to Defendants, GEI patients' constitutional rights are being continuously violated largely because of the ongoing injunction in *Oregon Advocacy Center v. Mink*, 3:02-cv-00339-MO, which compels OSH to admit aid-and-assist patients within a set timeframe.[1] Defendants assert that the *Mink* injunction "order[ed] OSH to admit [aid-and-assist] patients first," before GEI patients. Defs. Resp. 7. That is false. The *Mink* injunction does not address the relative priority of aid-and-assist patients and GEI patients. If OSH cannot admit GEI patients while admitting aid-and-assist patients within the court-ordered timeframe, it's because OSH lacks the space and the funding to do so—not because the *Mink* order compels it to prioritize one group over another. In other words, any prioritization stems from Defendant's failure to provide the funds, staff, and facilities necessary to satisfy the

---

[1] Aid-and-assist patients are people who have been arrested but are unable to assist in their defense and, correspondingly, have been committed to OSH.

5 – OPINION & ORDER

*constitutional rights* of both groups. When satisfying constitutional guarantees, Defendants cannot rob Peter to pay Paul.

Finally, although the Court agrees with Defendants that it may make sense to consolidate this case with the aid-and-assist litigation in *Mink*, the attendant convenience of consolidation offers no reason for the Court to ignore the ongoing violations of Plaintiffs' rights currently before the Court. Defendants remain free to seek consolidation, but it has no effect on Plaintiffs' present motion.

*Public Interest.* "It is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012). Defendants offer no public interest in continuing the violation of Plaintiffs' rights and the Court discerns none.

## CONCLUSION

Plaintiffs' Motion for a Temporary Restraining Order [2] is granted.[2] This Temporary Restraining Order will expire within 14 days of its issuance. A hearing on the preliminary injunction will be scheduled at the earliest possible time after conferring with the parties.

IT IS SO ORDERED.

DATED:___November 15, 2021___.

*[signature]*
MARCO A. HERNÁNDEZ
United States District Judge

---

[2]Defendants do not request that the Plaintiffs enter a bond, *see* Federal Rule of Civil Procedure 65(c), and the Court detects no evidence that Defendants will suffer damages from this Temporary Restraining Order. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003). Thus, the Court concludes no bond is required.

6 – OPINION & ORDER