**Eric J. Neiman, OSB #823513**
Eric.Neiman@lewisbrisbois.com
**Emma P. Pelkey, OSB #144029**
Emma.Pelkey@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800
Facsimile: 971.712.2801

**Thomas R. Johnson, OSB #010645**
TRJohnson@perkinscoie.com
**Alex Van Rysselberghe, OSB #174836**
AVanRysselberghe@perkinscoie.com
PERKINS COIE, LLP
1120 NW Couch Street, Tenth Floor
Portland, OR 97209
Telephone: 503.727.2000
Facsimile: 503.727.2222

*Attorneys for Intervenors and Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDERS INCORPORATED, and A.J. MADISON,

Plaintiffs,

v.

PATRICK ALLEN, in his official capacity as Director of Oregon Health Authority, DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital,

Defendants,

and

Case No. 3:02-cv-00339-MO (Lead Case)
Case No. 3:21-cv-01637-MO (Member Case)
Case No. 6:22-CV-01460-MO (Member Case)

**DECLARATION OF RON LAGERGREN IN SUPPORT OF INTERVENORS' MOTION TO DISSOLVE OR MODIFY SEPTEMBER 1, 2022 INJUNCTION**

**By Intervenors and Plaintiffs Legacy Emanuel Hospital & Health Center d/b/a Unity Center for Behavior Health, Legacy Health System, PeaceHealth, and Providence Health & Services – Oregon**

***Oral argument: November 21, 2022, 1:30 PM***

DECLARATION OF RON LAGERGREN IN SUPPORT OF INTERVENORS' MOTION TO DISSOLVE OR MODIFY SEPTEMBER 1, 2022 INJUNCTION

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000 • Fax: +1.503.727.2222

159134324.1 4875-4316-3710.1

| | |
|---|---|
| LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH, LEGACY HEALTH SYSTEM, PEACEHEALTH, and PROVIDENCE HEALTH & SERVICES – OREGON,<br><br>Intervenors. | |
| JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON,<br><br>Plaintiffs,<br><br>v.<br><br>DOLORES MATTEUCCI, Superintendent of the Oregon State Hospital, in her individual and official capacity, PATRICK ALLEN, Director of the Oregon Health Authority, in his individual and official capacity,<br><br>Defendants,<br><br>and<br><br>LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH LEGACY HEALTH SYSTEM, PEACEHEALTH, and PROVIDENCE HEALTH & SERVICES,<br><br>Intervenors. | Case No. 3:21-cv-01637-MO (Member Case) |
| LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES OREGON,<br><br>Plaintiffs,<br><br>v.<br><br>PATRICK ALLEN, in his official capacity as Director of Oregon Health Authority,<br><br>Defendant. | Case No. 6:22-CV-01460-MO (Member Case) |

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000 • Fax: +1.503.727.2222

I, Ron Lagergren, do hereby declare as follows:

1. I am the Director of Clinical Operations at Unity Center for Behavioral Health. This declaration is based on personal knowledge.

2. Unity has seen four patients who were released from OSH pursuant to the September 1, 2022, injunction order in this case.

3. In October 2022, a patient suffering from paranoid schizophrenia was transported from OSH directly to Unity on a magistrate hold and detainer. He was a highly acute patient who spent a significant amount of time in seclusion at OSH due to potential violence. Unity received no notice of the transfer from OSH. One day before the transfer, Union County staff notified Unity that it would take place. When Unity reached out to OSH for more information, OSH explained that this was a violent patient who had spent a large amount of time in seclusion even at OSH. OSH verbally agreed that if the patient was civilly committed they would be allowed back into OSH as an expedited admission. The patient was at Unity for nearly two weeks, during which time he hit a staff person 28 times. He was ultimately civilly committed and returned to OSH under the expedited admission process.

4. In November 2022, a schizophrenic patient charged with arson was discharged from OSH to Washington County Jail, and subsequently placed on a magistrate's hold and warrant of detention and sent to Unity. Unity and the Washington County commitment investigator found that he was not an imminent threat to himself or others and did not meet the criteria for a civil commitment. Washington County Jail refused to take him back and he was discharged to a hotel in Washington county. His whereabouts are currently unknown. This patient will likely go untreated in the community, leading to decompensation, which creates a high risk of either reoffending and ending up in jail or being readmitted to acute hospital care under a commitment.

5. In October 2022, a schizophrenic patient who had been charged with unlawful use of a weapon and attempted assault was discharged from Oregon State Hospital to Clackamas

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000 • Fax: +1.503.727.2222

County Jail. While at OSH he was continuing to evidence paranoia and delusional thoughts. The Clackamas County Sheriff's Office placed him on a magistrate's hold and warrant of detention and transferred him to Unity in early November 2022. There was no advance notice to Unity. He lacks insight into mental illness and stated that he will stop medications in the future. He is currently admitted to Unity under a civil commitment.

6. In November 2022 a patient with schizoaffective disorder was released from OSH to Multnomah County Detention Center, where he was placed on a magistrate's hold and transferred to Unity solely based on his history at OSH. He does not have a detainer in place. He is also not presenting with any acute symptoms at Unity and currently does not meet the criteria for a civil commitment. Unity received no notice in advance of receiving this patient, and has no OSH records or information about the patient's criminal record. A residential treatment facility is recommended for this patient; however, it takes months to be admitted to one. Since this patient is not exhibiting acute symptoms needing continued acute hospital treatment, he will be released back to the community with limited outpatient supports. Without robust supports, this patient is at risk of decompensating and returning to the hospital and likely needing a commitment.

7. Acute inpatient providers are required by licensure to have a diverse workforce that includes many licensed professionals, such as nurses, physicians, pharmacists, peers, therapists, and social workers. Community acute inpatient providers are trained and prepared to provide short-term crisis intervention care. Unity's workforce entered the behavioral health field because above all else, we want to help others.

8. There has been a drastic change in patient population and care model expectations since the fall of 2019. This has not only negatively impacted overall hospital operational performance, but diminished staff engagement resulting in increased staff turnover and deteriorating financial sustainability. Staff have been increasingly subjected to worsening violence-in-the-workplace episodes, lengthening adult inpatient hospital stays and increasing

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000 • Fax: +1.503.727.2222

moral distress in being unable to find appropriate discharge services and placement for our patient population.

9. The increase in volume of civilly committed patients at Unity resulting from this Court's orders has not only increased the risk of violence to our providers and other patients, but it has also resulted in additional need for one-to-one care (meaning one staff member being placed with one patient around the clock). This has decreased the overall unit capacity and decreased our ability to meet community needs.

10. OSH's expedited admission criteria does not address these problems. Most recently, we requested that OSH accept a violent patient with Schizoaffective Disorder, Bipolar Type under OSH's expedited admission process. This patient has been at Unity on and off for over 177 days in the last year. He is highly unpredictable and explosive as it relates to his symptom acuity and level of violence. There have been numerous instances where there are seemingly little triggers or warning signs prior to attack. The patient has engaged in over five altercations with peers on unit (involving verbal threatening, screaming, lunging, and choking) which has necessitated several transfers of peers to different Units to control the situation. He has lunged at an officer and choked him; even after others came to assist, it was extremely difficult to remove the patient from the officer. This patient's delusional thought content is typically centered on his need to "protect" an unseen family member, and he often targets a presumed "offender" on the Unit to resolve his internal conflict. These delusions appear intractable in nature. The chronic severity cannot be effectively managed by acute care staff, presenting an ongoing danger to the milieu. Because of his level of violence, multiple secure residential treatment facilities have refused to take him. Unity asked OSH to accept him under the expedited admission criteria, but OSH denied the request. Because there are no placement options, this patient remains in acute care treatment, which is not the appropriate level of care.

11. Unity and similar community acute care hospitals are nonprofit organizations that stay afloat financially through reimbursements by insurance companies, the State, or federal

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000 • Fax: +1.503.727.2222

programs like Medicaid and Medicare. Providing acute behavioral healthcare for patients with acute mental illnesses is expensive, especially when a patient remains at a hospital for long periods of time. OHA has abandoned numerous civil commitment patients in Unity's care yet has provided inadequate reimbursement for those civil commitment patients that does not come close to covering the true cost of those patients' care. As a consequence, the acute care hospitals suffer steep annual losses, putting a massive strain on not only the behavioral healthcare services they provide but also patient care generally, while otherwise threatening the viability of the acute care hospitals' essential role as acute care hospitals within Oregon's mental health system.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

November 17, 2022

*s/ Ron Lagergren*
Ron Lagergren, MSW, LCSW
Director of Clinical Operations
Unity Center for Behavioral Health

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000 • Fax: +1.503.727.2222