**Ethan Levi**, OSB No. 994255
Email: ethan@lmhlegal.com
**Jesse Merrithew**, OSB No. 074564
Email: jesse@lmhlegal.com
**Norah Van Dusen**, OSB No. 180114
Email: norah@lmhlegal.com
Levi Merrithew Horst PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
Telephone: (971) 229-1241
Facsimile: (971) 544-7092

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| METROPOLITAN PUBLIC DEFENDER SERVICES, INC., JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON,<br><br>Plaintiffs,<br><br>vs.<br><br>DELORES MATTEUCCI, Superintendent of the Oregon State Hospital, in her individual and official capacities, PATRICK ALLEN, Director of the Oregon Health Authority, in his individual and official capacities,<br><br>Defendants. | Case No.  3:21-cv-1637-MO<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>(Civil Rights – Violation of the Due Process Clause of the 14th Amendment to the United States Constitution)<br><br>**INJUNCTIVE RELIEF, DECLARATORY RELIEF AND DAMAGES** |

INTRODUCTION

1.     This is plaintiffs' First Amended Complaint. It includes a new organizational plaintiff, Metropolitan Public Defender Services, Inc. ("MPD"). It also strikes the individual plaintiffs' request for injunctive relief because those claims are now moot.

PLAINTIFFS' FIRST AMENDED COMPLAINT - 1
(3:21-cv-1637-MO)

Levi Merrithew Horst PC
610 SW Alder St. Suite 415
Portland, OR 97205
T: 971.229.1241 | F: 971.544.7092

2. The individual plaintiffs are members of a category of people who have been found "guilty except for insanity" ("GEI") and ordered promptly admitted to the Oregon State Hospital ("OSH") but who the OSH had or has refused to admit and have been or remain punitively incarcerated in county jails. When the individual plaintiffs filed their initial complaint in this matter on November 9, 2021, each had been detained in jail for at least six months following their commitment to OSH. On November 15, 2021, this Court issued a temporary restraining order mandating that defendants immediately admit the individual plaintiffs to the OSH. The following day, the defendants transported plaintiffs to the OSH. The individual defendants are suing for damages resulting from their unconstitutional and punitive detention following their GEI adjudication.

3. At the time this Court issued its temporary restraining order, approximately 26 other people who had been adjudicated GEI were also waiting to be admitted and transported to the OSH and had been unreasonably held in county jails throughout the state. More people in this category are likely to be adjudicated GEI and ordered admitted to OSH in the future.

4. MPD is a non-profit corporation whose purpose is to represent indigent defendants in active criminal cases throughout Multnomah and Washington counties. An MPD attorney represented Mr. Bowman in his criminal case, until he was found GEI and continued to represent him while he languished for months in the Multnomah County Jail, filing for him two contempt actions. MPD brings this action on its own behalf because defendants' practices, as alleged in this case, force MPD to divert resources from its core mission – to represent those accused of crimes – in order to file contempt actions on behalf of GEI clients who are no longer in the criminal system, in order to compel defendants to admit and transport the GEI clients to the OSH from jails.

PLAINTIFFS' FIRST AMENDED COMPLAINT - 2
(3:21-cv-1637-MO)

Levi Merrithew Horst PC
610 SW Alder St. Suite 415
Portland, OR 97205
T: 971.229.1241 | F: 971.544.7092

5. MPD seeks declaratory and injunctive relief. MPD seeks an order declaring defendants' practice of refusing to admit and transport people who have been found "guilty except for insanity" more than seven days after their adjudication unconstitutional. MPD seeks a preliminary and permanent injunction ordering defendants to admit and transport people who have been found GEI and ordered admitted to the OSH, within seven days of the commitment order.

## JURISDICTION

6. This Court has federal question jurisdiction under 28 U.S.C. §§1331 and 1343, in that this is an action arising under the Fourteenth Amendment to the United States Constitution. This court has jurisdiction to award declaratory and injunctive relief pursuant to 42 U.S.C. §1983.

7. Venue is appropriate in this Court under 28 U.S.C. §1391(b)(2) since a substantial number of events that gave rise to this complaint occurred in this district.

## PARTIES

8. Plaintiff Jarod Bowman was a defendant in a Multnomah County criminal case, 19CR81195. On March 10, 2021, Multnomah County Circuit Judge Nan Waller adjudicated plaintiff guilty except for insanity and ordered the Multnomah County Sheriff to transport plaintiff to the OSH without unreasonable delay. Despite the trial court's order and subsequent findings of contempt, the OSH did not admit plaintiff into the OSH until November 16, 2021 and as a result, he was held in jail.

9. Plaintiff Joshawn Douglas-Simpson was a defendant in a Multnomah County criminal case, 18CR21237. On May 5, 2021, Multnomah County Circuit Judge Nan Waller adjudicated plaintiff guilty except for insanity and ordered him transported to the OSH immediately. Despite the trial court's order and subsequent findings of contempt, the OSH did not admit plaintiff until November 16, 2021 and as a result, he was held in jail.

PLAINTIFFS' FIRST AMENDED COMPLAINT - 3
(3:21-cv-1637-MO)

Levi Merrithew Horst PC
610 SW Alder St. Suite 415
Portland, OR 97205
T: 971.229.1241 | F: 971.544.7092

10. Plaintiff MPD is a private, non-profit organization whose core purpose is to represent indigent people accused of crimes in the Portland metropolitan area. MPD represented Mr. Bowman in his criminal case that resulted in his GEI finding. For nearly eight months after his GEI adjudication, MPD used its attorneys and resources to file contempt actions against defendants to compel them to transport Mr. Bowman from the Multnomah County Jail to the OSH. In addition to Mr. Bowman, MPD represented several other similarly situated clients who had been adjudicated GEI but had languished in local jails for months while MPD attorneys expended resources pursuing contempt actions against the defendants. This diversion of resources impaired the interests of MPD's other criminal defense clients because attorneys, legal assistants and other resources were diverted from MPD's core mission – people with active criminal cases - to the mission of helping Mr. Bowman and other similarly situated people – people no longer in the criminal justice system.

11. Defendant Dolores Matteucci is the Superintendent of the OSH, the facility where defendants who have been adjudicated GEI are housed when they are committed and found to be dangerous. As such, she is directly responsible for ensuring that the OSH takes custody of persons adjudicated as guilty except for insanity and that it operates in compliance with federal law. She is sued in her official and individual capacities for her actions under color of state law.

12. Defendant Patrick Allen is the Director of the Oregon Health Authority ("OHA") which oversees the function and management of the OSH. He is responsible for ensuring that the OSH is properly managed and functions in compliance with federal and state law. He is sued in his official and individual capacities for his actions under color of state law.

PLAINTIFFS' FIRST AMENDED COMPLAINT - 4
(3:21-cv-1637-MO)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

FACTUAL ALLEGATIONS

13. On March 10, 2021, Mr. Bowman was found guilty GEI after a stipulated facts trial in front Multnomah Circuit Court Judge Nan Waller in case number 19CR81195.

14. On March 12, 2021, Judge Waller issued her written judgment which found, "as a result of a qualifying mental disorder at the time of engaging in criminal conduct, the defendant (plaintiff Bowman) lacked a substantial capacity either to appreciate the criminality of the conduct or to conform his/her conduct to the requirements of law; that the defendant would have been guilty of a felony during a criminal episode, and; that because of the defendant's qualifying mental disorder, he/she presents a substantial danger to others and is not a proper subject for conditional release at this time, and requires commitment to a state mental hospital."

15. Judge Waller further ordered that "the defendant (plaintiff Bowman) be, and he/she hereby is, committed to the custody of the state mental hospital and that the Multnomah County Sheriff shall transport said defendant to said hospital without unreasonable delay."[1]

16. On May 5, 2021, Douglas-Simpson was found GEI following a stipulated facts trial to Multnomah County Circuit Court Judge Nan Waller in case number 18CR21237. Judge Waller ordered that plaintiff Douglas-Simpson be immediately transported to the OSH.

17. The defendants never admitted plaintiffs to the OSH as Judge Waller ordered on March 10, 2021 and May 5, 2021 and as of June 4, 2021, both plaintiffs remained jailed at the

---

[1] Although under Judge Waller's March 10, 2021 GEI finding, the Multnomah County Sheriff is charged with transporting plaintiff to the Oregon State Hospital, the Multnomah County Sheriff will only transport a prisoner to the Oregon State Hospital if the Oregon State Hospital will accept that prisoner. In the first contempt proceeding, the parties stipulated that the Multnomah County Sheriffs' Office does not have the ability to transfer plaintiff to the Oregon State Hospital because the Oregon State Hospital is in complete control of admissions and had not given approval to the Multnomah County Sheriff's Office to transport plaintiff.

PLAINTIFFS' FIRST AMENDED COMPLAINT - 5
(3:21-cv-1637-MO)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

Multnomah County Detention Center.

18. On June 4, 2021, Plaintiffs' criminal defense lawyers filed a motion for an order to show cause as to why the OSH and the OHA should not be found in contempt based on their failure to admit and take custody of plaintiffs.

19. In July, 2021, Judge Waller held a contempt hearing. At that contempt hearing, the defendants argued that they should not be found to be in willful contempt because the OSH was at 95% capacity and they simply did not have room for plaintiffs. The defendants also argued that a federal injunction from 2002, in *Oregon Advocacy Center v. Mink*[2], mandated that the defendants prioritize the transport of other mentally-ill prisoners – those who had been found unable to aid and assist – over prisoners similarly situated to the plaintiffs. Despite these arguments, Judge Waller found the OSH and OHA in willful contempt of her order. The court found that the OSH had the bed space and means to comply with its order but instead chose not to comply.

20. On September 22, 2021, Judge Waller issued her written order of contempt: "It is hereby ordered that Mr. Bowman and Mr. Douglas-Simpson [plaintiffs] be transported and admitted to OSH within 7 days of the date of this judgment. OSH shall deposit $100 for each day that Mr. Bowman and $100 for each day that Mr. Douglas-Simpson remain in custody of MCSO starting from September 10, 2021. OSH shall make the deposits to a Trust Fund with the Multnomah County Sheriff's Office to exclusively fund staff training for corrections staff on managing behavioral health issues of people in custody in Multnomah County Jails."

21. Seven days following this order (September 29, 2021) defendants still had not transported plaintiffs to the OSH.

---

[2] 3:02-cv-00339-PA

PLAINTIFFS' FIRST AMENDED COMPLAINT - 6
(3:21-cv-1637-MO)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

22. On October 1, 2021, plaintiffs filed a second motion for contempt against defendants. In plaintiffs' request for remedies they asked for, "(1) Payment of a sum of money of $500 a day paid directly to plaintiffs for the "loss, injury, and costs suffered by him as the result of the contempt of court; (2) payment of all or part of any attorney fees incurred by Mr. Bowman as the result of contempt, to be paid to the indigent defense fund; and (3) an order designed to ensure compliance with the prior court order."

23. On October 13, 2021, Judge Waller held a second contempt hearing. Judge Waller once again found defendants in contempt. Judge Waller ordered the OSH to transport plaintiffs within five days of the hearing and ordered it to pay $2,500 for each plaintiff for each day following October 18, 2021 that each plaintiff remained in the custody of the Multnomah County Sheriff.

24. As of the filing of the initial complaint in this matter, defendants had not transported plaintiffs from the Multnomah County Jail to the OSH for custody, care, and treatment.

25. While in the Multnomah County Jail, plaintiffs did not have access to the care and treatment that he could have availed himself of at the OSH.[3]

26. While at the Multnomah County Jail, plaintiffs did not and had not been evaluated by treatment providers and evaluators at the OSH.

27. While at the Multnomah County Jail, plaintiffs did not and had not been evaluated by mental health staff trained to determine whether plaintiffs continued to be a danger and therefore needed to be continued in custody, conditionally released, or discharged.

---

[3] In the contempt hearing, the Oregon State Hospital and the Oregon Health Authority stipulated that the Multnomah County Sheriff's jails are not state mental hospitals per the GEI statute, ORS 161.327(1)(a).

PLAINTIFFS' FIRST AMENDED COMPLAINT - 7
(3:21-cv-1637-MO)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

28. While at the Multnomah County Jail, plaintiffs did not and had not been provided with the care and treatment to ameliorate their symptoms such that the Psychiatric Security Review Board could approve a conditional release from the OSH to a lower custody level or release to the community. By not admitting and transporting plaintiffs to the OSH, defendants are responsible for this lack of care.

29. During the almost *eight months* plaintiff Bowman was incarcerated at the Multnomah County Jail following Judge Waller's order to transport him to the hospital and the court's two contempt findings, he suffered from mental health symptoms and his condition declined. Despite being ordered to the OSH for "custody, care, and treatment," under ORS 161.327, plaintiff was housed at the Multnomah County Jail, the opposite of a therapeutic environment, where instead of receiving court-ordered treatment, he was punished as a criminal and was denied care and treatment for his mental health disorders which led to his GEI findings. By not promptly admitting and transporting plaintiff to the OSH, defendants are responsible for plaintiff's decline.

30. As a direct result of defendants' refusal to transport plaintiff to the OSH, Bowman acted-out while at the Multnomah County Jail in response to his mental health symptoms, got into a fight with another inmate and was placed in solitary confinement, assigned a white smock and a higher, level 3, custody status. Plaintiff was deemed a "call for" when he appeared in court. This meant he was a high security risk at court appearances. When he appeared in court, he appeared in leg restraints and belly chains because the Sheriff alleged that he was mentally ill and presented a danger to others.

PLAINTIFFS' FIRST AMENDED COMPLAINT - 8
(3:21-cv-1637-MO)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

31. During the almost *six* months plaintiff Douglas-Simpson was incarcerated at the Multnomah County Jail following Judge Wallers order to transport him to the OSH, his mental health also declined. He was in suicide watch and was provided his proper medication.

32. In addition to the two individual plaintiffs, there are approximately 26 other people adjudicated "guilty except for insanity" who have not been promptly transported to the OSH and who remain in the custody of county jails throughout Oregon and who are not receiving adequate mental health care. These people are similarly situated to the individual plaintiffs and have been denied access to a therapeutic environment and exposed to a punitive one.

33. MPD represents the interests of these other people.

## CAUSES OF ACTION

## VIOLATION OF SUBSTANTIVE DUE PROCESS

34. Plaintiffs hereby incorporates all preceding paragraphs.

35. Due Process requires that the nature and duration of confinement must bear reasonable relation to the purpose for which an individual is committed.

36. Once a person is found to be guilty except for insanity and committed to the state hospital, the only lawful purpose of confinement is to treat that person until they are no longer mentally ill or no longer dangerous.

37. Due Process requires that a person found guilty but insane be detained only so long as they remain both mentally ill and dangerous.

38. Due Process requires mental health treatment, evaluation and assessment and the Multnomah County Jails does not have the means of providing the mental health treatment, evaluation and assessment required by the federal constitution.

PLAINTIFFS' FIRST AMENDED COMPLAINT - 9
(3:21-cv-1637-MO)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

39. Due Process requires that a plaintiff who has been adjudicated "guilty except for insanity" no longer be punished and treated with the rigor of a person imprisoned as a criminal.

40. Defendants have and are refusing to allow the prompt admission and transport of persons found GEI and ordered admitted to the OSH.

41. The defendants' failure to transport persons to the OSH has led to these persons' indefinite confinement in a punitive jail setting, without mental health treatment, in violation of their due process rights under the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs prays for judgments against defendants as follows:

(1) Preliminary and permanent injunctive relief requiring defendants to immediately accept physical custody of persons found GEI and ordered admitted to the OSH.

(2) A declaratory judgment declaring that defendants must accept physical custody of all persons found guilty except for insanity and committed to the OSH within seven days of such commitment.

(3) For damages in the amount of $1,300,000 for the defendants' failure to transport each plaintiffs Bowman and Douglas-Simpson to the OSH resulting in extended punitive detention of each plaintiff in violation of the Fourteenth Amendment to the United States Constitution.

(4) An award of plaintiff's reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

(5) All such other and further relief as this Court deems just and proper.

DATED this 27th day of January, 2022.

By: s/ Ethan Levi
**Ethan Levi**, OSB No. 994255
**Jesse Merrithew**, OSB No. 074564
**Norah Van Dusen**, OSB No. 180114
Attorneys for Plaintiffs

PLAINTIFFS' FIRST AMENDED COMPLAINT - 10
(3:21-cv-1637-MO)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092