**Eric J. Neiman, OSB #823513**
Eric.Neiman@lewisbrisbois.com
**Emma P. Pelkey, OSB #144029**
Emma.Pelkey@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800

**Thomas R. Johnson, OSB #010645**
Tom.Johnson@stoel.com
STOEL RIVES LLP
730 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone:  503.294.9466

**Alex Van Rysselberghe, OSB #174836**
AVanRysselberghe@perkinscoie.com
PERKINS COIE, LLP
1120 NW Couch 10th Floor
Portland, OR  97209
Telephone: 503.727.2000

*Attorneys for Intervenors and Plaintiffs*

Honorable Michael W. Mosman

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

DISABILITY RIGHTS OREGON,
METROPOLITAN PUBLIC DEFENDERS
INCORPORATED, and A.J. MADISON,

Plaintiffs,

v.

PATRICK ALLEN, in his official capacity as
Director of Oregon Health Authority,
DOLORES MATTEUCCI, in her official
capacity as Superintendent of the Oregon
State Hospital,

Defendants,

and

LEGACY EMANUEL HOSPITAL &
HEALTH CENTER d/b/a UNITY CENTER

Case No. 3:02-cv-00339-MO (Lead Case)
Case No. 3:21-cv-01637-MO (Member Case)
Case No. 6:22-cv-01460-MO (Member Case)

**PLAINTIFFS' BRIEF REGARDING
JUDICIAL NOTICE AND REQUEST FOR
ADDITIONAL JUDICIAL NOTICE**

**By Plaintiffs Legacy Emanuel Hospital &
Health Center d/b/a Unity Center for
Behavior Health, Legacy Health System,
PeaceHealth, Providence Health & Services
– Oregon, and St. Charles Health System**

ORAL ARGUMENT REQUESTED

PLAINTIFFS' BRIEF REGARDING
JUDICIAL NOTICE AND REQUEST
FOR ADDITIONAL JUDICIAL
NOTICE

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

**STOEL RIVES LLP**
760 SW Ninth Avenue, Suite 3000
Portland, Oregon 97205
Telephone: 503.294.9466

110973.0039\160318107

FOR BEHAVIORAL HEALTH, LEGACY
HEALTH SYSTEM, PEACEHEALTH, and
PROVIDENCE HEALTH & SERVICES –
OREGON,

      Intervenors.

---

| | |
|---|---|
| METROPOLITAN PUBLIC DEFENDERS INCORPORATED, JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON, <br><br>     Plaintiffs, <br><br>   v. <br><br> DOLORES MATTEUCCI, Superintendent of the Oregon State Hospital, in her individual and official capacity, PATRICK ALLEN, Director of the Oregon Health Authority, in his individual and official capacity, <br><br>     Defendants, <br><br>   and <br><br> LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH, LEGACY HEALTH SYSTEM, PEACEHEALTH, and PROVIDENCE HEALTH & SERVICES – OREGON, <br><br>     Intervenors. | Case No. 3:21-cv-01637-MO (Member Case) |
| LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; PROVIDENCE HEALTH & SERVICES – OREGON, and ST. CHARLES HEALTH SYSTEM <br><br>     Plaintiffs, <br><br>   v. <br><br> PATRICK ALLEN, in his official capacity as Director of Oregon Health Authority, <br><br>     Defendant. | Case No. 6:22-cv-01460-MO (Member Case) |

4891-6941-0636.1

PLAINTIFFS' BRIEF REGARDING JUDICIAL NOTICE AND REQUEST FOR ADDITIONAL JUDICIAL NOTICE

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

**STOEL RIVES LLP**
760 SW Ninth Avenue, Suite 3000
Portland, Oregon 97205
Telephone: 503.294.9466

110973.0039\160318107

Plaintiffs Legacy Emanuel Hospital & Health Center d/b/a Unity Center for Behavioral Health, Legacy Health System, PeaceHealth, Providence Health & Services – Oregon, and St. Charles Health System ("Health Systems") file this brief to address the documents this Court granted judicial notice of on January 5, 2022, and to request judicial notice of additional documents.

## I.     INTRODUCTION

Defendant Patrick Allen, in his official capacity as the Director of Oregon Health Authority[1] ("OHA"), requested and was granted judicial notice of twenty-nine Certificates of Approval ("COA") that are records maintained by OHA. ECF 38. OHA did not identify the purpose of its request, nor did it identify the adjudicative facts for which it sought notice.[2] ECF 31. OHA's purpose, and the adjudicative "facts" it wishes the Court to consider, are apparent only upon review of its motion to dismiss.

In its motion to dismiss, OHA argues that the existence of the COAs prove that Health Systems "voluntarily applied for the opportunity" to treat civilly committed persons and, therefore, Health Systems cannot say they are being "forced to house" civilly committed persons for weeks, months, or their entire 180-day commitment (and in some cases, re-commitment). ECF 30 at 21. That is false.

Aside from the fact that Health Systems did not volunteer to provide long-term care to civilly committed patients in acute care hospitals which are neither designed nor equipped to do

---

[1] Health Systems will be amending the operative complaint to replace Mr. Allen with the new Director of OHA, James Schroeder.

[2] This Court's order granting OHA's request for judicial notice does not identify which fact or facts it is noticing from the COAs. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("A court must also consider — and identify — which fact or facts it is noticing from such a transcript. Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth.").

4891-6941-0636.1
PLAINTIFFS' BRIEF REGARDING
JUDICIAL NOTICE AND REQUEST
FOR ADDITIONAL JUDICIAL
NOTICE
3
110973.0039\160318107

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

**STOEL RIVES LLP**
760 SW Ninth Avenue, Suite 3000
Portland, Oregon 97205
Telephone: 503.294.9466

so, OHA's argument fails because OHA sought judicial notice of only the *existence* of the COAs, not the factual extrapolations that OHA argues should flow from them. OHA's motion for judicial notice requests only "that the Court take judicial notice of the following public records . . . ." ECF 28 at 4. The existence of the COAs merely shows that Health Systems are approved by OHA to provide emergency and acute psychiatric care to civilly committed patients as acute care hospitals. The COAs do ***not*** show that Health Systems "voluntarily" agreed to hold civilly committed patients past the point where they are stabilized and no longer need an acute care hospital level of care.

Notably, there is significant incongruity between the certification application forms, applications made by each of the Health Systems, and the COAs—to the point where the COAs themselves do not mean anything out of context. The COAs emerged from a process that lacks formality and organization, and no conclusion can be drawn from the COAs based on how OHA has presented them to the Court. The only way to understand what the COAs mean is to look at the certification process as a whole, which the parties will need to explore further in discovery.

In addition to examining the certification process, the COAs must be read in conjunction with the applications submitted by Health Systems, which show that, at most, Health Systems requested to be certified for "Regional Acute Care Psychiatric Services for Adults" and "Hospital Hold and Seclusion Room Services (5 day Hold)." The latter category obviously applies to an initial hold of up to five days. The standards of approval for the former category, "regional acute care psychiatric service" in acute care hospitals, are set forth in OAR 309-032-0870.[3] Subsection (2) supports Health Systems' position that acute care hospitals did not voluntarily agree to house civilly committed patients for months at a time, let alone their entire 180-day commitment, once they are stabilized and ready for the next level of care. It states:

**"[t]he goal of a regional acute care service is the stabilization, control, and amelioration of**

---

[3] OHA's application lists "OAR 309-032 Rules" as a "useful resource" to reference in preparing the application.

PLAINTIFFS' BRIEF REGARDING
JUDICIAL NOTICE AND REQUEST
FOR ADDITIONAL JUDICIAL
NOTICE
4
110973.0039\160318107

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

**STOEL RIVES LLP**
760 SW Ninth Avenue, Suite 3000
Portland, Oregon 97205
Telephone: 503.294.9466

**acute dysfunctional symptoms or behaviors that result in the earliest possible return of the individual to a less restrictive environment**." OAR 309-032-0870(2) (emphasis added).

Thus, contrary to OHA's argument, Health Systems only agreed to provide emergency and acute psychiatric care to civilly committed patients with the understanding that once stabilized, they are transitioned into a less restrictive environment conducive to long-term treatment, consistent with OAR 309-032-0870(2).

In short, OHA's attempt to use the COAs to incorporate inadmissible and disputed factual assertions into its motion to dismiss goes beyond the scope of what judicial notice may be used for and beyond the scope of what OHA expressly requested in its motion. The Court should not consider the COAs, other than the fact that they exist, in deciding OHA's motion to dismiss.

Lastly, OHA submitted the COAs without any context to illustrate their true purpose or the process by which they were issued. But the COAs only begin to make sense when considered in context. For that reason, Health Systems request that the Court take additional judicial notice of the applications submitted to OHA to obtain the COAs.

## II.    LEGAL STANDARD

Judicial notice permits a court to take notice of an adjudicative fact[4] *if it is not subject to reasonable dispute*. Fed. R. Evid. 201(b) (emphasis added). A fact is not subject to reasonable dispute if it "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). While a court "may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment . . . a court may not take judicial notice of a fact that is 'subject to reasonable dispute.'" *Lee v. City of*

---

[4] Adjudicative facts are generally "facts about the parties and their activities, businesses, and properties, usually answering the questions of who did what, where, when, how, why, with what motive or intent; adjudicative facts are roughly the kind of facts that go to a jury in a jury case." *Marshall v. Sawyer*, 365 F.2d 105, 111 (9th Cir. 1966) (internal citation omitted).

PLAINTIFFS' BRIEF REGARDING JUDICIAL NOTICE AND REQUEST FOR ADDITIONAL JUDICIAL NOTICE
5
110973.0039\160318107

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

**STOEL RIVES LLP**
760 SW Ninth Avenue, Suite 3000
Portland, Oregon 97205
Telephone: 503.294.9466

*Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting Fed. R. Evid. 201(b)); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (noting that "a court cannot take judicial notice of disputed facts contained in [] public records.").

Moreover, "[a] court may not take judicial notice of one party's opinion of how a matter of public record should be interpreted." *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004). "When a court takes judicial notice of a public record, 'it may do so not for the truth of the facts recited therein, but for the existence of the [record], which is not subject to reasonable dispute over its authenticity.'" *Vesta Corp. v. Amdocs Mgmt. Ltd.*, 129 F. Supp. 3d 1012, 1021 (D. Or. 2015) (quoting *Klein v. Freedom Strategic Partners*, LLC, 595 F. Supp. 2d 1152, 1157 (D. Nev. 2009) (alteration in original)); *Lee*, 250 F.3d at 689-90 (public records are appropriate subjects for judicial notice, not for the truth of the facts recited therein but for the records' existence).

## III.    ARGUMENT

### A.    The Court should not consider the judicially noticed Certificates of Approval for the purpose advanced by OHA in its motion to dismiss.

OHA is correct that the COAs are public records created and maintained by it in the course of its regulatory duties, and that their *existence* is not subject to reasonable dispute. However, OHA fails to identify any specific and *undisputed* adjudicative facts in the COAs that are subject to judicial notice. Instead, OHA repeatedly advances its disputed and inadmissible interpretation of the "facts" it alleges are shown by the COAs in its motion to dismiss.

The Court should reject OHA's interpretation of the COAs because their existence does not show that Health Systems agreed to provide care for entire periods of commitment but only shows that Health Systems received approval from OHA to provide emergency and acute psychiatric care to civilly committed patients for short-term treatment, as acute care hospitals. The COAs also do not show agreement by Health Systems to hold civilly committed patients

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

**STOEL RIVES LLP**
760 SW Ninth Avenue, Suite 3000
Portland, Oregon 97205
Telephone: 503.294.9466

indefinitely when they are stabilized, no longer require an acute care hospital level of care, and have a right to be in a less restrictive setting.

The Ninth Circuit has explained that courts may take judicial notice of a public document where it is solely used as background materials and not to resolve any factual dispute. For example, in *United States v. 14.02 Acres*, 547 F.3d 943, 955 (9th Cir. 2008), the trial court judicially noticed a transmission grid study completed by the Department of Energy and consulted it in deciding the government's motion for judgment on the pleadings. On review for abuse of discretion, the Ninth Circuit held that the trial court rightly "referred to the report only as background material, without relying on it to resolve any factual dispute." *Id.*

Here, OHA references the COAs numerous times in its motion to dismiss as proof that Health Systems voluntarily agreed to provide long-term treatment to civilly committed patients for their entire 180-day commitment "after having applied for approval to do so." ECF 30 at 31; *see also* ECF 30 at 21, 23, 28, 33, 34, and 37. In other words, OHA does not refer to the COAs as background material. Rather, OHA seeks to wield **its** interpretation of the COAs to advance its arguments and goals in its motion to dismiss. OHA's interpretation of the COAs is a factual issue that is hotly disputed, goes to the heart of the matter at hand, and should not be considered in deciding OHA's motion. *See S. Cal. Edison Co.*, 300 F. Supp. 2d at 974 ("A court may not take judicial notice of one party's opinion of how a matter of public record should be interpreted.").

To find that there is a factual dispute over this issue, the Court need look no further than the allegations in the Amended Complaint. Health Systems make clear in the Amended Complaint that their acute care hospitals "provide *stabilizing* treatment to manage the *acute symptoms* of patients experiencing severe mental illness." ECF 28 at 2 (emphasis added). And Health Systems allege that "OHA is abandoning civilly committed patients and leaving them for *extended periods of time* in acute care community hospitals [that are] not equipped, staffed, or intended to provide *long-term treatment* for mental illness." *Id.* (emphasis added). But OHA

4891-6941-0636.1

PLAINTIFFS' BRIEF REGARDING
JUDICIAL NOTICE AND REQUEST
FOR ADDITIONAL JUDICIAL
NOTICE
7
110973.0039\160318107

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

**STOEL RIVES LLP**
760 SW Ninth Avenue, Suite 3000
Portland, Oregon 97205
Telephone: 503.294.9466

ignores those allegations (and plenty others) and the critical distinction between providing emergency and acute psychiatric care, from that of long-term treatment. Instead, OHA relies on the COAs to leap to the conclusion that Health Systems are "treating civilly committed persons on a voluntary basis," and then uses that "fact" as proof to support its arguments in its motion to dismiss. ECF 30 at 21 ("Plaintiffs cannot establish any concrete injury in fact arising out of their treatment of civilly committed persons because judicially noticeable facts demonstrate that Plaintiffs voluntarily applied for the opportunity to do that work.").

However, as alleged in the Amended Complaint and shown by the Health Systems' applications to OHA for the COAs, Health Systems *never* offered to house civilly committed individuals past the time they are stabilized, no longer need to be in an acute care hospital, and are ready to transition to a less restrictive setting for long-term treatment. The issue is a matter of duration of hospital admission, *not* the fact of the initial emergency or acute psychiatric treatment itself. This distinction, which is ignored by OHA in its motion to dismiss, is a critical distinction that cannot be ignored.

Importantly, the COAs state, in relevant part, that community hospitals are "certified in accordance with Oregon Administrative Rules: 309-008-0100 through 309-008-1600." In turn, OAR 309-008-0100(1) and (2) explain that those rules establish procedures for applications and the certification process, and "apply to providers seeking certification to provide behavioral health treatment services" under the service delivery rules. For civil commitment, the applicable service delivery rules are "OAR 309-033-0200 to 0970 (Involuntary Commitment Proceedings)," which are the same ones listed on the COAs. OAR 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(2)(e).

Consistent with the certification rules, Health Systems submitted applications to be certified to provide a specific behavioral health treatment service during the civil commitment process—emergency and acute psychiatric care. As shown in the applications, Health Systems only requested to be certified for "Regional Acute Care Psychiatric Services for Adults" and/or

4891-6941-0636.1
PLAINTIFFS' BRIEF REGARDING
JUDICIAL NOTICE AND REQUEST
FOR ADDITIONAL JUDICIAL
NOTICE
8
110973.0039\160318107

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

**STOEL RIVES LLP**
760 SW Ninth Avenue, Suite 3000
Portland, Oregon 97205
Telephone: 503.294.9466

"Hospital Hold and Seclusion Room Services (5 day Hold)."[5] But those services refer to emergency and acute psychiatric treatment, which is short-term treatment, not long-term treatment. *See* OAR 309-032-0870(2) (explaining that "[t]he goal of a regional acute care service is the stabilization, control, and amelioration of acute dysfunctional symptoms or behaviors that result in the earliest possible return of the individual to a less restrictive environment.").

The fact that Health Systems requested to provide emergency and acute psychiatric treatment does not mean they volunteered to provide long-term treatment, when they are not equipped to do so. Health Systems requested these certifications because acute care hospitals are often where the civil commitment process begins after patients are brought to emergency departments and detained. But that is only one step in the process of civil commitment. The Oregon Administrative Rules cited in the COAs make clear that after a civilly committed patient is stabilized, they have a right to be transferred to the least restrictive environment, which an acute care hospital is not (if anything, that is the most restrictive setting). OAR 309-033-0220(1)(d).

In short, OHA's interpretation of the COAs goes well beyond viewing them as mere background material and instead implicates key disputed allegations at issue in this case. As such, they are materials that are clearly "subject to reasonable dispute" and, therefore, the Court should disregard OHA's opinions of how they should be interpreted. Fed. R. Evid. 201(b).

The judicially noticed COAs should serve only as background material and should not be relied upon to resolve any factual dispute, including what type of treatment Health Systems agreed to provide.

### B.      OHA's interpretation of the Certificates of Approval is inadmissible hearsay.

---

[5] PeaceHealth requested to be certified for regional acute care psychiatric services for adults, Providence and Unity requested to be certified for five day holds, and St. Charles requested both.

PLAINTIFFS' BRIEF REGARDING JUDICIAL NOTICE AND REQUEST FOR ADDITIONAL JUDICIAL NOTICE
9
110973.0039\160318107

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

**STOEL RIVES LLP**
760 SW Ninth Avenue, Suite 3000
Portland, Oregon 97205
Telephone: 503.294.9466

OHA's repeated reliance in its motion to dismiss on *its interpretation* of what the COAs prove is a transparent attempt to circumvent the hearsay rule through judicial notice. The COAs are out-of-court statements offered to prove the truth of the matter asserted by OHA. Fed. R. Evid. 801(c)(2). OHA offers no explanation of how its stated interpretation of the COAs qualifies as a "fact" that "can be accurately and readily determined from sources whose accuracy cannot be questioned" under Fed. R. Evid. 201(b). Despite this lack of explanation, OHA repeatedly requests that the Court draw inferences from the COAs without the benefit of witness testimony and other documents to explain the contents of the COAs and the context in which they were obtained. OHA's statement of its interpretation of the COAs, repeated throughout its motion to dismiss, is nothing more than inadmissible hearsay.

For example, OHA argues without foundation that "judicially noticeable facts show that Health Systems are treating civilly committed persons on a voluntary basis." ECF 30 at 21. This assertion lacks context, as Health Systems applied for certification to "provide *stabilizing* treatment to manage the *acute symptoms* of patients experiencing severe mental illness." ECF 28 at 2 (emphasis added). A full evidentiary record will prove that OHA's interpretation is wrong.

Simply put, OHA seeks to have the Court consider the COAs not just for the fact of their existence, but for the *significance* of their existence—but only so long as it supports OHA's position. OHA's interpretation of the COAs represents an unsupported inferential leap, is improper for judicial notice, and should not be considered in deciding its motion to dismiss.

### C. Health Systems request that additional documents be judicially noticed for a more complete record of the COAs.

The COAs, standing alone, provide no judicially noticeable adjudicative facts describing the purposes for which they were issued. The application each Health System was required to submit to offer emergency and acute psychiatric care in their acute care hospitals provide the missing context and show how the COAs do not have the meaning claimed by OHA at all. Judicial notice permits a court to take notice of an adjudicative fact if it is not subject to

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, Oregon 97205
Telephone: 503.294.9466

reasonable dispute. Fed. R. Evid. 201(b). Accordingly, the applications submitted by Health

Systems, and maintained by OHA as public records, should be judicially noticed for the sake of

completeness. *See, e.g., Yocha Dehe Wintun Nation v. Newsom*, No. 2:19-cv-00025-JAM-AC,

2019 U.S. Dist. LEXIS 101953 at *6 (E.D. Cal. June 18, 2019) (taking judicial notice of Tribal

Compacts in their entirety when the parties moved for judicial notice of excerpts of the Tribal

Compacts).

       The application itself provides critical, judicially noticeable context to the COAs. For

example, Section III directs applicants to "review and select the applicable OAR program type

that pertains to the Certificate for which you are requesting for your agency." As shown in the

applications submitted by Health Systems, they only requested to be certified for "Regional

Acute Care Psychiatric Services for Adults" and "Hospital Hold and Seclusion Room Services (5

day Hold)." Both of those selections refer to short-term treatment. Indeed, OAR 309-032-

0870(2) provides that "[t]he goal of a regional acute care service is the stabilization, control, and

amelioration of acute dysfunctional symptoms or behaviors that result in the earliest possible

return of the individual to a less restrictive environment." *See also* OAR 309-033-0710(24)

(same). This additional context for the intent of the COAs, of course, is exactly what Health

Systems allege in the Amended Complaint.

       Accordingly, Health Systems request that the Court take judicial notice of the following

public records listed below, submitted by them to OHA and maintained by OHA in the course of

its regulatory duties:

1.    Exhibit 1 to the declaration of Rachel McMahon is a true and correct copy of

       OHA's Certification Application submitted by Legacy Emanuel Hospital &

       Health Center d/b/a Unity Center for Behavioral Health.

2.    Exhibit 1 to the declaration of Ann Rasmussen is a true and correct copy of

       OHA's Certification Application submitted by PeaceHealth Sacred Heart Medical

       Center – University District, and Exhibit 2 is PeaceHealth's Behavioral Health

4891-6941-0636.1

PLAINTIFFS' BRIEF REGARDING    **LEWIS BRISBOIS BISGAARD & SMITH** LLP    **STOEL RIVES LLP**
JUDICIAL NOTICE AND REQUEST    888 SW Fifth Avenue, Suite 900    760 SW Ninth Avenue, Suite 3000
FOR ADDITIONAL JUDICIAL    Portland, Oregon 97204-2025    Portland, Oregon 97205
NOTICE    Telephone: 971.712.2800 • Fax 971.712.2801    Telephone: 503.294.9466
  11
110973.0039\160318107

Admission and Exclusionary Guidelines policy that was included with the application.

3.  Exhibit 1 to the declaration of Kristin Powers is a true and correct copy of OHA's Certification Application submitted by Providence Health & Services – Oregon.

4.  Exhibit 1 to the declaration of Ginger Walcutt is a true and correct copy of OHA's Certification Application submitted by St. Charles Health System.

Additional documentation regarding the certification process as a whole and Health Systems' applications for certification, which are in the possession, custody, and control of OHA, will be requested in discovery as all of that information will be needed to resolve this factual dispute.

## IV.     CONCLUSION

For the reasons discussed, Health Systems respectfully request that the Court limit its reliance on the judicially noticed COAs to the fact of their existence, disregard OHA's attempt to insert its inappropriate and inadmissible interpretations of the COAs in its motion to dismiss, and take judicial notice of the exhibits listed above.

DATED this 26 day of January, 2023.

4891-6941-0636.1
  PLAINTIFFS' BRIEF REGARDING
  JUDICIAL NOTICE AND REQUEST
  FOR ADDITIONAL JUDICIAL
  NOTICE
   12
110973.0039\160318107

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, Oregon 97205
Telephone: 503.294.9466

LEWIS BRISBOIS BISGAARD & SMITH LLP


By:  *s/ Eric J. Neiman*
      Eric J. Neiman, OSB #823513
      Emma P. Pelkey, OSB #144029
      Telephone: 971.712.2800
      Facsimile: 971.712.2801


STOEL RIVES LLP


By:  *s/ Thomas R. Johnson*
      Thomas R. Johnson, OSB #010645
      Telephone: 503.727.2000
      Facsimile:  503.727.2222

      *Attorneys for Plaintiffs*

4891-6941-0636.1

PLAINTIFFS' BRIEF REGARDING
JUDICIAL NOTICE AND REQUEST
FOR ADDITIONAL JUDICIAL
NOTICE
13
110973.0039\160318107

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

**STOEL RIVES LLP**
760 SW Ninth Avenue, Suite 3000
Portland, Oregon 97205
Telephone: 503.294.9466