UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| **DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC.,** & **A.J. MADISON,**<br>Plaintiffs,<br>v.<br>**PATRICK ALLEN,** in his official capacity as head of the Oregon Health Authority,<br>**DOLORES MATTEUCCI,** in her official capacity as Superintendent of the Oregon State Hospital,<br>Defendants. | Case No. 3:02-cv-00339-MO (Lead Case)<br>Case No. 3:21-cv-01637-MO (Member Case)<br><br>ORDER TO IMPLEMENT NEUTRAL EXPERT'S RECOMMENDATIONS |
| **JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON,**<br>Plaintiffs,<br>v.<br>**DOLORES MATTEUCCI,** Superintendent of the Oregon State Hospital, in her individual and official capacity, **PATRICK ALLEN,** Director of the Oregon Health Authority, in his individual and official capacity,<br>Defendants. | Case No. 3:21-cv-01637-MO (Member Case) |

THIS MATTER comes before the Court on Plaintiffs' Unopposed Motion to Implement Neutral Expert's Recommendations. Having reviewed the papers filed in support of this motion, the Court finds that Defendants are not in compliance with this Court's permanent injunction in

*Mink* and ORDERS the following which are necessary to move Defendants towards compliance with that injunction:

(1) The Oregon State Hospital, the Oregon Health Authority, Disability Rights Oregon, and Metropolitan Public Defenders shall implement the recommendations in the Court's Neutral Expert's January and June 2022 reports. If necessary to comply with paragraph three (3) of this order, Dr. Pinals may grant extensions of other deadlines in her recommendations after conferring with the parties. Any such extensions shall be documented in Defendants' monthly progress reports.

(2) The Oregon State Hospital shall not admit patients except as provided for by the recommendations in the Neutral Expert's January and June 2022 reports or as otherwise provided by this Court. Namely, Aid and Assist ("A&A") and Guilty Except Insane ("GEI") persons shall be admitted according to their place on the admissions wait list or pursuant to the relevant expedited admissions policy.[1] In addition, the Oregon State Hospital:

   a. may admit PSRB GEI revocations and persons pursuant to ORS 426.701 (extremely dangerous persons);
   b. shall not admit persons civilly committed unless they meet the criteria in the civil admission expedited admissions policy;[2]
   c. shall not admit transfers from the Oregon Youth Authority except as provided

---

[1] *See* OSH Forensic Expedited Admission Policy available at https://www.oregon.gov/oha/OSH/LEGAL/Documents/Expedited_Consultation_for_Patients_Under_FORENSIC_Commitments_revised_Jun_2022.pdf (last accessed August 5, 2022).
[2] *See* OSH Civil Expedited Admission Policy available at https://www.oregon.gov/oha/OSH/LEGAL/Documents/Expedited_Admission_for_Patients_Under_CIVIL_Commitments.pdf (last accessed August 5, 2022).

    by ORS 179.473(1)(c), OAR 309-120-0080 and OAR 416-425-0020; and

   d. shall not admit transfers from the Oregon Department of Corrections unless they meet expedited admissions standards as articulated in the expedited admissions policy.[3]

(3)   The Oregon State Hospital shall immediately implement the maximum time for inpatient restoration in the Neutral Expert's June 2022 report as follows:

   a. For patients whose most serious charge is a misdemeanor, the maximum duration of commitment for restoration shall be the lesser of the maximum permissible sentence for the underlying offense or 90 days;

   b. For patients whose most serious charge is a felony, the maximum duration of commitment for restoration shall be six (6) months, unless the felony is listed in ORS 137.700(2) in which case the maximum duration of commitment for restoration shall be one year.

   c. For purposes of this Order, restoration across multiple charges shall be consolidated and contiguous consecutive periods of restoration should be eliminated unless there are new charges incurred after an initial period of restoration has ended.

   d. Before a patient reaches this maximum duration of commitment for restoration under this Order and remains unfit to proceed, OSH shall notify the committing court of the patient's impending discharge 30 days before the date on which the hospital is required to discharge the patient pursuant to this Order.

   e. From the date of this Order, for patients who, at the time of this Order, are already past the maximum length of restoration set out herein, Defendants

---

[3] *See* OSH Forensic Expedited Admission Policy available at https://www.oregon.gov/oha/OSH/LEGAL/Documents/Expedited_Consultation_for_Patients_Under_FORENSIC_Commitments_revised_Jun_2022.pdf (last accessed August 5, 2022).

shall provide the 30-day notice to committing courts before discharging such patients pursuant to this Order; and

f.  No later than March 15, 2023, patients currently admitted at OSH who have exceeded the length of restoration set forth in this Order shall be discharged from their restoration commitment and from the hospital.

g.  Defendants shall consult with the Neutral Expert regarding operational and clinical aspects of implementing these limitations on the duration of inpatient restoration.

(4)  This Order shall terminate upon the Neutral Expert reporting to this Court that OSH/OHA has timely admitted A&A and GEI patients for at least three consecutive months, and that the termination of this Order would not cause the Defendants to fall back out of compliance. For purposes of this Order "timely admission" means within seven days of a State Court order delivered to OSH ordering that the patient be admitted.

(5)  If this Order is not terminated pursuant to Paragraph (4), this Order will expire on September 1, 2023, unless renewed by the Court prior to that time.

DATED this 1st day of September, 2022, in Portland, Oregon.

Hon. Michael W. Mosman
Senior United States District Judge