Keith M. Garza, OSB No. 940773
Law Office of Keith M. Garza
P.O. Box 68106
Oak Grove, Oregon  97268
(503) 344-4766
keithgarza@comcast.net

Attorney for *Amici* Judges Audrey Broyles, Matthew Donohue, Jonathan Hill, Kathleen Proctor, and Nan Waller

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID BADEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital, <br><br> Defendants, <br><br> and <br><br> LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES, <br><br> Intervenors. | Case No. 3:02-cv-00339-MO (Lead Case) <br> Case No. 3:21-cv-01637-MO (Member Case) <br> Case No. 6:22-cv-01460-MO (Member Case) <br><br><br> JUDGES' *AMICUS* BRIEF RE MOTION FOR ORDER REQUIRING MARION COUNTY SHERIFF'S OFFICE TO TRANSPORT PATIENTS |

Page 1 – JUDGES' *AMICUS* BRIEF RE MOTION FOR ORDER REQUIRING MARION COUNTY SHERIFF'S OFFICE TO TRANSPORT PATIENTS

|  |  |
|---|---|
| JAROD BOWMAN and JOSHAWN DOUGLAS-SIMPSON, | Case No. 3:21-cv-01637-MO (Member Case) |
| Plaintiffs, | |
| v. | |
| DOLORES MATTEUCII, Superintendent of the Oregon State Hospital, in her official capacity, and DAVID BADEN, Director of the Oregon Health Authority, in his individual and official capacity, | |
| Defendants, | |
| and | |
| LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES, | |
| Intervenors. | |
| LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES OREGON, | Case No. 6:22-cv-01460-MO (Member Case) |
| Plaintiffs, | |
| v. | |
| DAVID BADEN, in his official capacity as Director of Oregon Health Authority, | |
| Defendant. | |

Page 2 – JUDGES' *AMICUS* BRIEF RE MOTION FOR ORDER REQUIRING MARION
   COUNTY SHERIFF'S OFFICE TO TRANSPORT PATIENTS

I. INTRODUCTION

Broadly speaking, and with all respect to OSH and OHA, theirs are not the only state interests implicated in this case. The judicial branch is separate from, and coequal to, the executive branch. Counties, too, are state entities, and district attorneys prosecute on behalf of the State. All those state actors have strong interests in an action that seeks to fundamentally rewrite Oregon law without engaging in a collaborative or legislative process. Against that background, *Amici* Judges Audrey Broyles, Matthew Donohue, Jonathan Hill, Kathleen Proctor, and Nan Waller respectfully offer the following observations regarding plaintiffs' Motion for Order Requiring Marion County Sheriff's Office to Transport Patients (Dkt. 359) for whatever use and/or consideration the Court deems appropriate.

II. DISCUSSION

A. *Plaintiffs and/or Defendants Should be Required to Seek Relief in State Court*.

The September 1 Order represents the Court's attempt to increase, incrementally, enforcement of the *Mink* injunction. The Court has determined, on the one hand, "less intrusive means have failed to remedy the ongoing constitutional violation" (Dkt. 338 at 4) and, on the other, "the only major difference the September 1 Order imposes is shortened discharge times" (*id*. at 9). That means Oregon's judges necessarily and appropriately remain very much involved in the Aid & Assist process. In light of the new territory in which all of the frontline

stakeholders are navigating, questions whether certain actions and state court orders are compatible with the September 1 order are inevitable.[1]

What then-Proposed Judge Intervenors argued last year in response to the August 16 Order enjoining state court contempt actions in the context of considerations of federalism and comity continues to be relevant:

> "Should a party believe a state court judge is not complying with this Court's September 1 order, ample appellate remedies are available to them within the state court system and then up to and including petitioning the U.S. Supreme Court for *certiorari*."

(Dkt. 274 at 10.)  It is to those remedies, respectfully, that plaintiffs should have turned instead of this Court.

---

[1] That is particularly true with respect to orders regarding patients for whom statutory jurisdiction has not expired and community restoration outside of OSH remains a possibility (even if, in most cases, only a theoretical one because of the lack of community resources).  In those instances, state court judges must continue to consider of a host of specific statutory criteria in deciding how to proceed:  public and victim safety; the nature of the charge; a person's prior record and propensity to commit crimes; his or her family circumstances; the least restrictive option; a defendant's individual needs; and the overall interests of justice (among others).  *See*, *e.g*. ORS 161.370(2), (3), (4); ORS 161.371(3), (4).  A number of those statutory criteria, in turn, have a constitutional footing:

> "[V]ictims in all prosecutions for crimes [have t]he right to be reasonably protected from the criminal defendant * * * throughout the criminal justice process [and t]he right to have decisions by the court regarding the pretrial release of a defendant based upon the principle of reasonable protection of the victim and the public[.]"

Or Const, Art I, § 43(1)(a), (b).  It is not immediately apparent whether requiring OHA to provide a current progress report in certain cases prior to discharge for the purpose of assisting a court in assessing all those factors is compatible with or contravenes the Court's September 1 Order.

Page 4 – JUDGES' *AMICUS* BRIEF RE MOTION FOR ORDER REQUIRING MARION
        COUNTY SHERIFF'S OFFICE TO TRANSPORT PATIENTS

Not only are Oregon's courts of review available to answer those questions—whether by immediate appeal or in mandamus—they have proven capable of doing so.  Again, the example *Amici* Judges proffered last year—regarding plaintiffs' "understand[ing]" that a state court judge had threatened to confine an OHA official as a sanction (Dkt. 252 at 10)—remains apt.  There, the day before entry of the August 16 Order, the Chief Judge of the Oregon Court of Appeals quickly granted OSH's and OHA's emergency request for issuance of a stay in the civil commitment proceeding that apparently was the subject of plaintiffs' reference.  (*See* Dkt. 274 at 22-23 n. 5 & Ex. 2.)  In other words, Oregon was able to resolve the issue.

Finally, not only are Oregon's courts available and capable, as a matter of state/federal relations they should be the forum of first resort.  *Cf. O'Shea v. Littleton*, 414 U.S. 488, 502, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974) (noting "there are available state and federal procedures which could provide relief from the wrongful conduct alleged").  While *O'Shea* involved the imposition of federal equitable relief, the Court's reasoning has value in the enforcement context as well:  a federal court should resist "an ongoing federal audit of state criminal proceedings" that would result in "a form of monitoring of the operation of state court functions that is antipathetic to established principles of comity."  414 U.S. at 500, 501.  Here, that can be accomplished by permitting Oregon's appellate courts to enforce Oregon law as preempted in part by the Court's September 1 Order.  Moreover, there is nothing unusual about state courts applying and enforcing federal law.  Instead, what would be unusual is for parties to a state case (or, as proposed by plaintiffs' motion, ***non-parties*** to a state case) seeking federal relief without first exhausting state remedies.

Page 5 – JUDGES' *AMICUS* BRIEF RE MOTION FOR ORDER REQUIRING MARION COUNTY SHERIFF'S OFFICE TO TRANSPORT PATIENTS

B.  *Defendants, Defense Counsel, and Prosecutors are Entitled to Notice and an Opportunity to be Heard.*

There is perhaps an even more fundamental, and troubling, aspect of plaintiffs' motion that demonstrates why the motion should have been brought in state court. Plaintiffs' complaints are premised upon three pending criminal cases from one county. If this Court elects to decide the motion, the ruling will affect both the rights of those three defendants and the interests of the county (including those of the victims). Denying the motion would mean the defendants remain at OSH pending resolution of the Marion County orders; granting the motion would mean they will be transported to the Marion County Jail and, probably thereafter, be released into the community. *Cf*. Or Const, Art I, § 42(1)(a) ("[V]ictims in all prosecutions for crimes [have t]he right to be present at and, upon specific request, to be informed in advance of any critical stage of the proceedings held in open court when the defendant will be present, and to be heard at the pretrial release hearing[.]").

Those outcomes are significant to defendants and their liberty interests, to the lawyers representing those defendants, to the prosecutors and public they represent, and, again, to the victims of the charged crimes. (Indeed, one of the orders was in response to motion from a Marion County Deputy District Attorney.) But, so far as the record reflects, ***none of those has received notice of the motion or been provided an opportunity to be heard in this Court***.[2]

---

[2]  Indeed, query whether the Sheriff's Office would have received notice of plaintiffs' motion were it not for the fortuity of Marion County having been granted leave to appear *amicus curiae*?

Page 6 – JUDGES' *AMICUS* BRIEF RE MOTION FOR ORDER REQUIRING MARION COUNTY SHERIFF'S OFFICE TO TRANSPORT PATIENTS

That is very concerning and raises serious due process concerns. Nor can it be said that plaintiffs represent the interests of defendants. That would be the case even if the defendants' lawyers here happened to be employed by plaintiff Metropolitan Public Defenders, and they are not. *Cf.* Lucas Manfield, *Oregon State Hospital Delays Part of New Early Release Policy*, Willamette Week (March 9, 2023) (noting particular defendant's MPD-employed attorney initially "argued the opposite"—suggesting his client "should continue to be held at" OSH—from what "[t]he firm was arguing in federal court"—"that OSH should reduce release time frames across the board"—and that MPD had been "in a bind"), available at https://www.wweek.com/news/courts/2023/03/09/oregon-state-hospital-walks-back-part-of-new-early-release-policy/ (last accessed March 29, 2023). Nor can it be said that OSH's and OHA's counsel are representing the interests of county district attorney offices with respect to those ongoing prosecutions. *See*, *e.g.*, ORS 180.070 (prescribing when Attorney General may take full charge of any investigation or prosecution).[3]

---

[3] The same concern was present with respect to defendants' Unopposed Motion for Extension of Time to Discharge Patients filed earlier this month. (Dkt. 356.) Although *Amici* Judges are left to speculate, it very well may be that the motion—unopposed by plaintiffs or intervenors, and supported by the Neutral Expert—to keep five particular defendants at OSH for up to an additional two months was in the best interests of everyone. But it remains that those defendants "are still under active commitment orders pursuant to ORS 161.370" (Dkt. 356 at 3), have their own lawyers, and those lawyers should have been provided notice of and an opportunity to be heard in judicial proceedings that directly impacted their clients' liberty interests.

Page 7 – JUDGES' *AMICUS* BRIEF RE MOTION FOR ORDER REQUIRING MARION
         COUNTY SHERIFF'S OFFICE TO TRANSPORT PATIENTS

    C.    *Plaintiffs' Request for Judicial Notice is Improper*.

Finally, plaintiffs have submitted a proposed form of order paragraph (2) of which states that the Court "[t]akes JUDICIAL NOTICE that circuit courts throughout the state of Oregon have been holding hearings on whether they are bound by my September order." Such an assertion does not constitute matter appropriate for judicial notice. *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1000 (9th Cir. 2018) ("a court cannot take judicial notice of disputed facts contained in such public records").

Even if it were proper matter, again, the motion pertains to documents in three criminal cases pending in Marion County—not "courts throughout the state." None, moreover, calls into question whether the Court's September 1 Order is binding. Plaintiffs' request for judicial notice is unsupported and unsupportable and, should the Court decides to rule on the merits, the order should not include proposed paragraph (2).

### III.    CONCLUSION

The appellate courts of Oregon are an available and the appropriate forum to determine the issue that plaintiffs present, one that will permit the defendants whose liberty interests are very much at stake and the prosecution as well to be able to participate meaningfully in the

Page 8 – JUDGES' *AMICUS* BRIEF RE MOTION FOR ORDER REQUIRING MARION
    COUNTY SHERIFF'S OFFICE TO TRANSPORT PATIENTS

Law Office of Keith M. Garza
P.O. Box 68016
Oak Grove, OR  97268
(503) 344-4766 (phone) / (503) 344-4767 (fax)

proceedings.  The Court should decline to rule on plaintiffs' motion or, alternatively, provide defendants and the prosecutors of record with notice and an opportunity to be heard.

Respectfully submitted this 29th day of March 2023.

       */s/ Keith M. Garza*
Keith M. Garza, OSB No. 940773
Law Office of Keith M. Garza
P.O. Box 68106
Oak Grove, Oregon  97268
(503) 344-4766
keithgarza@comcast.net

Attorney for *Amici* Judges

Page 9 – JUDGES' *AMICUS* BRIEF RE MOTION FOR ORDER REQUIRING MARION COUNTY SHERIFF'S OFFICE TO TRANSPORT PATIENTS