ELLEN F. ROSENBLUM
Attorney General
CARLA A. SCOTT  #054725
SHEILA H. POTTER #993485
CRAIG M. JOHNSON #080902
Senior Assistant Attorneys General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Carla.A.Scott@doj.state.or.us
          Sheila.Potter@doj.state.or.us
          Craig.M.Johnson@doj.state.or.us

Attorneys for Defendants David Baden and Dolores Matteucci

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID BADEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital,<br><br>Defendants.<br>and<br><br>LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH LEGACY HEALTH SYSTEM, PEACEHEALTH, and PROVIDENCE HEALTH & SERVICES,<br><br>Intervenors. | Case No.  3:02-cv-00339-MO (Lead Case)<br>Case No.  3:21-cv-01637-MO (Member Case)<br>Case No.  6:22-cv-01460-MO (Member Case)<br><br>UNOPPOSED MOTION TO AMEND SEPTEMBER 1 ORDER TO INCORPORATE REVISED EXPEDITED ADMISSIONS POLICY |

Page 1 -   UNOPPOSED MOTION TO AMEND SEPTEMBER 1 ORDER TO INCORPORATE
          REVISED EXPEDITED ADMISSIONS POLICY
          CAS/a3m/798142437

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

| | |
|---|---|
| JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>DOLORES MATTEUCCI, Superintendent of the Oregon State Hospital, in her individual and official capacity, DAVID BADEN, Director of the Oregon Health Authority, in his official capacity, and PATRICK ALLEN in his individual capacity,<br><br>    Defendants,<br><br>  and<br><br>LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH LEGACY HEALTH SYSTEM, PEACEHEALTH, and PROVIDENCE HEALTH & SERVICES,<br><br>    Intervenors. | Case No.  3:21-cv-01637-MO (Member Case) |
| LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES OREGON,<br><br>    Plaintiffs,<br>    v.<br><br>DAVID BADEN, in his official capacity as Director of Oregon Health Authority,<br><br>    Defendant. | Case No.  6:22-CV-01460-MO (Member Case) |

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7-1(a)(1)(A), counsel for Defendants conferred with Plaintiffs' and Intervenors' (collectively, the Parties) counsel regarding this motion and they agree with this motion.

Page 2 -   UNOPPOSED MOTION TO AMEND SEPTEMBER 1 ORDER TO INCORPORATE
           REVISED EXPEDITED ADMISSIONS POLICY
           CAS/a3m/798142437

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

# MOTION

The Parties recently participated in a settlement conference with Judge Stacie Beckerman and, with input and approval from the Court-appointed neutral expert in this matter, reached agreement regarding admissions to the Oregon State Hospital of persons committed civilly and voluntarily by guardian pursuant to a revised expedited admissions policy. A copy of that revised expedited admissions policy is attached hereto as Exhibit 1.

To enable Defendants to implement this revised expedited admissions policy, Defendants respectfully ask this Court to amend Section 2(b) of its September 1, 2022, Order to replace its current language with: "shall not admit persons civilly committed or admitted voluntary by guardian unless they meet the criteria in the expedited admissions policy attached as Exhibit 1 to this Order." Defendants will submit a form of proposed order.

DATED May  5 , 2023.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

    *s/ Carla A. Scott*
CARLA A. SCOTT #054725
Senior Assistant Attorney General
SHEILA H. POTTER #993485
Deputy Chief Trial Counsel
CRAIG M. JOHNSON #080902
Senior Assistant Attorney General
Trial Attorneys
Carla.A.Scott@doj.state.or.us
Sheila.Potter@doj.state.or.us
Craig.M.Johnson@doj.state.or.us
Of Attorneys for Defendants

Page 3 -   UNOPPOSED MOTION TO AMEND SEPTEMBER 1 ORDER TO INCORPORATE
           REVISED EXPEDITED ADMISSIONS POLICY
CAS/a3m/798142437
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000



OREGON STATE HOSPITAL
Office of the Superintendent

Tina Kotek, Governor



2600 Center Street NE
Salem, OR, 97301
Voice: 503-945-2852
TTY: 800-735-2900
Fax: 503-947-2900
osh.oregon.gov

May 5, 2023

## Request for Oregon State Hospital Expedited Admission

### PATIENTS ON THE OSH ADMISSION LIST UNDER CIVIL COMMITMENT OR VOLUNTARY BY GUARDIAN / HEALTH CARE REPRESENTATIVE STATUS

### Purpose of this document:

This document sets forth protocols and processes for referral for expedited admission to Oregon State Hospital (OSH) of individuals hospitalized at an acute care facility under a civil commitment or admitted voluntarily by guardian or health care representative (henceforth "civil admission" status). OSH and OHA are working in partnership with stakeholders to increase timely access to OSH.

### Overarching Principled Approach to Expedited OSH Admission of Patients under Civil Admission Status:

OSH must balance the need for OSH admission for patients under civil admission status with constitutional requirements for admission to OSH for patients under forensic commitments (pursuant to federal litigation pertaining to admission to OSH of patients under forensic commitments).

Patients meeting criteria for civil admission to OSH are placed on the OSH Civil Admission list and are scheduled for admission based on bed availability. To achieve equitable efficiencies and maximum timeliness for all admissions, only in limited circumstances would an expedited admission for a patient under civil admission status be approved.

### Protocol:

***Individuals eligible to refer a patient for civil expedited admission to OSH***: Health care personnel involved in hospital management or provision of treatment to individuals in the categories listed below.

If you need this letter in an alternate format, please call 503-945-2870 or TTY:711    An Equal Opportunity Employer

1

NOTE: a referral may be initiated prior to civil commitment if there is a high likelihood that the patient will meet criteria for both civil commitment and OSH admission, and the qualifying criteria for expedited admission are met. However, a patient may not be admitted to OSH under a civil expedited admission until all eligibility criteria below are met.

***Patients eligible for civil expedited admission to OSH***: An individual being treated at an acute care hospital is eligible if that patient:

1. Is civilly committed or admitted voluntarily by guardian or health care representative; and
2. Meets criteria for admission to OSH per OAR 309-091-0015 and has been placed on the OSH Civil Admission List; and
3. Meets the qualifying criteria below for Civil Expedited Admission and has been approved for expedited admission by the OSH Chief Medical Officer or designee.*

    * Placement on the OSH Civil Admission list can be simultaneous with approval by the OSH Chief Medical Officer or designee.

***Qualifying Criteria for Civil Expedited Admission***: patients may be considered for civil expedited admission if, within the previous three weeks at the acute care hospital:

- they exhibit severe aggression directed toward other persons and/or property, or
- they are unable to meet their own basic nutritional needs such that their immediate health and safety are at risk, or
- they require biological therapies available to OSH but not to acute care hospitals; **AND**
- they remain at ongoing high risk to themselves or others due to mental illness despite adequate treatment; **and**
- acute care hospital leadership concurs with the treating clinical team that referral for expedited admission to OSH is appropriate and attests that all other avenues for treatment at the acute hospital or for discharge have been exhausted.

As evidenced by:

1. Hospital course documentation demonstrating that, due to symptoms of mental illness, at least two of the following are present:
    a. The patient has engaged in physical aggression resulting in harm or injury to others or lost time at work for an employee;
    b. The patient has engaged in substantial property destruction impacting patient care;
    c. The patient has required 1:1 security staffing to prevent harm or injury to other patients or staff for longer than 72 hours;

   d. The patient has required recent frequent or prolonged seclusion** or restraint;
   e. Two or more acute psychiatric beds have been closed to reduce the risk of the patient causing harm or injury to other patients or staff;
   f. The patient cannot be safely treated on an acute psychiatric unit with available resources.

   **OR**

2. Hospital course documentation demonstrating that, due to symptoms of mental illness, at least one of the following are present:
   a. The patient is unable to meet their own basic nutritional needs such that medical intervention has been necessary or is highly likely to become necessary in the near future.
   b. The patient requires a biological therapy (ex: court-ordered electroconvulsive therapy) that cannot be provided at the acute care hospital.

   ** Behavior management plans which require that a patient may leave their assigned room only following staff assessment are considered equivalent to seclusion. An individual who has received such interventions, which reduce incidents of aggression by limiting access to peers, may still be referred for civil expedited admission.

***Disqualifying Criteria for Expedited Admission***: An individual who meets the criteria above but who *has an active medical condition which requires stabilization or treatment at a primary medical center*. Referral and consultation may occur while the individual is being medically stabilized.

## Process:

A referral for civil expedited admission is encouraged when a patient exhibits behavior and ongoing safety risk that meets the above criteria. Note that historical behavior, while pertinent to clinical risk assessment generally, is insufficient to justify civil expedited admission in the absence of present behavioral concerns.

The acute care hospital may refer the patient to OSH for consideration of civil expedited admission by making available **to the OSH Admissions Department** by fax, email or via electronic medical records access:

- Medical records up to the current date, including
  - current progress notes
  - documentation of any seclusion and/or restraint
  - documentation describing any current behavior management plan
  - medication administration records
- A written explanation by the unit medical director of

If you need this letter in an alternate format, please call 503-945-2870 or TTY:711    An Equal Opportunity Employer

3

- - the current clinical behaviors and/or concerns that may require expedited OSH admission; and
  - an explanation of what need cannot be met by the acute care hospital; and
  - a description of interventions and supports that have already been implemented or attempted (this may include a description of the physical structure of the unit or location where the individual is housed)
- Name and contact information for the attending and/or covering psychiatric practitioner
- An attestation by an administrative director at the acute care hospital of review and approval of the referral

Requests for consultation/expedited admission will be reviewed by the OSH Chief Medical Officer (CMO) or designee during business hours (0800-1700) Monday through Friday. The reviewer may contact the attending practitioner if additional information is needed.

Within 24 hours of receiving all necessary information, the CMO or designee will communicate back to the referring party related to consultation/admission considerations.

- If approved, OSH will admit the patient in a timeframe deemed appropriate to the circumstances and as soon as possible considering the expedited nature of the referral.
- If denied, the patient will maintain their current place on the OSH Civil Admission List.
  - In addition, OSH will participate in a patient care conference in collaboration with the acute care hospital and CMHP, including subsequent meetings as required and agreed upon, with the goal of identifying modifications to the care plan to promote the safety of the patient, other patients, and staff.
  - A patient may be referred again following a denial if additional safety considerations arise which meet the qualifying criteria.
  - All referrals, acceptances and denials, along with the rationale for such referrals, acceptances, and denials, shall be recorded in a de-identified tracking system kept by OSH and the private hospitals and reviewed on a quarterly basis in joint meetings with the private hospitals, OSH and OHA leadership representation and any other mutually agreed upon invitees to ascertain impact on compliance with federal court orders, impact on private hospitals, and any other factors of relevance to Oregon psychiatric hospital and community behavioral health system stakeholders. These quarterly reviews and lessons learned may result in further modifications of this protocol.

**Admissions Department contact information:**
Phone: 503-945-9265
FAX: 503-945-9839
Email: OSH.Admissions@odhsoha.oregon.gov

**Hours of operation:**
Monday through Friday
8:00 AM to 5:00 PM