Jesse Merrithew OSB #074564
Email: jesse@lmhlegal.com
Levi Merrithew Horst PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
Telephone: (971) 229-1241
Facsimile: (971) 544-7092
*Counsel for Plaintiff Metropolitan Public Defender*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES INC., and A.J. MADISON,<br><br>Plaintiffs,<br><br>vs.<br><br>SAJEL HATHI, in her official capacity as head of the Oregon Health Authority, and SARA WALKER, in her official capacity as Interim Superintendent of the Oregon State Hospital,<br><br>Defendants,<br><br>and<br><br>JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON,<br><br>Plaintiffs,<br><br>vs.<br><br>SARA WALKER, Interim Superintendent of the Oregon State Hospital, in her official capacity, DOLORES MATTEUCCI, in her individual capacity, SAJEL HATHI, Direction of the Oregon Health Authority, in | Case No. 3:02-cv-00339-AN (Lead Case)<br>Case No. 3:21-cv-01637-AN (Member Case)<br><br>METROPOLITAN PUBLIC DEFENDER'S REPLY IN SUPPORT OF PARTIAL JOINDER TO DISABILITY RIGHTS OREGON'S MOTION FOR A RULE TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT AND FOR A REMEDIAL ORDER |

METROPOLITAN PUBLIC DEFENDER'S REPLY IN SUPPORT OF PARTIAL JOINDER TO DISABILITY RIGHTS OREGON'S MOTION FOR A RULE TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT AND FOR A REMEDIAL ORDER - 1
(Case No. 3:02-cv-00339-MO)

Levi Merrithew Horst PC
610 SW Alder St. Suite 415
Portland, OR 97205
T: 971.229.1241 | F: 971.544.7092

her official capacity, and PATRICK ALLEN in his individual capacity,

        Defendants.

LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES OREGON,

        Plaintiffs,

vs.

SAJEL HATHI, in her official capacity as Director of the Oregon Health Authority,

        Defendant.

Case No. 6:22-cv-01460-AN (Member Case)

Plaintiff Metropolitan Public Defender ("MPD") submitted six proposals, vetted by this Court's neutral expert and based upon her extensive study of the state's forensic behavioral health system, to help bring the Defendants back into compliance in both the short and long term. Defendants oppose all but two. The Court should adopt all of them.

1. **Admissions Limitations**

Defendants take "no position" on this request. The Court should grant it. However, the Court should not be under any illusion that this limitation will lead to compliance with the underlying injunction over the long term. Limitations on admissions are a quintessential band aid, as was amply demonstrated the last time this Court limited admissions. It will likely lead to compliance in the short term and is therefore necessary, but that compliance is likely to be short lived without the other changes proposed here. That is because an order limiting admissions does not require the OHA or OSH to improve any of the underlying problems that lead to their non-

METROPOLITAN PUBLIC DEFENDER'S REPLY IN SUPPORT OF PARTIAL JOINDER TO DISABILITY RIGHTS OREGON'S MOTION FOR A RULE TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT AND FOR A REMEDIAL ORDER - 2
(Case No. 3:02-cv-00339-MO)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

compliance in the first instance. It does not require the Defendants to improve their efficiency or increase capacity at any level of the system.

This measure should be adopted by this Court in combination with the other measures proposed by MPD.

### 2. Discharge Authority

In contrast to the limitations on admissions, increasing the authority (and the corresponding responsibility) of the Defendants to discharge patients who do not need to be in the hospital is a step that could lead to long term compliance. Throughout the entire life of this case, the number of patients who the hospital determined do not need to be in the hospital has been greater than or equal to the number of patients waiting to get into the hospital. This simple observation has profound implications: it suggests that if Oregon was providing people the level of service they need, then the constitutional problem at the root of this case could be solved without adding additional capacity at the hospital. Solving this problem would eliminate the constitutional violation while also providing every patient the level of care they actually need, moving the state to compliance with the ADA as well.

The problem has proved intractable because, as demonstrated at the status hearing and in the many filings with this Court, all of the players in the system need to work together to effectuate discharges and they all blame each other for failing to do so. This proposed remedial order is a way to cut through the static of those disagreements and place the ultimate authority firmly in the hands of the Defendants while respecting state comity in compliance with *Stone v. City and Cty. Of San Francisco*, 968 F.2d 850 (9th Cir. 1992). The Defendants resistance to a change that would give them the keys to regain compliance in the long term is deeply concerning. Their reasons for this resistance do not withstand scrutiny.

METROPOLITAN PUBLIC DEFENDER'S REPLY IN SUPPORT OF PARTIAL JOINDER TO DISABILITY RIGHTS OREGON'S MOTION FOR A RULE TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT AND FOR A REMEDIAL ORDER - 3
(Case No. 3:02-cv-00339-MO)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

First, the language of MPD's proposed remedial order was specifically drafted to ensure compliance with *Stone.* What *Stone* requires is a recognition that, while state law overrides are permissible, they are a last resort. Consistent with that teaching, the proposed remedial order would first require the Defendants to do everything within their power, including expending funds, to effect a discharge without overriding a state court order. "Only where those efforts are unsuccessful" would the Defendants be authorized to override a state court order. Dkt. 557, at 6. The *Stone* court also held that "At a minimum, the court should give the Sheriff override authority only as a last resort and only as essential to achieve compliance with the consent decree." 968 F. 2d at 865. Consistent with that holding, the proposed remedial order further limits the Defendants authority to discharge patients "only to the extent necessary to achieve compliance with the underlying injunction." Dkt. 557, at 6. If the Defendants are in compliance with the injunction, they have no authority to override a state court order, but are still required to "use all reasonable efforts to facilitate and expedite discharges of patients no longer needing hospital level of care." *Id*.

Second, the notion that this proposed order would be "too vague" for the Defendants to follow is false. The Defendants run Oregon's behavioral healthcare system. If their own expertise in this field is insufficient for them to identify barriers and overcome those barriers, they have the assistance of the Court's neutral expert, one of the foremost experts in this country on this topic.

The idea that they would not be able to determine what they need to do in order to "use all reasonable efforts" is further undermined by the fact that they are about to spend two days of court time attempting to prove that they have been doing just that. Heading "A." of their argument in response to DRO's request that they be held in contempt claims that "Defendants

METROPOLITAN PUBLIC DEFENDER'S REPLY IN SUPPORT OF PARTIAL JOINDER TO DISABILITY RIGHTS OREGON'S MOTION FOR A RULE TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT AND FOR A REMEDIAL ORDER - 4
(Case No. 3:02-cv-00339-MO)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

have taken all reasonable steps within their power to comply with the injunction…". Dkt. 563, at 6. They are arguing in a single memorandum that they have taken all reasonable steps to comply *and* that they cannot understand what taking all reasonable steps means. This argument should be flatly rejected by the Court.

Solving this problem is key to long term compliance. Just like the proposal for an audit of how the state's money is spent and where more money is needed, this proposal allows the parties to drill down to ensure that the hospital is being used for people who need the hospital, and other levels of service are being used for people who do not. Only then will we be able to answer the question of whether the state in fact needs more hospital beds, as some amici claim. It will allow the Defendants themselves to identify the true reason(s) why they cannot get people discharged—whether that be administrative inefficiencies or a lack of adequate placements, or whether they simply need more hospital beds. And, it forces the Defendants to be in charge of solving those problems rather than blaming others.

### 3. GEI Discharge Improvement

In opposing this proposed remedial order, the Defendants ask this Court to ignore the neutral expert's studied analysis. The Defendants claim that the PSRB, CMHPs, and private providers limit the Defendants' ability to reduce delays in GEI discharges. Dkt. 563, at 18. In her Tenth Report, Dr. Pinals flatly states: "Some discharge delays are related to PSRB processes and definitions … but per the dashboard, *many if not most of them* also pertain to OHA and OSH responsibilities." Debra Pinals, M.D., *Oregon Neutral Expert Tenth Report Regarding Mink/Bowman*, at 35 (Nov. 12, 2024) available at:

https://www.oregon.gov/oha/OSH/reports/Oregon_Mink-Bowman_10th_Neutral_Expert_Pinals_Report.pdf. It is abundantly clear based on the data that

METROPOLITAN PUBLIC DEFENDER'S REPLY IN SUPPORT OF PARTIAL JOINDER TO DISABILITY RIGHTS OREGON'S MOTION FOR A RULE TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT AND FOR A REMEDIAL ORDER - 5
(Case No. 3:02-cv-00339-MO)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

the length of delays presents a systemic violation of the ADA. Even with a 20% improvement, Oregon is likely still in violation of the ADA as interpreted by *Olmstead*. The Court's neutral expert has concluded that "many if not most" of the delays are the fault of the Defendants, and this Court should order them to fix that.

The Defendants also claim that this proposed order is unnecessary because they are taking some steps to improve discharge efficiency. MPD supports these steps, but the Defendants offer no metric to measure whether these steps are successful or not. The proposed remedial order gives the Defendants and this Court an achievable, measurable target to judge whether their changes are effective or not.

### 4. Forensic Evaluations

Here again, the Defendants complain that the proposed remedial order is too vague for them to comply with. The proposed remedial order would simply order them to hire or contract with enough evaluators to meet demand. If they have more evaluation orders coming in than staff to complete them, then they need to hire more staff (if in their judgment the work is likely to continue at that pace) or contract with evaluators to get through a temporary glut. It bears repeating that the Defendants here are extremely sophisticated administrators of a massive bureaucracy. The Court should not be ordering them to hire a specific number of evaluators or contractors. The Court should be leaving to their expertise to hire the right number of evaluators and contractors to respond to the demand.

The other argument made in their opposition, that the relationship between evaluations and flow through the system is anecdotal or unreliable, was flatly contradicted by Dr. Walker at the status hearing. The Court asked whether getting the backlog of evaluations down would improve flow through the system, and Dr. Walker testified, with some caveats, that she expects

METROPOLITAN PUBLIC DEFENDER'S REPLY IN SUPPORT OF PARTIAL JOINDER TO DISABILITY RIGHTS OREGON'S MOTION FOR A RULE TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT AND FOR A REMEDIAL ORDER - 6
(Case No. 3:02-cv-00339-MO)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

that it would. That means that there is unanimous agreement between the parties and the amici that this step is likely to improve the problem, and there is no conflict with state law in ordering the Defendants to meet this demand. The Court should have no hesitation in adopting this proposed remedy.

    5.  **Community Restoration**

MPD recognizes that the Defendants' power within the behavioral health system is not unlimited, but it is vast. Defendants focus their argument in opposition on whether they can achieve community restoration time limits through current funding schemes, but the proposed remedial order was not so limited. The proposed remedial order would require the Defendants to explore all the tools at their disposal, including funding, but also including administrative rulemaking, or changing the way that funding is administered, or exploring running community restoration themselves, in order to take "all reasonable steps" to impose limitations on community restoration. Such an order would explicitly not require the Defendants to do things that are completely outside of their control, but rather would force them to really dig in so that they can say to the Court that they are in compliance—that they have done everything they can do.

MPD does not disagree that the proposed state legislation is the better solution, but that legislation is currently opposed by other powerful stakeholders. The Defendants can influence whether or not it passes, but they cannot control it. This order requires them to do what they can and forces them to examine how they might be able to limit community restoration in the long term even without legislative action.

METROPOLITAN PUBLIC DEFENDER'S REPLY IN SUPPORT OF PARTIAL JOINDER TO DISABILITY RIGHTS OREGON'S MOTION FOR A RULE TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT AND FOR A REMEDIAL ORDER - 7
(Case No. 3:02-cv-00339-MO)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

6. **Independent Audit**

The Defendants do not oppose this proposed remedial order, but ask for input with Dr. Pinals on who should be selected. MPD has no doubt that Dr. Pinals will solicit and seriously consider the input of all parties in making her selection. In terms of the time necessary, MPD expects that this question can only be resolved through discussions with Dr. Pinals and the potential third parties who would conduct the audit.

DATED this 14th day of February, 2025.

LEVI MERRITHEW HORST PC

s/ *Jesse Merrithew*
Jesse Merrithew OSB #074564
*Counsel for Plaintiff Metropolitan Public Defender*

METROPOLITAN PUBLIC DEFENDER'S REPLY IN SUPPORT OF PARTIAL JOINDER TO DISABILITY RIGHTS OREGON'S MOTION FOR A RULE TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT AND FOR A REMEDIAL ORDER - 8
(Case No. 3:02-cv-00339-MO)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092