BILLY J. WILLIAMS, Bar No. 901366
billy.williams@bbklaw.com
JOSH NEWTON, Bar No. 983087
josh.newton@bbklaw.com
SARAH MONKTON, Bar No. 196018
sarah.monkton@bbklaw.com
BEST BEST & KRIEGER LLP
360 SW Bond Street, Suite 400
Bend, Oregon  97702
Telephone:  (541) 382-3011
Facsimile:  (541) 388-5410

*Of Attorneys for Amici Curiae Washington County
District Attorney, Clackamas County District Attorney,
and Marion County District Attorney*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON,<br><br>Plaintiffs,<br><br>v.<br><br>SEJAH HATHI, in her official capacity as Director of Oregon Health Authority, and SARA WALKER, in her official capacity as Superintendent of the Oregon State Hospital,<br><br>Defendants.<br><br>(*caption continued next page*) | Case No.: 3:02-cv-00339-AN (Lead Case)<br>Case No.: 3:21-cv-01637-AN (Member Case)<br><br>**AMICI DISTRICT ATTORNEYS' MEMO FOR CONTEMPT AND REMEDIAL ORDER EVIDENTIARY HEARING MARCH 12-13, 2025** |

Page 1 – **AMICI DISTRICT ATTORNEYS' MEMO FOR CONTEMPT AND REMEDIAL ORDER EVIDENTIARY HEARING MARCH 12-13, 2025**

13914.00001\43334182.2

| | |
|---|---|
| JAROD BOWMAN, and JOSHAWN DOUGLAS-SIMPSON,<br><br>        Plaintiffs,<br><br>    v.<br><br>SARAH WALKER, Interim Superintendent of the Oregon State Hospital, in her official capacity, SEJAL HATHI, Director of Oregon Health Authority, in her official capacity,<br><br>        Defendants. | Case No.: 3:21-cv-01637-AN (Member Case) |

## INTRODUCTION

Washington County District Attorney Kevin Barton, Marion County District Attorney Paige Clarkson, and Clackamas County District Attorney John Wentworth ("*Amici* District Attorneys") submit the following memorandum in advance of the March 12-13, 2025, Contempt Hearing. We urge the court to send a clear directive to the Oregon Legislature and the Oregon Health Authority (OHA) that addressing long-standing and systematic failures in not providing constitutionally adequate aid and assist services to the justice-involved population that is legislatively and legally intertwined under Oregon law for the needs of a sustainable criminal justice system is unacceptable.

## DISCUSSION

After more than two decades of this Court's efforts to bring the state of Oregon into compliance, it is apparent that the only way the Defendants will live up to their responsibility is for this Court to find them in contempt, and order without delay, significant fines[1] as a clear

---

[1] As requested in the Amicus Status Report of Crime Victims, District Attorneys, and Health Systems Status Report for the January 24, 2025 Status Conference, the Court should order that the court order "per diem sanctions of $10,000/day to be assessed each month after defendant's reports demonstrate they are out of compliance with the Mink/Bowman orders of the previous months. Sanctions should be doubled every 60 days of noncompliance. ECF 559 at 2.

Page 2 – **AMICI DISTRICT ATTORNEYS' MEMO FOR CONTEMPT AND REMEDIAL ORDER EVIDENTIARY HEARING MARCH 12-13, 2025**
13914.00001\43334182.2

directive to adequately fund a mental health system with sufficient bed space and staffing at all levels. It is long past time that the blame game offered by defendants, instead of meaningful and attainable results, comes to an end. *See* ECF 563 at 11.

*Amici* District Attorneys got involved in this matter in August of 2022 in an effort to provide the Court, the parties, and other *amici* with the benefit of prosecutorial perspectives and responsibilities, and concerted efforts towards meaningful engagement in developing amendments to the Court's orders to bring about compliance.  Over time, this engagement and mediation efforts led to the safety valve amendment. Other agreed reforms have yet to be triggered.  The fact remains, the state of Oregon is not in compliance with this Court's orders and compliance will remain elusive absent the State's full accountability for a mental health system that has functionally failed in its responsibility to a struggling population and therefore in the promise of public safety for our communities.

*Amici* District Attorneys strongly disagree with defendants' assertion that "[I]n sum, circumstances outside Defendants' control currently prevent compliance with the Mink Injunction—namely, sharp, often unpredictable increases in A & A commitment orders, state-court judges prohibiting discharge of Ready to Place (RTP) List without a locked community placement when a lower level of care is appropriate and available, and lack of available community placements despite significant increases in funding over time." ECF 563 at 11.  After over two decades worth of notice regarding the increased need for capacity, the State can no longer feign surprise by rising numbers of people in extreme behavioral health crisis. Blaming state court judges and prosecutors tasked with the responsibility of making informed, responsible, and ethical decisions under the law that protect the rights of individuals charged with crimes, victims impacted by crime, and our Oregon communities at large who demand

safety, is no longer a responsible excuse nor plausible explanation for non-compliance.

It is now incumbent upon the State to accurately and completely assess what is needed to address the colossal capacity failures at all levels, and then fully fund and staff a responsive mental health system.  OHA's commissioned study, published in 2024 failed to include all of the justice-involved population, at the request of defendants. [2] As noted in the Amicus Status Report of Crime Victims, District Attorneys, and Health Systems Status Report for the January 24, 2025 Status Conference, the Court should order that "defendants' be required to supplement the Public Consulting Group's ("PCG") June 2024 report with an analysis of the current capacity of inpatient psychiatric beds, because OHA directed PCG not to provide that analysis 'due to prioritized treatment facility types." ECF 559 at 5.  Failure to recognize and address the lack of capacity for the justice-involved population is at the heart of this Court's intervention for two decades.  The only explanation is that it does not fit defendant's policy agenda.

Finally, Plaintiffs' suggested contempt measures attempt to use this Court to undermine and overwrite current state law and thus only faintly mask their obvious policy agenda.  Even well-intended ideologies are not the purview of the judicial branch. Not having options for dealing with individuals committing misdemeanors and some felonies is not the responsible answer. This Court possesses the ability to motivate lawmakers via financial penalties.  But, Oregon lawmakers must respond with the solutions.  Solving the Oregon State Hospital's throughput problem by risking the safety of all Oregonians by limiting the types of crime eligible for admission is not the answer. [3]

---

[2] Public Consulting Group, Oregon Behavioral Health Residential & Facility Study—Final Report, at 23, and 121-122 (June 2024) at https://www.oregon.gov/oha/HSD/AMH/DataReports/Behavioral-Health-Residential-Faciility-Study-June-2024.pdf.

[3] See Plaintiffs' requested contempt measure to further limit types of crimes eligible for hospital admission. *See* ECF 540 at 25, and ECF 557 at 4.

Page 4 – **AMICI DISTRICT ATTORNEYS' MEMO FOR CONTEMPT AND REMEDIAL ORDER EVIDENTIARY HEARING MARCH 12-13, 2025**
13914.00001\43334182.2

## CONCLUSION

It's simple Oregon—fix our broken mental health system that has been ignored for decades. Doing so will provide results that are constitutional, fair, and will provide public safety. The justice-involved population impacted by the obvious interplay of the behavioral trifecta of mental illness, substance abuse disorders, and homelessness has to be addressed in an informed and effective manner. Nothing else is acceptable at this moment in history.

Dated:   March 7, 2025                                BEST BEST & KRIEGER LLP

By: *s/ Billy J. Williams*
BILLY J. WILLIAMS, Bar No. 901366
billy.williams@bbklaw.com
JOSH NEWTON, Bar No. 983087
josh.newton@bbklaw.com
SARAH MONKTON, Bar No. 196018
sarah.monkton@bbklaw.com

Attorneys for Amicus Curiae
Washington County District Attorney,
Clackamas County District Attorney, and
Marion County District Attorney

## CERTIFICATE OF SERVICE

    I hereby certify that on March 7, 2025, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Oregon via the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system.

                                BEST BEST & KRIEGER LLP

                                *s/ Billy Williams*
                                Billy Williams, Bar No. 901366
                                Billy.williams@bbklaw.com

                                *Of Attorneys for Amici Curiae*