Emily Cooper OSB #182254
ecooper@droregon.org
Hanah Morin OSB #230043
hmorin@droregon.org
Thomas Stenson OSB #152894
tstenson@droregon.org
Dave Boyer OSB # 235450
dboyer@droregon.org
Disability Rights Oregon
511 SW 10th Avenue, Suite 200
Portland, Oregon 97205
(503) 243-2081
*Counsel for Plaintiff, Disability Rights Oregon*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC.,** & **A.J. MADISON,** Plaintiffs, <br><br>v.<br><br>**SAJEL HATHI,** in her official capacity as head of the Oregon Health Authority, & **SARA WALKER**, in her official capacity as Superintendent of the Oregon State Hospital, Defendants.<br><br>**JAROD BOWMAN** and **JOSHAWN DOUGLAS-SIMPSON**, Plaintiffs,<br><br>v.<br><br>**SARA WALKER**, Interim Superintendent of the Oregon State Hospital, in her official capacity, **SAJEL HATHI**, Director of the Oregon Health Authority, in her official capacity, Defendants. | Case No. 3:02-cv-00339-AN (Lead Case)<br><br>Case No. 3:21-cv-01637-AN (Member Case)<br><br>PLAINTIFF DISABILITY RIGHTS OREGON'S REPLY TO ITS MOTION FOR SANCTIONS AGAINST MARION COUNTY AND ITS COUNSEL |

REPLY ON MOTION FOR SANCTIONS
Page 1

**Disability Rights Oregon**
511 SW 10th Avenue, 2nd Floor
Portland, OR 97205
(503) 243-2081

I.  **Marion County's Opposition to the Motion for Sanctions Doubles Down on False and Contradictory Statements About Its Supposedly "Limited" Intents**

Marion County is not entitled to mislead this Court. Its supposedly "limited" motion to intervene repeatedly emphasized that the motion was brought, implausibly, "for the **limited** purpose of responding to the recently filed" contempt motion and "for the limited purposes of responding to the DRO 2025 Contempt Motion." ECF 544, at 2 & 4 (emphasis in original). This statement made no sense then. It makes less now. As noted, Marion County has freely filed many responses and briefs in response to the parties' motions and other filings. The Court has never required intervention to do so. Marion County, just hours ago, filed an eight-page amicus memorandum on the contempt proceedings that was not conditioned on its participation as an intervenor.

Marion County's reply on the third motion to intervene lifted the veil on this falsehood, stating bluntly its desire instead for "participation as a party" and that the County would "fully defend the Court's monetary fines when the State appeals." ECF 562, at 2. The County admitted it seeks to gain "additional rights to participate in *defense* of any decision by this Court if *another party* appeals." ECF 562, at 7 (emphasis in original). The reply indicated that any limitation on its participation, such as its ability to "raise new claims" or "take discovery," would arise, not from the limited scope of its motion, but that any limitations must come from the court. ECF 562, at 8. The reply described a scenario of full participation, unless otherwise restricted by the Court.

In its opposition to the motion for sanctions, Marion County reaffirmed its "limited" intentions without explaining what those limitations were. ECF 571, at 7. The County does not bother to clear up the gulf of difference between a motion to intervene that "only ask[s] to

REPLY ON MOTION FOR SANCTIONS  
Page 2

Disability Rights Oregon  
511 SW 10th Avenue, 2nd Floor  
Portland, OR 97205  
(503) 243-2081

respond to a newly filed motion" and one that seeks "participation as a party" and to "defend the Court's monetary fines when the state appeals." *Compare* ECF 544, at 4 *with* ECF 562, at 8. The County may not pretend that there is no difference between these two visions for "limited" intervention. Nor may a party "perpetually alter[] their line of argument as the moment suits them" and escape sanctions. *Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 709 (7th Cir.), *opinion modified on reh'g*, 832 F.3d 699 (7th Cir. 2016). Considering the history of Marion County's past intervention attempts and the implausible claim that Marion County believed it needed to intervene to submit a 5-page memorandum, the Court can readily infer that the County has misled the Court regarding its supposedly "limited" intentions.

## II.    The County Only Reiterates Previously Rejected Arguments

While the County draws attention to the fact that its second motion to intervene is still on appeal, it nowhere cites any authority that a party is entitled to have its arguments rejected *twice* at both the district court and circuit court levels before sanctions should be leveled. The "law of the case" doctrine applies in district court proceedings where a party has lost the same argument just once before. *Morley v. Ciba-Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995) (sanctions warranted, as bringing claim previously rejected was "frivolous because it was barred by the law of the case"). An attorney's repeated "attempts to have us revisit the claims and theories rejected" previously form grounds for sanctions. *Roundtree v. United States*, 40 F.3d 1036, 1040 (9th Cir. 1994). "[E]fforts to relitigate the prior case similarly support a finding of harassment" for Rule 11 purposes. *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997), *as amended on denial of reh'g* (Mar. 26, 1997).

In granting sanctions, a court can rely the fact that the motion was "clearly filed in defiance of the court's earlier rulings." *Morley*, 66 F.3d at 25; *cf.* ECF 571, at 4-5 (characterizing critically the prior rulings of this Court on prior motions to intervene). If Marion County believes that this court and the Ninth Circuit erred in denying its first motion to intervene, its recourse was to request an *en banc* hearing from the Ninth Circuit in 2024 or to file a petition for certiorari to the U.S. Supreme Court. The time for such filings has long passed. Having wisely decided against attempting to appeal a memorandum opinion issued without argument, the County cannot choose to file repetitious motions to intervene on the theory that this Court and the Ninth Circuit's rulings in this case, rejecting these same arguments, were wrong.

The remainder of the lengthy response bears little noting. It relies heavily on fragments of unpublished, nonprecedential cases that have obvious and controlling distinctions from the present matter. For instance, the County cites *Bolooki v. Honda Motor Company* for the idea that a party can file a motion to intervene at any stage in the case, as long as the motion comes within a few weeks of an operative motion, disregarding the fact that the original complaint in *Bolooki* had been filed only six months before the motion to intervene, not 23 years earlier. *Bolooki v. Honda Motor Co.*, No. 2:22-CV-04252-MCS-AFM, 2023 WL 2626990, at *1 (C.D. Cal. Jan. 12, 2023) (motion to intervene was timely where complaint was filed in June 2022 and motion to intervene was filed in December 2022); ECF 571, at 14. The vast bulk of the response is irrelevant to the extent that the Court rejects the County's premise, that its third motion to intervene was neither frivolous nor harassing.

Marion County may not deceive this Court about its intentions as to just how "limited" its motion to intervene is. It may not repeatedly bring the same motion to intervene over and over, having lost on timeliness grounds before this Court and the Ninth Circuit. It may not repeatedly

| REPLY ON MOTION FOR SANCTIONS | **Disability Rights Oregon** |
|---|---|
| Page 4 | 511 SW 10th Avenue, 2nd Floor |
| | Portland, OR  97205 |
| | (503) 243-2081 |

invoke a frivolous theory of timely intervention, in which a movant may intervene at any time following any new motion or order, no matter how long the movant has known of its adversity to the parties. Considering its expansive and unreasonable espoused view of the timeliness doctrine, Marion County is sure to continue peppering this Court with further motions to intervene, unless sanctions issue.

DATED this 7th day of March 2025.

DISABILITY RIGHTS OREGON

/s Thomas Stenson
Hanah Morin OSB #230043
hmorin@droregon.org
Emily Cooper OSB # 182254
ecooper@droregon.org
Thomas Stenson, OSB # 152894
tstenson@droregon.org
511 SW 10th, Suite 200
Portland OR 97205
Telephone: (503) 243 2081
Facsimile: (503) 243 1738
*Counsel for Plaintiff*
*Disability Rights Oregon*

REPLY ON MOTION FOR SANCTIONS
Page 5

**Disability Rights Oregon**
511 SW 10th Avenue, 2nd Floor
Portland, OR 97205
(503) 243-2081