ELLEN F. ROSENBLUM
Attorney General
CARLA A. SCOTT #054725
SHEILA H. POTTER #993485
CRAIG M. JOHNSON #080902
Senior Assistant Attorneys General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: Carla.A.Scott@doj.state.or.us
         Sheila.Potter@doj.state.or.us
         Craig.M.Johnson@doj.state.or.us

Attorneys for Defendants David Baden and Dolores Matteucci

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID BADEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital,<br><br>Defendants. | Case No. 3:02-cv-00339-MO (Lead Case)<br>Case No. 3:21-cv-01637-MO (Member Case)<br><br>DEFENDANTS' RESPONSE IN OPPOSITION TO MARION COUNTY'S MOTION TO INTERVENE |
| JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON,<br><br>Plaintiffs,<br><br>v.<br><br>DOLORES MATTEUCCI, Superintendent of the Oregon State Hospital, in her individual and official capacity, David Baden, Director of the Oregon Health Authority, in his official | Case No. 3:21-cv-01637-MO |

Page 1 -   DEFENDANTS' RESPONSE IN OPPOSITION TO MARION COUNTY'S MOTION TO INTERVENE
         CAS/a3m/831467026

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

capacity, and PATRICK ALLEN in his individual capacity,

        Defendants,

## I.    INTRODUCTION

Marion County's Motion to Intervene should be denied as untimely. Marion County seeks to add new claims to this case over two decades after this Court issued its final judgment on the merits. Marion County cannot satisfy the intervention requirements set out in the Federal Rules of Civil Procedure, and thus its motion should be denied.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 24(a) and 24(b), both mandatory and permissive interventions require "timely motion." When evaluating timeliness, courts will evaluate three criteria: the stage of the proceeding at the time of the motion, prejudice to other parties, and the duration and reason for the delay. *United States v. Oregon.,* 745 F.2d 550, 552 (9th Cir. 1984). The question of timeliness is a matter of discretion left to the trial judge. *Orange Cnty. v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986).

## III.    ARGUMENT

Under the three criteria for the timeliness of a motion to intervene, Marion County's motion is untimely. Over two decades ago, in May of 2002, this Court issued its final judgment on the merits in this case. (Judgment, ECF 51.) Marion County's motion comes long after final judgment has issued and would prejudice the parties by converting these enforcement proceedings into a brand-new lawsuit. This Court should deny the motion.

Under the first criterion, intervention is already disfavored. "[P]ostjudgment intervention is generally disfavored because it creates delay and prejudice to existing parties." *Calvert v. Huckins*, 109 F.3d 636, 638 (9th Cir. 1997) (quotation marks and brackets omitted). Marion County's motion comes more than two decades after final judgment on the merits of this case. The State defendants are not aware of any applicable circumstances that could justify post-judgment intervention here. *Cf., e.g., United States ex*

Page 2 -    DEFENDANTS' RESPONSE IN OPPOSITION TO MARION COUNTY'S MOTION TO INTERVENE
CAS/a3m/831467026

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

*rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394–95 (9th Cir. 1992) (intervention allowed for purposes of appeal when intervenor "act[s] promptly after entry of judgment"); *Beckman Indus., Inc. v. Internat'l Ins. Co.*, 966 F.2d 470, 472–73 (9th Cir. 1992) (intervention allowed to modify protective order after case settled and while other actions were ongoing). The first criterion weighs against intervention.

The second criterion also weighs against intervention. Marion County's proposed intervention would prejudice the existing parties by converting this enforcement proceeding into a brand-new action to litigate the merits of its claims. When evaluating prejudice, district courts may consider the delay that intervention might cause to obtaining relief. *See Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 659 (9th Cir. 1978) (disallowing proposed intervenor's attempt to intervene after settlement because it would delay relief). Here, Marion County seeks to bring with it the motions practice, discovery, and trial for its claims that the State defendants are failing to meet transport obligations under the Due Process Clause and that state law requires the Oregon Health Authority to fund county services. (*See generally*, Marion County's Compl. for Decl. and Injunctive Relief, ECF 402-1.) Simultaneous litigation of those brand-new claims would undoubtedly disrupt the parties' efforts to resolve these enforcement proceedings and ultimately delay whatever relief is warranted.

The third criterion weighs against intervention as well. The present motion was not filed until June 2023, over twenty-one years after final judgment on the merits was reached in the lead case and well after the window to appeal had closed. Marion County explains that it delayed intervention because it did not learn of the impact to its interests until August 2022 and because it has been participating as *amicus*. (Mot. to Intervene at 7, 9, ECF 402.) Those explanations, however, assume that enforcement proceedings constitute a new case. They do not. Indeed, these enforcement proceedings were initiated by motion, not by a complaint.

Page 3 -   DEFENDANTS' RESPONSE IN OPPOSITION TO MARION COUNTY'S MOTION
              TO INTERVENE
          CAS/a3m/831467026                          Department of Justice
                                                     100 SW Market Street
                                                     Portland, OR 97201
                                                (971) 673-1880 / Fax: (971) 673-5000

(Metropolitan Pub. Defs. Inc.'s Mot. for Order to Show Cause, ECF 85.) The county's explanation fails as a matter of law.

Importantly, Marion County would not be prejudiced by a denial of its intervention motion. It may bring its claims in a separate suit. To the extent Marion County seeks to provide its perspective on potential consequences of any proposed agreement or court order, it may continue doing so in its role as *amicus*. This enforcement proceeding, however, is not the means by which the county may summon the parties into federal court to litigate the county's new legal claims.

## IV.   CONCLUSION

For the above reasons, this Court should deny Marion County's Motion to Intervene.

DATED June   20  , 2023.

                              Respectfully submitted,

                              ELLEN F. ROSENBLUM
                              Attorney General

                              *s/ Carla A. Scott*
                              CARLA A. SCOTT #054725
                              Senior Assistant Attorney General
                              SHEILA H. POTTER #993485
                              Deputy Chief Trial Counsel
                              CRAIG M. JOHNSON #080902
                              Senior Assistant Attorney General
                              Trial Attorneys
                              Tel (971) 673-1880
                              Fax (971) 673-5000
                              Carla.A.Scott@doj.state.or.us
                              Sheila.Potter@doj.state.or.us
                              Craig.M.Johnson@doj.state.or.us
                              Of Attorneys for Defendants

Page 4 -   DEFENDANTS' RESPONSE IN OPPOSITION TO MARION COUNTY'S MOTION TO INTERVENE
CAS/a3m/831467026

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000