Emily Cooper OSB# 182254
ecooper@droregon.org
Thomas Stenson OSB # 152894
tstenson@droregon.org
**Disability Rights Oregon**
511 SW 10th Avenue, Suite 200
Portland, Oregon 97205
(503) 243-2081
*Counsel for Plaintiff, Disability Rights Oregon*

Jesse Merrithew OSB # 074564
jesse@lmhlegal.com
**Levi Merrithew Horst PC**
610 SW Alder Street, Suite 415
Portland, Oregon 97205
(971) 229-1241

*Counsel for Plaintiff, Metropolitan Public Defender*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC.,** & **A.J. MADISON,**<br>Plaintiffs,<br>v.<br>**PAT ALLEN,** in his official capacity as head of the Oregon Health Authority, **DOLORES MATTEUCCI**, in her official capacity as Superintendent of the Oregon State Hospital,<br>Defendants. | Case No.  3:02-cv-00339-MO (Lead Case)<br>Case No.  3:21-cv-01637-MO (Member Case)<br><br>DECLARATION OF THOMAS STENSON |

| | |
|---|---|
| JAROD **BOWMAN**, JOSHAWN DOUGLAS-SIMPSON,<br>    Plaintiffs,<br><br>    v.<br><br>**DOLORES MATTEUCCI**, Superintendent of the Oregon State Hospital, in her individual and official capacity, **PAT ALLEN**, Director of the Oregon Health Authority, in his individual and official capacity,<br><br>    Defendants. | Case No.  3:21-cv-01637-MO (Member Case) |

### DECLARATION OF THOMAS STENSON

I, Thomas Stenson, declare as follows:

1. I am over the age of eighteen, have personal knowledge of the matters contained herein, and am competent to testify thereto.

2. I am the Deputy Legal Director at Disability Rights Oregon ("DRO"), the designated Protection and Advocacy system for Oregon and counsel for Disability Rights Oregon.

3. In preparation for filing the attached motion, I notified counsel for the Defendants and amici regarding this motion and offered conferral. I conferred with counsel for the Defendants and amici district attorneys and amici state court judges.

4. I also reviewed dozens of state court documents in cases originating in Marion County involving defendants found unable to aid and assist. I have also, in the course of my work, reviewed documents in criminal prosecutions involving defendants found unable to aid and assist their counsel in other counties.

5.  The model Oregon Judicial System order for committing in-custody defendants found unable to assist is routinely used by judges throughout the state. Plaintiffs previously produced this document. ECF 409-1.

6.  Until roughly February 2023, Marion County judges routinely used the statewide model form (or a close analogue to it) to commit in-custody defendants to the Oregon State Hospital after being found unable to assist.

7.  Beginning in roughly February 2023, Judge Audrey Broyles in Marion County began using a new amended format order for committing in-custody defendants to the Oregon State Hospital after being found unable to assist. In pertinent part, the new order form specifically prohibited anyone from removing a detainee committed under the order from Oregon State Hospital without permission from the committing court.

8.  A true and correct copy, except for redaction of identifying information, of an exemplar order issued on March 8, 2023 is attached as Exhibit A.

9.  A true and correct copy, except for redaction of identifying information, of an order issued in December 2022 is attached as Exhibit B. Exhibit B relates to the same defendant and the same criminal case addressed in Exhibit A.

10. The docket in the case of the defendant committed to OSH by the orders in Exhibit A and Exhibit B shows a docket entry on March 6, 2023, two days before the issuance of the order in Exhibit A. The docket entry for March 6 indicates "Notice-Release," which typically indicates that OSH has reported to the court that the defendant is subject to imminent release. Plaintiffs are unable to view the notice itself because of limitations on who may view the order. A similar notice of return from OSH is indicated on the docket of that case on February 23, 2023.

11. In the spring and summer of 2023, other judges in Marion County began issuing similar amended commitment orders, typically shortly before the time for commitment permitted by this Court would expire. The Marion County judges' orders used identical language to that in Exhibit A prohibiting the release of detainees committed under the order except by direct authorization of the issuing court. Judge Broyles continued using similar language in further commitment orders issued in the spring and summer of 2023.

12. In late July, I received emails indicating that Defendants had notified counsel for amici that seven detainees had overstayed the time permitted for their detention under this Court's orders. Most of those detainees had overstayed the window of detention outlined by this Court by several months.

13. Upon review of electronic court records, two of those detainees were released to community placement shortly thereafter. In two other cases, the Marion County District Attorney filed petitions in Marion County state court on July 31, 2023 to extend time for detention, citing the provisions of this Court's July 2023 order. Those petitions have not yet been adjudicated, and those two detainees remain at OSH.

14. Three more of those detainees identified by Defendants remain at OSH, and no petitions to extend the permissible time for detention have been filed. While the Marion County District Attorney's Office briefly indicated willingness to enter the mediation process described in the July 2023 order, they later declared any mediation process would be futile. ECF 416, at 5. As a result, no mediation involving any of these individual criminal cases has taken place or is scheduled.

15. Many more Marion County detainees confined to OSH have similar language prohibiting their removal except by permission of the Marion County Court. In the next weeks and months, Plaintiffs anticipate numerous aid-and-assist defendants will see the permissible window for their detention under this Court's order expire.

16. Attached as Exhibit C is a true and correct copy of Dr. Pinals' Sixth Neutral Expert's Report to the Court.

17. A true and correct copy, except for redaction of identifying information, of an order issued on August 9, 2023 by Judge Audrey Broyles authorizing the continued detention of a detainee is attached as Exhibit D.

18. A true and correct copy, except for redaction of identifying information, of an order issued on August 9, 2023 authorizing the continued detention of a detainee by Judge Jodie Bureta of Marion County is attached as Exhibit E.

19. The orders presented to the Court are not exhaustive and are presented to the court as exemplars of a larger practice in the Marion County courts. In the event the Court desires more information regarding the typical practices in Marion County courts or the Court desires unredacted documents, Plaintiffs can oblige.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

DATED this 10th day of August, 2023 in Portland, Oregon.

    /s/ Thomas Stenson
Thomas Stenson OSB # 152894