CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

STATE OF OR~ ~ON
Marion County Circu.ii Courts

MAR 08 2023

FILED

_Verified Correct Copy of Original 3/8/2023._

| | | |
|---|---|---|
| STATE OF OREGON | ) | CASE NO: ▮▮▮▮ |
|     Plaintiff, | ) | |
| | ) | DA NO: ▮▮▮▮ |
| | ) | |
| | ) | **AMENDED** |
| v. | ) | **ORDER FINDING THE DEFENDANT** |
| | ) | **UNFIT TO PROCEED AND COMMIT TO** |
| | ) | **TO OSH (ORS 161.370)** |
| ▮▮▮▮ | ) | |
|     Defendant. | ) | |

**The Court, upon receipt of a 30 Day Notice of End of OSH Jurisdiction Pursuant to Federal Court Order, has conducted a review of the file and court records specific to Defendant, and submits the following amended order:**

This matter came before the Court for a determination of Defendant's fitness to proceed pursuant to ORS 161.370.

The Court finds that Defendant is charged with the following offenses (listed in order of seriousness by crime classification):

| Crime Name: | Crime ORS#: | Felony/Misd/Viol: | Maximum Sentence: | Booking Date: |
|---|---|---|---|---|
| Criminal Mischief 2nd | 164.354 | Misdemeanor/A | 364 days | 12/8/22 |

Based on the Court's review and consideration of:
- ☐ The report of certified evaluator, ORS 161.365(3));
- ☐ Consultation from the community mental health program (CMHP);
- ☐ The Court's inquiry and observation of defendant at the hearing;
- ☐ The defense counsel's representation;
- ☐ Input from the victim;
- ☒ Other information provided, to wit: Courts review of case

**THE COURT,** being fully informed, **FINDS:**

1. The Defendant is not fit to proceed;

2. ☐ The most serious offense in the charging instrument is a FELONY. Defendant, who is at least 18 years old, requires a hospital-level-of-care due to: (a) public safety concerns; **or** (b) the acuity of symptoms of Defendant's qualifying mental disorder; **and** (c) that the appropriate community restoration services are not present and available in the community.

Verified Correct Copy of Original 3/8/2023

3.  ☒ The most serious offense in the charging instrument is a MISDEMEANOR *(check one)*

    ☒ The court received: (a) a recommendation from a certified evaluator that Defendant requires a hospital-level-of-care due to the acuity of symptoms of Defendant's qualifying mental disorder; **and** (b) a recommendation from the CMHP that appropriate community restoration services are not present and available in the community for Defendant; **or**

    ☐ The court finds that Defendant: (a) requires a hospital-level-of-care due to the acuity of symptoms of Defendant's qualifying mental disorder; (b) there are public safety concerns; **and** (c) appropriate community restoration services are not present and available in the community.
    ☐ Case is connected to a Felony

It is therefore **ORDERED**:

1.  The criminal proceeding against Defendant, in the aforementioned matter, is suspended.

2.  Defendant is committed to the custody of the Superintendent of the Oregon State Hospital (OSH).

3.  Transportation: *(check one)*

    ☒ The Sheriff's Office/Department in the committing jurisdiction shall **transport** Defendant from the jail to OSH in Salem, Oregon, Oregon State Hospital shall admit defendant to OSH. **The Defendant may not be returned from OSH absent an order from the committing court. The committing court may issue an order allowing transport upon receipt of a current progress report, as contemplated by ORS 161.371, detailing the defendant's fitness to proceed, amenability to community restoration and necessity for a hospital level of care given existing public safety concerns. The court may set a hearing upon receipt of said report or at the request of either party.**

    ☐ Defendant shall **voluntarily appear** at OSH in Salem, Oregon at the date, time and location to be determined by OSH. The Sheriff's Office/Department shall **transport** Defendant from OSH to jail upon notification from OSH.

10. Defendant is committed to OSH for a maximum period of time, not to exceed:

    ☐ 3 years (if charges are Felony C, B, or A);
    ☒ 1 year (Misdemeanor); or
    ☐ Other _____(maximum of all pending charges; but cannot exceed 3 years).

11. The effective date for calculating this legal status is *(mark one)*:

    ☐ The charging instrument includes a charge for Aggravated Murder or a crime listed in ORS 137.700(2). OSH shall calculate Defendant's maximum commitment to OSH from the date of this Order; or

    ☒ The charging instrument **does not** include a charge of Aggravated Murder or a crime listed in ORS 137.700(2). OSH shall calculate Defendant's maximum commitment to OSH based on the Defendant's booking/arrest date, giving credit for each day Defendant is held in jail both before and after Defendant's commitment under this Order.

_ Verified Correct Copy of Original 3/8/2023._

12. Disclosure of Records:

  a.  Medical Providers: Any public bodies and private medical providers, in possession of records concerning Defendant shall release those records to OSH for the purpose of, and use in, Defendant's fitness to proceed. These documents shall be provided to OSH within **5 business days** of receipt of this Order. The Oregon Youth Authority, the Department of Corrections, a community college district or service district, a public university, a school or education service district must, after notifying OSH, provide the requested records within 15 business days of receipt of this Order unless good cause exists.

  b.  ☒ *(Optional; check if applies)* Substance Use Treatment Records: To the extent any information or records described in subsection 6(a) of this Order relate to a substance use disorder diagnosis or treatment, as defined in 42 C.F.R. Part 2, ORS 430.399(6) and ORS 430.475(2), the court finds that: (i) disclosure is not for the purpose of criminal investigation and prosecution; (ii) the information or records shall be used solely for the purpose of evaluating Defendant's fitness to proceed; (iii) other ways of obtaining the information are not available or would not be effective; and (iv) the public interest in and need for disclosure outweigh the potential injury to Defendant's relationship with treatment providers. The court orders any public bodies and private providers to disclose to OSH the minimally necessary records and information that is essential to fulfill the objectives of this Order.

  c.  Parties and Sheriff's Office/Department: The District Attorney, defense attorney, and Sheriff's Office/Department shall provide all non-privileged pertinent information about Defendant to OSH within **5 business days** of this Order.

  d.  Disclosure to Defense Counsel:

      (i) The OSH certified forensic evaluator, who issued the report pursuant to ORS 161.365 or ORS 161.370, may disclose Defendant's information protected under state and federal privacy laws to defense counsel pursuant to this Order.

      (ii) Upon written request to the OSH Records Custodian, OSH may disclose to defense counsel Defendant's designated medical record or protected health information. Nothing in this Order permits disclosure of Defendant's patient records and information, otherwise prohibited by law, to the State or any other entity or individual not specified in this Order.

### NOTICE OF FIREARMS PROHIBITION

The court has found that Defendant is not able to assist their lawyer represent them in their criminal case. As a result, federal law prohibits Defendant from having or buying firearms (guns or ammunition). The Oregon Judicial Department is required to report to the Oregon State Police that this firearms restriction applies to Defendant.

Further proceedings are set on

DATED: __3-8-23__                        _____
                                          Circuit Court Judge

Defense Attorney                          Deputy District Attorney
Name: Laura Schifano                      Name: Evelyn Centeno
Email: laura@schifanolaw.com              Email: ecenteno@co.marion.or.us