Keith M. Garza, OSB No. 940773
Law Office of Keith M. Garza
P.O. Box 68106
Oak Grove, Oregon  97268
(503) 344-4766
keithgarza@comcast.net

Attorney for *Amici* Judges Matthew Donohue, Jonathan Hill, Kathleen Proctor, and Nan Waller

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABLEITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON, <br><br>　　Plaintiffs, <br><br>　v. <br><br>DAVID BADEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital, <br><br>　　Defendants. <br><br>JAROD BOWMAN and JOSHAWN DOUGLAS-SIMPSON, <br><br>　　Plaintiffs, <br>　v. | Case No. 3:02-cv-00339-MO (Lead Case) <br> Case No. 3:21-cv-01637-MO (Member Case) <br> Case No. 6:22-cv-01460-MO (Member Case) <br><br><br> ***AMICI* JUDGES' SUBMISSION RE PLAINTIFFS' PROPOSED ORDER ON MOTION TO COMPEL COMPLIANCE** <br><br><br><br><br><br><br><br><br> Case No. 3:21-cv-01637-MO (Member Case) |

Page 1 – *AMICI* JUDGES' SUBMISSION ON PLAINTIFFS' PROPOSED ORDER ON MOTION TO COMPEL COMPLIANCE

| | |
|---|---|
| DOLORES MATTEUCII, Superintendent of the Oregon State Hospital, in her official capacity, and DAVID BADEN, Interim Director of the Oregon Health Authority, in his official capacity, and PATRICK ALLEN, in his individual capacity,<br><br>　　　　　Defendants.<br><br>LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES OREGON, and ST. CHARLES HEALTH SYSTEM,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DAVID BADEN, in his official capacity as Director of Oregon Health Authority,<br><br>　　　　　Defendant. | Case No. 6:22-cv-01460-MO (Member Case) |

The *amici* judges respectfully submit that plaintiffs' proposed form of order on the motion to compel compliance is problematic in a number of respects:

First, in the introductory paragraph, the order should acknowledge that it is premised not only on the "papers filed" but also on the arguments of counsel.

Second, paragraph (1) is objectionable as a matter of proper judicial notice for the reasons stated by the judges in their earlier submissions. (*See* ECF 365 at 8 and ECF 435 at 6.) In short, there is no basis in the record on the motion to compel compliance that would support

Page 2 – *AMICI* JUDGES' SUBMISSION ON PLAINTIFFS' PROPOSED ORDER ON MOTION TO COMPEL COMPLIANCE

judicial notice that "circuit courts throughout the state of Oregon have been holding hearings[.]" Moreover, ascribing to the circuit court judges in Marion County purposeful intent to "thwart" this Court's order also is not a fact "generally known within the trial court's territorial jurisdiction" or one that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1), (2). Finally, use of the word "detainees" to describe individuals receiving restoration treatment at OSH—rather than the term "patients" as used in the amended remedial order—seems inappropriate.

Third, there is no dispute but that the Court's July 2023 amended remedial order remains in effect. Consequently, paragraph (2) is unnecessary.

Fourth, as the judges noted in their brief last month (ECF 435), paragraph (3) appears to do little more than announce what Article VI, paragraph 2, of the United States Constitution provides and, therefore, also is unnecessary. At the same time, certain of the proposal's listed elements (referring to contrary but unspecified state constitutional provisions, for example), seem to go further than that which was before the Court and tend to create ambiguity regarding the Court's intent.

Fifth, and finally, the wording in paragraph (4) in multiple instances lacks clarity. As examples: providing for a declaration rather than an ORDER premised on a FINDING and describing state court orders that "tend to * * * impair the release of" patients from OSH. Direct wording, along the lines of that used at the hearing would seem to everyone's benefit and decrease the potential need for further Court enforcement efforts (*e.g.*, restrictions in state court orders on the discharge of patients who have reached their maximum time for inpatient

Page 3 – *AMICI* JUDGES' SUBMISSION ON PLAINTIFFS' PROPOSED ORDER ON MOTION TO COMPEL COMPLIANCE

restoration at OSH as set out in the July 2023 amended remedial order are void and unenforceable).

Respectfully submitted September 7, 2023.

                                              */s/ Keith M. Garza*
Keith M. Garza, OSB No. 940773

Law Office of Keith M. Garza
P.O. Box 68106
Oak Grove, Oregon  97268
(503) 344-4766
keithgarza@comcast.net

Attorney for *Amici* Judges