Emily Cooper OSB# 182254
ecooper@droregon.org
Thomas Stenson OSB # 152894
tstenson@droregon.org
**Disability Rights Oregon**
511 SW 10th Avenue, Suite 200
Portland, Oregon 97205
(503) 243-2081
*Counsel for Plaintiff, Disability Rights Oregon*

Jesse Merrithew OSB # 074564
jesse@lmhlegal.com
**Levi Merrithew Horst PC**
610 SW Alder Street, Suite 415
Portland, Oregon 97205
(971) 229-1241

*Counsel for Plaintiff, Metropolitan Public Defender*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC.,** & **A.J. MADISON,** Plaintiffs, v. **PAT ALLEN,** in his official capacity as head of the Oregon Health Authority, **DOLORES MATTEUCCI**, in her official capacity as Superintendent of the Oregon State Hospital, Defendants. | Case No. 3:02-cv-00339-MO (Lead Case) Case No. 3:21-cv-01637-MO (Member Case) DECLARATION OF THOMAS STENSON |

| | |
|---|---|
| JAROD **BOWMAN**, JOSHAWN DOUGLAS-SIMPSON,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>**DOLORES MATTEUCCI**, Superintendent of the Oregon State Hospital, in her individual and official capacity, **PAT ALLEN**, Director of the Oregon Health Authority, in his individual and official capacity,<br><br>　　　　　Defendants. | Case No.  3:21-cv-01637-MO (Member Case) |

### DECLARATION OF THOMAS STENSON

I, Thomas Stenson, declare as follows:

1. I am over the age of eighteen, have personal knowledge of the matters contained herein, and am competent to testify thereto.

2. I am the Deputy Legal Director at Disability Rights Oregon ("DRO"), the designated Protection and Advocacy system for Oregon and counsel for Disability Rights Oregon.

3. In preparation for filing the attached motion, I reviewed state court documents in cases pertaining to the Velasquez-Sanchez matter and to the contempt proceedings springing out of it. The case history reported in the motion is true to the best of my knowledge.

4. I also conducted a search of the Oregon state electronic court records, searching for other cases a) located in Marion County, b) with a status of "pending fitness to proceed" (the designation for criminal cases where a defendant has been deemed unable to aid and assist their attorney), and c) to which Judge Audrey Broyles was assigned.

5.      I identified more than a dozen such cases. I found in each such case an order dated on March 12 or 13, 2024, reassigning the matter from Judge Broyles to another Marion County judge. I identified no current matters—other than the Velasquez-Sanchez matter, which was subject to a stay—where Judge Broyles remained the assigned judge to a defendant found unable to aid and assist who was either committed to jail or the state hospital. While individual cases are occasionally reassigned to one judge or another, I have never before identified such a systemic and concerted effort to remove a judge from a whole category of cases.

6.      Following the March 12, 2024 hearing in the Velasquez-Sanchez matter, I ordered the audio recording of the hearing. Considering the short time frame for the briefing outlined by the county's expedited motion, I did not have time to have it transcribed. I listened to and transcribed portions of the hearing, as follows:

Judge Broyles (10:40-11:10): The only reason we are here is because of this ridiculous federal order that puts everyone in danger, without any consequence or any consideration of public safety or victim's rights.

Judge Broyles (11:35-11:50): When we were here on the 9th because of the ill-conceived Mosman order, I fashioned an order that I believed alleviated his concern, which is bed space . . .

Judge Broyles(12:18-12:35): And I welcome appellate review, but I welcome it from our state, not the federal court. The federal court is legislating from the bench and has no business doing that.

Judge Broyles (14:30- 14:55): The absurdity of this order by Judge Mosman is profound. . . . If a person is deemed a public safety risk and yet their "magical" time period according to Mosman is up, they are returned to the jail or to the streets. . . .

Judge Broyles (20:57-21:43): This court cannot and will not abdicate its one responsibility for a work around a federal order that claims that everything is a Supremacy Clause issue, while neutering state courts' ability to protect victims, communities, as well as the defendant. The defendant's untreated incarceration is not because of something this court and the state statutes mandate. The untreated incarceration of Mr. Velasquez-Sanchez lies squarely at the feet of the federal order. I implore counsel to seek appellate review in our state courts of this order.

Judge Broyles (22:01-22:40): The federal court, Judge Mosman, has found that my alternative, a very workable alternative, is protected under the guise of the Supremacy Clause, and there is a mandamus with the Supreme Court whether or not my order is invalid. And that's where we leave this. But it certainly leaves open the potential for Ms. Vlach-Ing or any party wanting to pursue appellate action to do that. And I would really encourage that. I will respect any order that comes out of the state court, but I cannot rectify or abdicate my responsibilities under the federal order. I do not recognize that.

7.      In the event the Court desires the audio file from the hearing, Plaintiffs can turn over the audio file. Unless another party has a complete transcript of the hearing, Plaintiffs would need time to have the recording transcribed.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

DATED this 2nd day of April, 2024 in Portland, Oregon.

       /s/ Thomas Stenson  
       Thomas Stenson OSB # 152894