Steve Elzinga, OSB# 123102
John Pettifer, OSB# 223402
Marion County Legal Counsel
*selzinga@co.marion.or.us*
*jpettifer@co.marion.or.us*
555 Court Street N.E.
PO Box 14500
Salem, OR 97301
Telephone: (503) 588-5220
Attorney for Marion County

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON,<br><br>*Plaintiffs*,<br><br>v.<br><br>SAJEL HATHI, in her official capacity as head of the Oregon Health Authority, and SARA WALKER, in her official capacity as Superintendent of the Oregon State Hospital,<br><br>*Defendants*.<br><br><br>JAROD BOWMAN and JOSHAWN DOUGLAS- SIMPSON,<br><br>*Plaintiffs*,<br><br>v.<br><br>SARA WALKER, Interim Superintendent of the Oregon State Hospital, in her official capacity, SAJEL HATHI, Director of the Oregon Health Authority, in her official capacity,<br><br>*Defendants*. | 3:02-cv-00339-MO (Lead Case)<br>3:21-cv-01637-MO (Member Case)<br><br>**MARION COUNTY'S RESPONSE TO PLAINTIFF DISABILITY RIGHTS OREGON'S MOTION FOR A RULE TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT, AND FOR A REMEDIAL ORDER** |

COMES NOW, Marion County, Oregon, by and through counsel, submitting this Response, part in support and part in opposition, to Plaintiff Disability Rights Oregon's Motion for a Rule to Show Cause Why Defendants Should Not Be Held in Contempt, and For a Remedial Order. Marion County supports finding the state Defendants in contempt and imposing monetary sanctions. Marion County opposes the request of Plaintiff Disability Rights Oregon ("DRO") that Defendants modify admission and discharge for the state hospital.

## RESPONSE

1. **Marion County Agrees with DRO that State Defendants are in Contempt.**

State Defendants' contempt is obvious, as DRO ably lays out in their motion. The original Plaintiff filed their initial action more than two decades ago and Defendants are still failing to meet the needs of mentally ill Oregonians. Patients continue to languish in jails for more than 7 days. This must stop.

2. **Marion County Agrees with DRO that Monetary Sanctions are Appropriate Following the Successful Washington Case.**

Marion County agrees with DRO that monetary fines as civil contempt penalties are appropriate in this matter. State Defendants have a long history of not complying or even making a serious effort to comply. The length of this case—initiated in 2002—shows the necessity of civil penalties. They are the only way to get the state to take the steps necessary to solve this crisis.

For example, despite projecting an 11.5% increase in total revenue ($35.6 billion increase), the Governor's 2025-2027 Recommended Budget talks about "stabilizing" the state

hospital while proposing zero increase in hospital **capacity**.[1] The OHA Director's December 2024 "listening tour" report doesn't even mention the state hospital.[2]

The state of Washington had a problem similar to Oregon. In *Trueblood v. Washington,* C14-1178-MJP (W.D. Wash. 2016) (Doc. 289) the Washington State Department of Social and Human Services was sued due to it taking too long to complete competency evaluations and restoration services for people detained in jail. The case was initiated on August 14, 2014, and on April 2, 2015, the Court issued a permanent injunction ordering the Plaintiffs to cease violating the constitutional rights of Plaintiff class members. After the Defendants failed to meet the compliance deadlines, much like in this case, Judge Marsha J. Pechman found the Defendants in contempt on July 7th, 2016. The Contempt ordered levy contempt fines of $500 per day for each class member who was waiting in jail for more than seven (7) days but less than fourteen (14) days for an evaluation. For each class member who has waited fourteen (14) days or more, the fine jumped to $1,000 per day. In her Order Judge Pechman stated, "the court is also mindful of Defendants' lengthy history of ignoring court orders, Defendants' inability to provide the Court with a date by which compliance can be achieved, and Defendants' failure to prioritize the constitutional rights of class member while making decisions as to how to bed space at the state hospitals is allocated." All three of those factors are likewise present in our current case. The Court concluded by finding the sanctions were the minimum necessary to obtain compliance.

These civil contempt fines motivated the state of Washington to take meaningful action. The state purchased a closed hospital and quickly staffed it. The state went from five hundred

---

[1] 2025-2027 Governor's Budget, State of Oregon, https://www.oregon.gov/das/financial/documents/2025-27_gb.pdf, *compare* p. 10 *with* pp. 53-54.
[2] Oregon Health Authority, OHA Director 2024 Statewide Listening Tour (Dec. 2024) https://www.oregon.gov/oha/Documents/OHA-2024-Listening-Tour-Report_12.2024.pdf

(500) people stuck behind bars awaiting treatment to fifteen (15) people after the purchase of the hospital.[3] After over twenty years of taking inadequate action, the only way to make the Defendants take adequate action is to impose civil contempt fines. Here, inflation-adjusted equivalent fines would be $655.56[4] per person per day for waiting days 8-13 and $1,311.12 per person per day for waiting days 14+.

### 3. DRO's Major Legislative Policy Changes Would Harm Patients and the Public.

DRO also suggests major legislative policy changes to exclude more patients through admission and discharge standards.  Motion at 25.  For example, limiting misdemeanor and status offender referrals to the state hospital, discharging aid and assist patients on the Ready to Place List if placement is not found within thirty (30) days, and discharging PSRB patients on the Ready to Place list if placement is not found within sixty days.  If these recommendations were implemented, they would seriously endanger patients and public safety.

As a practical matter, there are simply not enough community placements available to place individuals on the Ready to Place list within the time limits being suggested by DRO.  In their own motion, DRO acknowledges that the state has failed to fund and build out robust community behavioral health system, Motion at 20, and that numerous barriers remain to community restoration, Motion at 23.  Throughout their motion, DRO mentions the failure of the State of Oregon to adequately fund mental health services and placements.  There is simply not enough bed capacity or money to meet an increased demand for community placements—demands that will be placed on Marion County and other underfunded counties.

---

[3] KGW8, *Washington makes major progress on crisis of mentally ill defendants stuck in jails*, (Sep. 17, 2024) https://www.kgw.com/article/news/investigations/washington-makes-major-progress-crisis-mentally-ill-defendants-waiting-in-jails/281-74157b92-f738-449b-bde2-f6215ddc1f49

[4] Washington case dollar amount of $500 in July 2016 order adjusted for inflation to November 2024 according to U.S. Bureau of Labor Statistics CIP Inflation Calculator. https://www.bls.gov/data/inflation_calculator.htm

These patents deserve and require hospital-level care. But if they are excluded from the state hospital, given the unfortunate lack of community placements, many unwell individuals would simply be released onto the streets without any care at all. Without proper hospital-level care or even a makeshift community placement to provide some supports, it is likely the released and untreated individuals would reoffend and end up where they started: in jail. The cycle of harm would continue. The risk to patients and the public is too great to roll the dice.

Even worse, if no misdemeanor defendants were ever sent to the state hospital at all, that would be like handing out "get out of jail free" cards to all untreated persons previously released after being adjudicated unable to aid and assist. They would be effectively told they can re-offend all they want as long as they don't loot, steal, or damage more than $1,000 of property at a time (ORS 164.045; ORS 164.125; ORS 164.354).

Potentially impacted misdemeanor charges in Oregon include Assault in the fourth degree (ORS 163.160), Sexual abuse in the third degree (ORS 163.415), Sexual Misconduct (ORS 163.445), Public Indecency (ORS 163.465), Strangulation (ORS 163.187), Menacing (ORS 163.190), and Theft in the second and third degrees (ORS 164.043, 164.045). The harm to unwell individuals and the community would be immense. There is no need for such a risky experiment when financial sanctions have not yet been tried.

DRO also proposes an "external study" to evaluate the situation. Motion at 25. But another "study" isn't needed to know that the primary issue is lack of capacity. DRO rightly points out that "OHA commissioned a study, published last year, that indicated that Oregon needed an estimated 8,103 beds for mental health and substance use treatment, of which the state had only 4,033 beds at the time." Motion at 22. The study found OHA would need 102 Mental Health Residential Facility beds, 198 Secure Residential Treatment Facility beds, 2,357

Substance Use Disorder Beds, and 571 Withdraw Management Facility beds to meet the current demand for community placement.[5] The study indicates OHA only has plans to add a total of 356 new mental health residential, SUD residential, and withdraw management beds.[6]

Playing musical chairs within insufficient capacity does not solve the problem. It only chooses who to exclude from receiving hospital-level care. Yet, all these patients deserve timely placement with hospital-level care to give them the best hope of restoration. Only adding additional state hospital capacity can remedy the constitutional violation here.[7] Imposing monetary fines is the best way to compel the state to finally take this problem seriously.

## CONCLUSION

Marion County urges the Court to adopt financial sanctions mirroring the Washington federal district court. It is time to end the state's lackadaisical acceptance of contempt through use of financial sanctions that will compel the state to add mental health capacity.

DATED this 9th day of January, 2025.

Respectfully submitted,

MARION COUNTY LEGAL COUNSEL

*s/ Steve Elzinga*
Steve Elzinga, OSB# 123102
Of Attorneys for Proposed Limited Intervenor
Marion County
555 Court St. N.E., Suite 5242
PO Box 14500
Salem, OR 97309
Telephone: (503) 588-5220
Email: selzinga@co.marion.or.us

---

[5] Public Consulting Group, *Oregon Behavioral Health Residential & Facility Study—Final Report*, at 10 (June 2024) at https://www.oregon.gov/oha/HSD/AMH/DataReports/Behavioral-Health-Residential-Facility-Study-June-2024.pdf

[6] *Id.* at 9.

[7] Notably, the state frequently complains about difficulty recruiting qualified staff at the state hospital in Salem as a primary barrier to service. Adding new state hospital capacity in the Portland metropolitan area would tap into a much larger staff talent pool, provide treatment for many patients closer to their families, and reduce logistical burdens for Multnomah County, which is the largest contributor of patents to the state hospital.

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing MARION COUNTY'S RESPONSE TO PLAINTIFF DISABILITY RIGHTS OREGON'S MOTION FOR A RULE TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT, AND FOR A REMEDIAL ORDER upon interested counsel by the following indicated method on the date set forth below:

<u>XX</u>   By electronic means through the Court's Case Management/Electronic Case File system on the date set forth below;

___   By faxing a copy thereof to each attorney at each attorney's last-known facsimile number on the date set forth below;

___   By mailing a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the attorney's last-known office address listed above and causing it to be deposited in the U.S. mail at Salem, Oregon on the date set forth below;

___   By causing a copy thereof to be hand-delivered to said attorney at each attorney's last-known office address listed above on the date set forth below;

Dated this 9th day of January, 2025

*s/ Steve Elzinga*
Steve Elzinga, OSB# 123102
Of Attorneys for Proposed Limited Intervenor
Marion County
555 Court St. N.E., Suite 5242
PO Box 14500
Salem, OR 97309
Telephone: (503) 588-5220
Email: selzinga@co.marion.or.us