Emily Cooper OSB 182254
ecooper@droregon.org
Thomas Stenson OSB 152894
tstenson@droregon.org
David Boyer OSB 235450
dboyer@droregon.org
Hanah Morin OSB 230043
hmorin@droregon.org
Disability Rights Oregon
511 SW 10th Avenue, Suite 200
Portland, Oregon 97205
(503) 243-2081
*Counsel for Plaintiff, Disability Rights Oregon*

UNITED STATES DISTRICT COURT DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., & A.J. MADISON,** Plaintiffs, <br><br> v. <br><br> **SAJEL HATHI,** in her official capacity as head of the Oregon Health Authority, **& SARA WALKER**, in her official capacity as Superintendent of the Oregon State Hospital, Defendants. <br><br> **JAROD BOWMAN** and **JOSHAWN DOUGLAS-SIMPSON**, Plaintiffs, <br><br> v. <br><br> **SARA WALKER**, Interim Superintendent of the Oregon State Hospital, in her official capacity, **SAJEL HATHI**, Director of the Oregon Health Authority, in her official capacity, Defendants. | Case No. 3:02-cv-00339-AN (Lead Case) <br> Case No. 3:21-cv-01637-AN (Member Case) <br><br> MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF DISABILITY RIGHTS OREGON'S MOTION FOR ATTORNEY'S FEES AND COSTS |

//

//

//

MEMORANDUM OF LAW
Page 1

Disability Rights Oregon
511 SW 10th Avenue, 2nd Floor
Portland, OR 97205
(503) 243-2081

## I.   INTRODUCTION

Plaintiff Disability Rights Oregon ("DRO") files this motion seeking an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d). On January 7, 2025, Plaintiff DRO filed a motion for an order to show cause why defendants should not be held in contempt (the "contempt motion"), sought civil contempt sanctions in the form of monetary fines, and requested a modification of the Court's remedial order. On June 6, 2025, this Court granted DRO's motion, ordered monetary sanctions in the amount of $500.00 per class member per day, and issued several remedial measures. Op. & Order of June 6, 2025, ECF [604], at 10.

Plaintiff DRO respectfully submits this motion for attorney's fees and costs consistent with this motion. For the reasons set forth below, the attorney's fees and costs that the Plaintiff's counsel incurred, and now seeks to recover, are reasonable and fair.

## II.   BACKGROUND

In 2002, Plaintiffs brought this action seeking a federal court order compelling Defendants to more expeditiously admit individuals found unable to aid and assist. On April 8, 2002, Judge Panner issued a permanent injunction, ensuring "that persons who are declared unable to proceed to trial pursuant to ORS § 161.370(2) be committed to the custody of the superintendent of a state hospital designated by the Department of Human Services as soon as practicable[,]" and that such admissions "be done in a reasonably timely manner, and completed not later than seven days after the issuance of an order determining a criminal defendant to be unfit to proceed to trial[.]" Findings of Fact & Concls. of L., ECF [47], at 1. The Ninth Circuit affirmed this ruling. *Or. Advoc. Ctr. v. Mink*, 322 F.3d 1101, 1121-22 (9th Cir. 2003). Over the last 23 years, Disability Rights Oregon has worked to enforce that order.

MEMORANDUM OF LAW  
Page 2

**Disability Rights Oregon**  
511 SW 10th Avenue, 2nd Floor  
Portland, OR  97205  
(503) 243-2081

In October 2018, Defendants began to fall out of compliance and have largely remained out of compliance since. In May 2019, Plaintiffs filed a motion for contempt, which was not granted, though in June 2019 the Court ordered the Defendants to come into compliance within 90 days. Dkt. 127. Throughout the pandemic, the Court gave the Defendants latitude in admitting patients found unable to aid and assist. In 2021, the parties of *OAC v. Mink* and *Bowman v. Matteucci* entered into an interim settlement agreement to consolidate both cases and to appoint Dr. Debra Pinals as the neutral expert. Stip. Mot. to Appoint Neutral Expert, ECF [238]. In 2022, *Bowman* and *Mink* were consolidated. Order of December 21, 2021, ECF [240].

At the status hearing on November 18, 2024, the Defendants stipulated that they were out of compliance with the Court's order and that they did not have a timeline for coming back into compliance. Status Conf. 27:3-4, November 18, 2024. The Court raised sua sponte whether a motion for contempt was appropriate. *Id* at 28:1-10.

On January 7, 2024, Plaintiff Disability Rights Oregon ("DRO") filed the contempt motion, because, as the Court later stated, "with little exception, defendants have been persistently out of compliance with the Court's Permanent Injunction since 2018." Op. & Order of June 6, 2025, ECF [604], at 10. On June 6, 2025, this Court granted Plaintiff DRO's motion. *Id*. In addition to the contempt pleadings, Plaintiff DRO also filed a list of exhibits to support our motion for contempt (*see* ECF (587-1 through 587-12; 582) and responses to the Hospital Amicus Brief (ECF 552) and Marion County's Third Motion to Intervene (ECF 549).

### III.  ARGUMENT

Courts have held that, in the context of 42 U.S.C. § 1988, post-judgment monitoring of a consent decree is a compensable activity for which counsel is entitled to a reasonable fee. *Pennsylvania v. Delaware Valley Citizens' Council,* 478 U.S. 546, 559 (1986). This Court has

MEMORANDUM OF LAW
Page 3

**Disability Rights Oregon**
511 SW 10th Avenue, 2nd Floor
Portland, OR 97205
(503) 243-2081

broad authority to enforce its injunction, including granting Plaintiffs' attorney's fees. Accordingly, "the trial court should have the discretion to analyze each contempt case individually and decide whether an award of fees and expenses is appropriate…" *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985).

**A.   Plaintiff DRO is entitled to an award of attorney's fees and costs as the prevailing party.**

Under 42 U.S.C. § 1988, awarding attorney's fees is "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The sole underlying claim in the original complaint is a Fourteenth Amendment claim brought by and through Section 1983. Dkt. 1, at 7. Plaintiffs noted that the provisions of the Civil Rights Act's attorney's fees provisions applied. Dkt. 1, at 9 (requesting attorney's fees pursuant to 42 U.S.C. § 1988). The purpose of the Civil Rights Attorney's Fees Awards Act is to ensure effective access to the judicial process for persons with civil rights grievances, and accordingly, a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances render such an award unjust. *Id*.

A prevailing party is one who succeeds on "any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit...." *Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 788 (1989), quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278-79 (1st Cir. 1978). "A plaintiff 'prevails' for purposes of § 1988 'when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 715 (9th Cir. 2013) (quoting *Farrar v. Hobby*, 506U.S. 103, 111–12 (1992)).

Here, Plaintiff DRO is a prevailing party as the Court found that defendants are in contempt, ordered monetary sanctions in the amount of $500.00 per class member per day, and issued several remedial measures. These are amongst the remedies requested in DRO's contempt motion, and they strike at the heart of DRO's legal interest in this case. As the prevailing party, Plaintiffs are entitled to reasonable attorney's fees under 42 U.S.C. § 1988.

B.     The Requested Attorney's Fees and Costs are Reasonable.

Under § 1988, a "reasonable attorney's fee" is one that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case. *Kelly v. Wengler*, 822 F.3d 1085 (9th Cir. 2016) (upholding fees incurred in motion for contempt in civil rights matter). The fees to be awarded under 42 U.S.C. § 1988 should be determined by the facts of the individual case. *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Attorney's fees should be calculated using the lodestar method. First, to determine the lodestar amount, the Court should multiply the number of hours reasonably spent on the litigation by reasonable hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), *abrogated on other grounds by Tex. State Teachers Ass'n. v. Garland Indep. Sch. Dist.*, 489 U.S. 782 (1989). Second, the court should determine whether to modify the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure. *See Perdue,* 559 U.S. at 553–54; *Morales v. City of San Rafael,* 96 F.3d 359, 363–64 & n. 8 (9th Cir.1996), *as amended on denial of reh'g,* 108 F.3d 981 (9th Cir.1997).

There is a strong presumption that the lodestar amount constitutes a "reasonable" fee. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010). The lodestar figure "roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue*, 559 U.S. at 551.

1. *Plaintiff's Attorneys Are Requesting a Reasonable Hourly Rate*

A reasonable hourly rate is ordinarily the "prevailing market rate [ ] in the relevant community." *Kelly*, 822 F.3d at 1099 (citing *Perdue*, 559 U.S. at 551). Accordingly, the reasonableness of Plaintiff DRO's attorneys' rates should be determined by looking at the market rates in the District of Oregon. In this district, courts typically refer to the Oregon State Bar's Economic Survey as the "initial benchmark" for assessing the reasonability of attorney's fee rates. *Roberts v. Interstate Distrib. Co.*, 242 F. Supp. 2d 850, 857 (D. Or. 2002). Attorneys may, from that starting point, "argue for higher rates based on inflation, *specialty*, or any of the factors described" regarding reasonability of fee. *Id.* at 857 (emphasis added).

The Oregon State Bar 2022 Economic Survey of 2021 billing rates was released in March 2023. Even the short time between the 2022 survey and the present has seen a remarkable period of inflation. Using a conventional inflation calculator, consumer goods worth $500 in January 2021 cost $600.33 as of May 2024. U.S. Dep't of Labor, CPI Inflation Calculator, *at* https://data.bls.gov/cgi-bin/cpicalc.pl?cost1=500&year1=202211&year2=202405. Nationally, inflation has struck legal rates particularly hard, with a 7.7% across the board rise in 2023 and with 6% to 8% increases anticipated in 2024."Big Law's Approach to Billing Rate Hikes in 2024," American Lawyer, Oct. 23, 2023, *available at* https://www.law.com/americanlawyer/2023/10/30/big-laws-approach-to-billing-rate-hikes-in-2024/. Submitted in support of this motion are declarations by Plaintiff's counsel Emily Cooper, Tom Stenson, David Boyer, and Hanah Morin. These declarations set forth the skill, experience, rates, hours worked, work performed, and time expended by each of Plaintiff's counsel in this matter. These declarations also set forth Plaintiff's counsels' hourly rates, the total time expended by each attorney, and the total amount billed per attorney.

| Timekeeper | Hours | Hourly Rate | Total |
|---|---|---|---|
| Emily Cooper | 77.9 | $650 | $52,455 |
| Tom Stenson | 134.3 | $645 | $86,623.50 |
| Dave Boyer | 53.8 | $625 | $33,625 |
| Hanah Morin | 118.6 | $275 | $32,615 |
| **Grand Total** | **384.6** | | **$205,318.50** |

2. *Plaintiff's Attorneys Spent a Reasonable Amount of Time on Post-Judgment Enforcement*

A plaintiff's attorney may reasonably bill for all work "reasonably expended" "to advance the litigation of the case." *Roberts v. City of Honolulu*, 938 F.3d 1020, 1025 (9th Cir. 2019). A prevailing attorney can recover for "every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest." *Moore v. James H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982); *see also Steinke v. Washington Cnty.*, 903 F. Supp. 1403, 1407 (D. Or. 1995). "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). In civil rights cases filed *pro bono*, a lawyer is "not likely to spend unnecessary time" as the "payoff is too uncertain." *Id.*

Since the status hearing on November 18, 2024, Plaintiff DRO's counsel spent 443.3 hours preparing for and litigating this matter, a reasonable number of hours in such a proceeding.

MEMORANDUM OF LAW
Page 7

**Disability Rights Oregon**
511 SW 10th Avenue, 2nd Floor
Portland, OR  97205
(503) 243-2081

*Kelly*, 822 F.3d at 1093 (approving, as reasonable hours spent litigating a contempt motion, 787.1 hours by two lead counsel, plus 174.1 hours by legal assistants). DRO is only seeking fees related to the contempt proceedings, though DRO has been monitoring compliance with this injunction since 2019 and has completed hundreds of uncompensated hours of legal work in that time. Plaintiffs have limited their fee petition only to attorneys and only since November 18, 2024. Submitted with this Motion are declarations in support of this Motion which describe specific tasks performed by Plaintiff's counsel as they prepared for and litigated this case. Counsel compiled these documents from contemporaneously created time records. Summaries of the hours worked by the timekeeper, including applicable current rate and total fees, are provided in the accompanying declarations and in the chart below.

The total time that Plaintiff's counsel spent preparing for and litigating this matter is 443.3 hours, which is a reasonable amount of time spent and the work was necessary to protect individuals' rights and to ensure the enforcement of the Court's permanent injunction. As the Court knows, plaintiffs prepared a motion to hold the state defendants in contempt, dealt with substantial cross-filing by various amici with widely varied interests, replied to an extensive pleading by Defendants, attended a status conference that essentially became a hearing on substantial factual matters in January 2025, and finally attended the primary contempt hearing in March 2025. These substantial efforts, wrangling a wide variety of complex data, required extensive preparation and review.

    3.   *Plaintiff DRO Obtained Excellent Results That Merit a Full Fee Award*

Plaintiffs' exceptional degree of success in this matter determines the scope of the award. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435. Federal courts do not reduce a fee award "simply

MEMORANDUM OF LAW  
Page 8

**Disability Rights Oregon**  
511 SW 10th Avenue, 2nd Floor  
Portland, OR  97205  
(503) 243-2081

because the plaintiff failed to prevail on every contention raised in the lawsuit." *Id*. "A 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). Plaintiffs' reasonable fees are typically determined by calculating the "lodestar," or "the number of hours worked multiplied by the prevailing hourly rates." *Id.* at 546. The "strong" presumption is that the lodestar yields a reasonable result. *Id.* at 552. "When . . . the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee contemplated by § 1988." *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

The Ninth Circuit has held repeatedly that under Section 1988, a prevailing party that largely achieves the results that they sought is entitled to full fee awards. "Congress passed section 1988 to attract competent counsel to prosecute civil rights cases . . . [and] fee awards should be the rule rather than the exception." *Barnard v. Theobald*, 721 F.3d 1069, 1077 (9th Cir. 2013). "[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under § 1988." *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003) (quoting *Hensley* 461 U.S. at 440).

The essential element of the federal caselaw—emphatically stated over and over by the U.S. Supreme Court and the Ninth Circuit—is that the *results* matter, not the outcome of individual motions, nor even whole claims. "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *Hensley*, 461 U.S. at 435. An "excellent result" yields a full fee. *City of Riverside v. Rivera*, 477 U.S. 461, 579 (1986); *Sorenson*, 239 F.3d at 1147. This Court has, itself, determined "the degree of success as the most

MEMORANDUM OF LAW
Page 9

Disability Rights Oregon
511 SW 10th Avenue, 2nd Floor
Portland, OR  97205
(503) 243-2081

relevant and critical factor in determining fees. *Oregon Nat. Desert Ass'n v. McDaniel*, No. CIV 06-242-AA, 2011 WL 4625715, at *3 (D. Or. Sept. 30, 2011) (Aiken, J.). An excellent result is not necessarily the "type of relief requested" by the party in the complaint. *Gates v. Deukmejian*, 987 F.2d 1392, 1404 (9th Cir. 1992). "Again, the most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 436.

The relief in this matter is exceptional, first and most importantly, because many such cases never result in any benefit at all. *See, e.g., Ashley W. v. Holcomb,* 34 F.4th 588, 594 (7th Cir. 2022) (overturning trial court decision and dismissing proceedings); *Connor B. ex rel. Vigurs v. Patrick*, 774 F.3d 45, 62 (1st Cir. 2014) (approving denial of relief after trial); *31 Foster Child. v. Bush*, 329 F.3d 1255, 1261 (11th Cir. 2003) (approving dismissal of litigation); *Carson P. ex rel. Foreman v. Heineman*, 240 F.R.D. 456, 545 (D. Neb. 2007) (dismissing litigation).

## IV.    AWARD OF COSTS

Plaintiff DRO seeks an appropriate award of all other costs in this matter, consistent with federal law. DRO's costs include only expert fees. All these costs are reasonable and compensable under the civil rights acts at issue. 42 U.S.C. § 1988(b). Some of these costs are also reimbursable under 20 U.S.C. § 1920.

Much as with attorney's fees, the accrual of reasonable costs is not limited to merely those costs essential to litigating the matter. As long as a litigant reasonably believed the costs to be "reasonably necessary" in the matter, the costs are reimbursable. *Burt v. Hennessey*, 929 F.2d 457, 459 (9th Cir. 1991). A prevailing party may be reimbursed for the costs associated with a deposition not used at trial, for instance, so long as the deposition was "necessarily obtained." *Smith v. Hughes Aircraft Co.*, 22 F.3d 1432, 1439 (9th Cir. 1993).

MEMORANDUM OF LAW
Page 10

**Disability Rights Oregon**
511 SW 10th Avenue, 2nd Floor
Portland, OR 97205
(503) 243-2081

In the present case, DRO exhibited substantial care in selecting and paying a national expert, particularly considering that they bore the burden to prove contempt and particularly in comparison to the degree and complexity involved in Defendants' noncompliance. DRO hired a modestly priced expert who had helped several other states with their efforts to comply with the constitutional rights to timely mental health treatment. DRO did not permit its expert to engage in bloated months-long endeavors, instead containing costs to the discrete issue of compliance with the Court's orders and the Neutral Expert's recommendations. DRO, in light of its limited resources, demonstrated substantial care in limiting costs of an expert. DRO also allowed the expert report to speak for itself, saving both money and time by declining to introduce live testimony from the expert, demonstrating judicious use of limited resources.

## V.     CONCLUSION

Based on the foregoing, Plaintiff DRO respectfully submits this Motion for Attorney Fees and Costs.

DATED this 20th day of June 2025.

DISABILITY RIGHTS OREGON

/s *Emily Cooper*
Emily Cooper, OSB 182254
ecooper@droregon.org
Thomas Stenson, OSB 152894
tstenson@droregon.org
David Boyer, OSB 235450
dboyer@droregon.org
Hanah Morin, OSB 230043
hmorin@droregon.org
511 SW 10th, Suite 200
Portland OR 97205
Telephone: (503) 243 2081
Facsimile: (503) 243 1738
*Counsel for Plaintiff Disability Rights Oregon*

**CERTIFICATE OF COMPLIANCE**

This brief complies with the applicable word-count limitation under LR 54-3(e) because it contains 2,941 words, including headings, footnotes, and quotations, but excluding the caption, signature block, exhibits, and certificates of counsel.

MEMORANDUM OF LAW  
Page 12

**Disability Rights Oregon**  
511 SW 10th Avenue, 2nd Floor  
Portland, OR 97205  
(503) 243-2081