Emily Cooper OSB #182254
ecooper@droregon.org
Thomas Stenson OSB #152894
tstenson@droregon.org
David Boyer OSB # 235450
dboyer@droregon.org
Disability Rights Oregon
900 SW 5th Avenue, Suite 1800
Portland, Oregon 97204
(503) 243-2081
*Counsel for Plaintiff, Disability Rights Oregon*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC.,** & **A.J. MADISON,** Plaintiffs, <br><br> v. <br><br> **SAJEL HATHI,** in her official capacity as head of the Oregon Health Authority, & **JAMES DIEGEL** in his official capacity as Superintendent of the Oregon State Hospital, Defendants. <br><br> **JAROD BOWMAN** and **JOSHAWN DOUGLAS-SIMPSON**, Plaintiffs, <br><br> v. <br><br> **JAMES DIEGEL**, Interim Superintendent of the Oregon State Hospital, in his official capacity, **SAJEL HATHI**, Director of the Oregon Health Authority, in her official capacity, Defendants. | Case No. 3:02-cv-00339-AN (Lead Case) Case No. 3:21-cv-01637-AN (Member Case) <br><br> PLAINTIFF DRO'S REPLY IN SUPPORT OF MOTION TO VACATE ORDERS PERMITTING FINE EXEMPTIONS |

REPLY IN SUPPORT OF MOTION TO VACATE ORDERS PERMITTING FINE EXEMPTIONS

Page 1

**Disability Rights Oregon**
900 SW 5th Avenue, #1800
Portland, OR  97204
(503) 243-2081

PLAINTIFF DRO'S REPLY IN SUPPORT OF MOTION TO VACATE ORDERS
PERMITTING FINE EXEMPTIONS

Defendants opposed the motion sought by plaintiff DRO through a variety of convoluted constructions of the history of this issue. Defendants concede they wanted relief from the fines, but deny that they wanted Dr. Pinals to assess the question. At the September hearing, before the Court issued its order, Defendants had every opportunity in their rebuttal argument to object to Dr. Pinals' involvement, to propose an alternate arrangement, or to outline a means of review. Instead, Defendants concede that, in response to the broad comment of the Court that Dr. Pinals "can administer" the exemption process, Defendants proposed in their rebuttal a more specific remedy, that they would "submit the proof to the court monitor and let her decide whether a fine would have a coercive effect under the facts of a given situation." ECF 708 (Tr. 20:9-12). Defendants admit that they filed a motion on October 1 specifically asking the Court to issue fine judgments consistent with "Dr. Pinals's decisions as to any requested exclusions." ECF 671, at 3. The Court can assess whether Defendants supported or opposed the relief ultimately granted.

I. **Defendants' Own Arguments Allege That Dr. Pinals Lacks Authority to Approve Fine Exemptions, Yet Defendants Do Not Want Her to Stop Rendering Allegedly Invalid Determinations**

Defendants completely fail to address the fundamental question of how—assuming the correctness of Defendants' argument that Dr. Pinals' role in fine exemptions represents an improper delegation of judicial function—decisions on fine exemptions by Dr. Pinals can stand. Plaintiff DRO, to be clear, does not contend that Dr. Pinals lacks that authority. Plaintiff DRO notes 1) that the Court remains free to issue a judgment on fines in an amount inconsistent with

REPLY IN SUPPORT OF MOTION TO VACATE ORDERS PERMITTING FINE EXEMPTIONS

Page 2

**Disability Rights Oregon**
900 SW 5th Avenue, #1800
Portland, OR  97204
(503) 243-2081

Dr. Pinals' recommendations and 2) that any dispute regarding Dr. Pinals' recommendations could be directed to the Court for review. *United States v. Lockridge*, 140 F.4th 791, 794 (6th Cir. 2025) ("What makes this assistance [from a nonjudicial officer] permissible is that the Article III court remains in charge."). If, as Defendants contend, Dr. Pinals had no authority to grant such exemptions, those exemptions are void. The proper response to an inappropriate delegation is to vacate the underlying order. *United States v. Nishida*, 53 F.4th 1144, 1155 (9th Cir. 2022).

Defendants object to Dr. Pinals's role in the fine exemption process, but claim simultaneously that there is "no basis" for the Court to take the authority to make those decisions from her. One basis for vacating the fine exemption orders is the alleged improper delegation argument that Defendants make. Defendants both argue that the power to make such decisions was improperly delegated to Dr. Pinals, *but also* that the Court should keep letting Dr. Pinals make those decisions that she, per Defendants, should not make. Defendants do not explain the contradictions within their own position. If Defendants' arguments are correct, the relief should be to vacate the orders giving Dr. Pinals a role in resolution of these fine exemptions. Defendants oppose the relief that naturally follows from their position.

II.     **Defendants Have Pointedly Avoided Requesting the "Procedural Mechanism for Review" They Say They Want**

Plaintiff DRO approached Defendants to discuss this matter assuming that the resolution was obvious.[1] If Defendants are aggrieved by the alleged lack of a "procedural mechanism for

---

[1] Defendants object to Plaintiff's Local Rule 7-1 certification. The certification did indicate that emails were exchanged between the parties. However, Local Rule 7-1 gives a movant only three

REPLY IN SUPPORT OF MOTION TO VACATE ORDERS PERMITTING FINE
EXEMPTIONS

Page 3

**Disability Rights Oregon**
900 SW 5th Avenue, #1800
Portland, OR  97204
(503) 243-2081

review" of Dr. Pinals' decisions, Defendants could have at any point in the last five months requested that this Court clarify that it would review any contested decision by Dr. Pinals on fine exemptions. Even in January 2026, Defendants could have filed a motion to confirm that the Court would review any determination by Dr. Pinals and forestalled this motion practice. They filed no such motion. Indeed, very recently, Defendants noted their objections to Dr. Pinals' denial of a fine exemption, but pointedly failed to ask the Court to decide the issue. ECF 712.

Plaintiff DRO can conceive of only two possible explanations for this inaction: 1) that it has never occurred to Defendants to file a motion clarifying Dr. Pinals's role and establishing such a procedural mechanism for review, or 2) that Defendants prefer not to address this point, as any clarification of this procedure would impair their ability to argue their claims of improper delegation before the Ninth Circuit. Neither scenario militates in favor of continued relief from these fines. As Defendants have failed to take up and have refused to even discuss the most obvious course of action to protect their own interests, Plaintiff DRO believes this dispute should be resolved instead by vacating the orders permitting the fine exemptions entirely, consistent with the holdings of this circuit under *Nishida*.

//

---

options in the certification. A movant may declare that the parties "made a good faith effort through *personal or telephone conferences*" to resolve their conflict, that the opposing party refused to confer, or that the opposing party is a prisoner not represented by counsel. Plaintiff sent Defendants an email asking to set a time to confer. Defendants responded by email with their position, adding "we do not believe that further conferral will be productive" and declining to meet by phone or in person. Local Rule 7-1 clearly directs parties to confer in person or by telephone, not via email. Plaintiff will not certify falsely that the parties had conferred in person or by phone when they did not. Certifying that Defendants refused to confer in person or by phone was truthful and the only applicable option among three possible responses permitted under the rule.

REPLY IN SUPPORT OF MOTION TO VACATE ORDERS PERMITTING FINE EXEMPTIONS

Page 4

**Disability Rights Oregon**
900 SW 5th Avenue, #1800
Portland, OR 97204
(503) 243-2081

Respectfully submitted this 6th day of February, 2026.

                                DISABILITY RIGHTS OREGON

<u>/s *Tom Stenson*</u>
David Boyer OSB # 235450
dboyer@droregon.org
Emily Cooper OSB # 182254
ecooper@droregon.org
Thomas Stenson, OSB # 152894
tstenson@droregon.org
900 SW 5th, Suite 1800
Portland OR 97204
Telephone: (503) 243 2081
Facsimile: (503) 243 1738
*Counsel for Plaintiff Disability Rights Oregon*

REPLY IN SUPPORT OF MOTION TO VACATE ORDERS PERMITTING FINE EXEMPTIONS

Page 5

**Disability Rights Oregon**
900 SW 5th Avenue, #1800
Portland, OR 97204
(503) 243-2081