DAN RAYFIELD
Attorney General
CARLA A. SCOTT #054725
CRAIG M. JOHNSON #080902
Senior Assistant Attorneys General
JILL CONBERE #193430
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Carla.A.Scott@doj.oregon.gov
       Craig.M.Johnson@doj.oregon.gov
       Jill.Conbere@doj.oregon.gov

Attorneys for Defendants Patrick Allen, Sejal Hathi, Dolores Matteucci, and James Diegel

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON, | Case No.  3:02-cv-00339-AN (Lead Case)<br>Case No.  3:21-cv-01637-AN (Member Case)<br>Case No.  6:22-CV-01460-AN (Member Case) |
| Plaintiffs, | MOTION FOR RECONSIDERATION AND OR CLARIFICATION ON ORDER GRANTING MOTION TO VACATE |
| v. | |
| SEJAL HATHI, in her official capacity as head of the Oregon Health Authority, and JAMES DIEGEL in his official capacity as Interim Superintendent of the Oregon State Hospital, | |
| Defendants. | |
| JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON, | Case No.  3:21-cv-01637-AN (Member Case) |
| Plaintiffs, | |
| v. | |
| JAMES DIEGEL, Interim Superintendent of the Oregon State Hospital, in his official capacity, DOLORES MATTEUCCI, in her individual capacity, SEJAL HATHI, Director | |

Page 1 -  MOTION FOR RECONSIDERATION AND OR CLARIFICATION ON ORDER
     GRANTING MOTION TO VACATE

of the Oregon Health Authority, in her official capacity, and PATRICK ALLEN in his individual capacity,

           Defendants.

LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES OREGON,

           Plaintiffs,

    v.

SEJAL HATHI, in her official capacity as Director of Oregon Health Authority,

           Defendant.

Case No.  6:22-CV-01460-AN (Member Case)

## LR 7-1 CONFERRAL STATEMENT

Counsel for the parties conferred by telephone on April 3, 2026.  Plaintiff Metropolitan Public Defender takes no position on Defendants' motion for reconsideration and does not oppose Defendants' motion for clarification.  Plaintiff Disability Rights Oregon opposes the motion for reconsideration and the first request for clarification (whether Acts of God preventing jail transports are encompassed by the Court's March 26, 2026 Order) but does not oppose the other two requests for clarification.

## I.    Motion for Reconsideration

Pursuant to FRCP 60(b) and this Court's inherent authority, Defendants respectfully ask this Court to reconsider and amend or modify its March 26, 2026, Order at ECF No. 736 (March 26 Order) so that it applies only to fine calculations prospectively from the date of the last judgment entered (Third Judgment, ECF No. 701).

In the March 26 Order, this Court vacated its "prior orders allowing Dr. Pinals to grant exemptions from fine calculations for delays caused by sheriffs and court staff. Defendants are ordered to provide the Court with a proposed calculation of all fines

CAS/j3b/32142872

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

previously exempted from the first through third judgments issued in this case, located at ECFs 656, 690, and 701." ECF No. 736 p. 8.  But this Court lacks jurisdiction to order changes to the fine amounts that were reduced to judgments and appealed.

Each of those prior judgments expressly adjudicated the total amount of fines owed for a specific past timeframe.  In its second judgment regarding fines,[1] the Court entered judgment against defendants "in the *total amount* of $1,257,000.00, in contempt fines covering the *period of July 15, 2025, through November 14, 2025* ((Corrected) Second Judgment Regarding Contempt Fines, ECF No. 690) (emphasis added).  That judgment adjudicated the total amount due for the specified time period according to Defendants' individual proposed fine calculations, including the fine exemptions approved by Dr. Pinals in Defendants' fourth fifth, and sixth fine calculation reports, (*see* ECF Nos. 651, 672, & 672).  Similarly, in its third fine judgment, the Court entered judgment against Defendants "in the *total amount* of $563,000, in contempt fines covering *the period of November 15, 2025, through December 14, 2025* (*see* ECF No. 701) (emphasis added).  That judgment adjudicated the total amount due for the specified time period according to Defendants' individual proposed fine calculations, including the fine calculations in Defendants' seventh fine calculation report, including exemptions approved by Dr. Pinals (*see* ECF No. 699).  As the March 26 Order noted, Defendants appealed each of those prior judgments.  *See* ECF No. 736, p. 4 & 6  (citing notices of appeal at ECF Nos. ECF 660, 694, & 707).

The notices of appeal divested this Court of jurisdiction over these judgments.  *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").  There are several exceptions to that general rule.  A district court may retain jurisdiction "to correct clerical errors or

---

[1] The first judgment regarding fines did not include any fine exemptions and so it is not at issue here.

Page 3 -    MOTION FOR RECONSIDERATION AND OR CLARIFICATION ON ORDER
             GRANTING MOTION TO VACATE

clarify its judgment pursuant to FRCP 60(a)," "when it has a duty to supervise the status quo during the pendency of an appeal," "in aid of execution of a judgment that has not been superseded," by statute, or as provided by the Federal Rules of Appellate Practice. *Stein v. Wood*, 127 F.3d 1187, 1189-90 (9th Cir. 1997) (internal citations omitted).

None of those exceptions apply here.  The Court is not correcting a clerical mistake or mistake arising from oversight or admission to more fully reflect the Court's original intent, and, regardless, such correction can only be corrected under Fed. R. Civ. 60(a) with the appellate court's leave once an appeal has been docketed.  There is no statute or rule providing for continued district court jurisdiction over a money judgment.  The Court is also not acting to maintain the "status quo" such as to trigger the exception to transfer of jurisdiction that applies in cases where the district court "has a continuing duty to maintain a status quo, and where, as the days pass, new facts are created *by the parties* and the maintenance of the status quo requires new action."  *Hoffman for & on Behalf of N.L.R.B. v. Beer Drivers & Salesmen's Loc. Union No. 888*, 536 F.2d 1268, 1276 (9th Cir. 1976) (emphasis added).  The facts underlying the judgments incorporating the Court Monitor's approval of fine exemptions due to circumstances outside of Defendants' control have not changed.  *See id.* at 1277 (describing the court's ability to impose a previously suspended fine as part of continuous supervision over a pattern of activity because suspension "connotes a temporary deferral" and "not a remission of the fine but a conditional suspension of its imposition").  Accordingly, this Court lacks jurisdiction to now undo the total amounts of the fines for specified time periods now reduced to judgments and appealed.

Furthermore, although the Court's March 26 order states that it intends to enter a supplemental judgment for the amount of money previously exempted from fine calculations, the form of the judgment does not overcome its substance.  While a district court may retain jurisdiction to "implement or enforce the judgement or order," it "*may not alter or expand upon* the judgment."  *In re Padilla*, 222 F.3d 1184, 1190 (9th Cir. 2000) (emphasis added).

Page 4 -    MOTION FOR RECONSIDERATION AND OR CLARIFICATION ON ORDER
            GRANTING MOTION TO VACATE

In addition, even if this Court had jurisdiction to alter the total fines for each time period delineated in the judgments, doing so would not comport with the legal standard for imposing fines.[2]  To impose fines, they must be capable of having some coercive effect.  *See Spallone v. U.S.*, 487 U.S. 1251, 1256 (1988); *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 630 (9th Cir. 2016); and *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 516 (9th Cir. 1992)).  The Court Monitor found that the fine exclusions in the prior judgments were warranted because the delays occurred in circumstances outside of Defendants' control and thus could have no coercive effect.  *See* ECF Nos. 672, 678, 681, & 699.  Retroactively imposing fines previously excluded for admission delays that the Court Monitor determined were outside Defendants' control cannot have any coercive effect regarding compliance.  Instead, doing so would serve merely to punish Defendants.

Because this Court lacks jurisdiction to expand the fine amounts in the judgments now on appeal and because retroactively imposing fines under the circumstances cannot have a coercive effect, Defendants respectfully ask this Court to reconsider its March 26 Order so that it applies only prospectively after entry of the third fine judgment.  *Cf. Oregon Advoc. Ctr. v. Mink,* 322 F.3d 1101, 1122 n. 13 (9th Cir. 2003) (rejecting OSH's argument that the district court abused its discretion in refusing to modify the permanent injunction based, in part, on the absence of "evidence in the record of delays" outside of OSH's control).

## II.    Motion for Clarification

Defendants seek clarification about three provisions in the March 26 Order.  First, although the March 26 Order makes clear that this "Court will no longer exempt from the contempt fine calculations delays related to sheriffs and court staff," it does not speak to other situations outside Defendants' control.  There were some recent delays *not* caused by late court orders or denials of requests to transport but rather by weather-related Acts of God.

---

[2] The March 26 Order appears to conflate the legal standard for when the constitutional right to be admitted to OSH attaches with the legal standard for when fines may be imposed.

Page 5 -    MOTION FOR RECONSIDERATION AND OR CLARIFICATION ON ORDER
         GRANTING MOTION TO VACATE

CAS/j3b/32142872

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

As indicated in their Tenth Proposed Fine Calculations for the period of February 15 through March 14, 2026 (ECF No. 740), there were recent delays for admission to OSH for three individuals that were due to severe, adverse winter weather and associated road closures (the only routes by which transport from the jail to OSH were closed and not passable).  The Declaration of Brandy Eurto (Eurto Decl.) filed concurrently with this motion provides evidence of those delays.  Defendants query this Court whether the March 26 order stating that no exemptions will be allowed for jail transport delays precludes requests for exemptions in all situations where transport is delayed, including those caused by Acts of God such as severe winter weather closing roads.  Defendants' position is that fines would not be appropriate in those circumstances because fines could not possibly have any coercive effect on compliance.

Second, Defendants seek clarification regarding the statement in the March 26 Order ordering them "to resubmit their eighth and ninth proposed fine calculation reports without any delays exempted."  ECF No. 736, p. 8.  They seek clarity because neither of the proposed fine calculations in those reports reflected any delays exempted.  *See* ECF Nos. 699 & 712.  In other words, those reports merely reflect when delays outside Defendants' control *occurred* but did not exempt any days for such delays in their fine calculations.  Defendants request that they be allowed to continue to note for the record delays outside their control in their fine calculation reports, though they will not ask for fine exemptions given this Court's ruling.

Finally, Defendants seek clarification regarding the ongoing deadlines for filing their proposed fine calculations.  The March 26 Order does not expressly reference the order changing the monthly deadline for Defendants to file their monthly proposed fine calculations from the fifteenth of each month to the first of each month.  *See* ECF No. 673.  That change was made to provide Dr. Pinals with sufficient time to adjudicate Defendants' request for exemptions.  Defendants are now unsure, going forward, when their proposed fine

Page 6 -   MOTION FOR RECONSIDERATION AND OR CLARIFICATION ON ORDER
            GRANTING MOTION TO VACATE

calculations are due and ask this Court to clarify those ongoing deadlines.  Defendants filed

their most recent proposed fine calculations on April 1, 2026, for the time period of February

15 to March 14, 2026.

DATED April  6 , 2026.

Respectfully submitted,

DAN RAYFIELD
Attorney General


    s/ Carla A. Scott
CARLA A. SCOTT #054725
CRAIG M. JOHNSON #080902
Senior Assistant Attorneys General
JILL CONBERE # 193430
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Carla.A.Scott@doj.oregon.gov
Craig.M.Johnson@doj.oregon.gov
Jill.Conbere@doj.oregon.gov
Of Attorneys for Defendants

Page 7 -    MOTION FOR RECONSIDERATION AND OR CLARIFICATION ON ORDER
        GRANTING MOTION TO VACATE