Emily Cooper OSB #182254
ecooper@droregon.org
Thomas Stenson OSB #152894
tstenson@droregon.org
Dave Boyer OSB # 235450
dboyer@droregon.org
Disability Rights Oregon
900 SW 5th Avenue, Suite 1800
Portland, OR 97204
(503) 243-2081
*Counsel for Plaintiff, Disability Rights Oregon*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC.,** and **A.J. MADISON,**<br>Plaintiffs,<br><br>v.<br><br>**SEJAL HATHI,** in her official capacity as Director of the Oregon Health Authority; and **JAMES DIEGEL,** in his official capacity as Interim Superintendent of the Oregon State Hospital,<br>Defendants.<br><br>**JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON**, and **METROPOLITAN PUBLIC DEFENDER SERVICES, INC.,**<br>Plaintiffs,<br><br>v.<br><br>**JAMES DIEGEL**, Interim Superintendent of the Oregon State Hospital, in his official capacity, **SEJAL HATHI**, Director of the Oregon Health Authority, in her official capacity,<br>Defendants. | Case No. 3:02-cv-00339-AN (Lead Case)<br><br>Case No. 3:21-cv-01637-AN (Member Case)<br><br><br>PLAINTIFF DRO'S OPPOSITION TO DEFENDANTS' MOTION TO RECONSIDER AND CLARIFY |

DRO'S OPPOSITION TO DEFENDANTS'
MOTION TO RECONSIDER AND CLARIFY
Page 1

**Disability Rights Oregon**
900 SW 5th Avenue, Suite 1800
Portland, OR 97204
(503) 243-2081

**PLAINTIFF DRO'S OPPOSITION TO DEFENDANTS MOTION TO RECONSIDER AND CLARIFY**

Defendants have filed a motion seeking to clarify and to reconsider the March 26 order of this Court. Defendants request 1) that the court reconsider its order and end fine abatements in a forward-looking manner only; 2) that the court clarify its order to exclude "acts of God," 3) that the court clarify its order to not require resubmission of the eighth and ninth fine reports, and 4) that the court clarify its order as to which dates its fine reports are due. As to the latter two points, DRO expresses no position.

On the motion to reconsider the March 26 order to require only forward-looking relief, Defendants have waived this claim by repeatedly insisting that the court had jurisdiction to issue the orders requested. Moreover, a court in a contempt proceeding has broad authority to revise its prior orders, including to impose further fines, notwithstanding a pending appeal.

On the motion to clarify as to the "acts of God," Defendants would presumably ask Dr. Pinals to determine when an act of God has taken place, which would merely perpetuate the paradox created by Defendants. Defendants state that Dr. Pinals has an improper "quasi-judicial" role, but also that they want the relief from fines that her decisions would provide. If the Court affords this relief to Defendants, they could continue to claim that this narrower authority—that they have now moved for twice over—also represents an impermissible delegation of authority to the Court Monitor. The state must decide whether they want Dr. Pinals' involvement or not. No relief should be granted to Defendants if they will merely use the relief to attack the court and Dr. Pinals further.

//

//

DRO'S OPPOSITION TO DEFENDANTS'
MOTION TO RECONSIDER AND CLARIFY
Page 2

**Disability Rights Oregon**
900 SW 5th Avenue, Suite 1800
Portland, OR 97204
(503) 243-2081

**I.       The State Defendants Cannot Seek Relief Under Rule 60(b) and Have Waived Their Claim for Relief.**

Defendants raise their motion to reconsider under Rule 60(b). ECF 743, at 2. Under Rule 60(b), a party can obtain relief because of 1) mistake, surprise, inadvertence, or excusable neglect; 2) newly discovered evidence, 3) fraud, 4) the judgment is void, 5) the judgment has been satisfied or otherwise resolved, or 6) any other grounds for relief. Fed. R. Civ. Pro. 60(b). Defendants' motion does not cite or explain which of the six provisions of Rule 60(b) they believe applies. Rule 60(b) is not a catch-all opportunity to revisit prior orders for any reason at all. Gonzalez v. Crosby, 545 U.S. 524, 529 (2005) (rule 60(b) motion allows relief "under a limited set of circumstances"). Instead of identifying which factor in Rule 60(b) applies, Defendants state that the "notices of appeal divested this Court of jurisdiction over these judgments," which is not one of the six conditions allowing Rule 60(b) review. ECF 743, at 3.

Defendants now claim the court lacked jurisdiction to issue its order. In their opposition to the original motion, Defendants asserted the opposite: "*Defendants do not dispute that this Court has jurisdiction to amend or modify its order regarding fine exclusions*," arguing instead "there is simply no present reason to do so." ECF 713, at 2. Defendants reiterated this point again in their opposition to the motion to vacate: "*Defendants do not dispute that this Court has jurisdiction to amend or modify its order in the September 8 Status Conference allowing fine exclusions*." ECF 713, at 4 (emphasis added). While it is unclear which prong of Rule 60(b) Defendants sought to invoke in their new motion, they may not use Rule 60(b) to fix an alleged error they helped create.

Defendants may not repeatedly tell the court that it has jurisdiction to issue the orders requested, then use Rule 60(b) to tell the Court it wrongly decided the issue they had previously

DRO'S OPPOSITION TO DEFENDANTS'
MOTION TO RECONSIDER AND CLARIFY
Page 3

**Disability Rights Oregon**
900 SW 5th Avenue, Suite 1800
Portland, OR 97204
(503) 243-2081

conceded. "Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006); *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir.1999) ("[A] party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes."). Defendants specifically and intentionally argued that the court had jurisdiction to amend its orders, seeking instead to convince the court that vacating the order was unwise or unnecessary. Rule 60(b) does not exist to allow a party to reverse its own intentional choices.

## II.    Even if the Court Considers the Rule 60(b) Motion, the Court Has Authority to Issue a Supplemental Judgment in a Contempt Case

Defendants argue that the Court lacked "jurisdiction to order changes to the fine amounts that were reduced to judgments and appealed." ECF 743, at 3. A notice of appeal "divests the district court of its control over *those aspects of the case involved in the appeal*." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). A district court "lack[s] jurisdiction to entertain a motion to vacate, alter, or amend a judgment after a notice of appeal was filed." *Id.* A district court does not err in granting an order following a notice of appeal that "did not interfere with but instead facilitated review of the pending appeal from the contempt order." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985). In this case, however, DRO did not request that the court vacate or amend any of the judgments on appeal. Defendants did not appeal from the September or October 2025 orders of the court on fine exemptions. ECF 664; ECF 673. DRO asked that two orders *not on appeal* be vacated. DRO did not request amendment to or vacation of the prior final judgments. It instead asked the Court to issue a new supplemental

DRO'S OPPOSITION TO DEFENDANTS'
MOTION TO RECONSIDER AND CLARIFY
Page 4

**Disability Rights Oregon**
900 SW 5th Avenue, Suite 1800
Portland, OR 97204
(503) 243-2081

judgment—separated and distinct from the prior judgments— in furtherance of the contempt proceeding. Because the relief issued by the court does not affect any prior judgment, the March 26 order does not fall within the limits expressed in *Griggs*.

This court has broad latitude to issue further relief to enforce a contempt decree under appeal, as long as its efforts are intended to accomplish the fundamental purposes of the contempt order. "[A]n appeal of a contempt order issued to force compliance with an injunction should not divest the court of jurisdiction to modify that order to achieve the same enforcement purpose." *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Int'l Typographical Union*, 686 F.2d 731, 735 (9th Cir. 1982) (as amended). "The district court may issue orders pending appeal to enforce its judgment." *Lara v. Sec'y of Interior of U.S.*, 820 F.2d 1535, 1543 (9th Cir. 1987). A very similar issue arose in the *Trueblood* matter, where the district court emphasized its ability to issue contempt sanctions, notwithstanding the pending appeal of a prior order of contempt. *A.B. by & through Trueblood v. Washington State Dep't of Soc. & Health Servs.*, No. C14-1178 MJP, 2023 WL 6557848, at *2 (W.D. Wash. Sept. 6, 2023) (finding pending appeal "does not divest the Court of jurisdiction to enforce its prior Orders of Contempt . . . and the Injunction . . . or to issue judgments concerning contempt fines imposed under those Orders," because the pending appeal "did not implicate" the Court's authority to act under those orders).

In another Ninth Circuit case, a court issued an order holding defendants in contempt in March 1975, suspending $33,000 of the $43,000 in fines assessed. *Hoffman for & on Behalf of N.L.R.B. v. Beer Drivers & Salesmen's Loc. Union No. 888*, 536 F.2d 1268, 1277 (9th Cir. 1976). That order was appealed. *Id.* After the appeal from the March order, the court issued a further order in June 1975, imposing $10,000 of the fines previously suspended in March. *Id.* at 1277.

DRO'S OPPOSITION TO DEFENDANTS'
MOTION TO RECONSIDER AND CLARIFY
Page 5

**Disability Rights Oregon**
900 SW 5th Avenue, Suite 1800
Portland, OR 97204
(503) 243-2081

The Ninth Circuit found that the district court retained the authority to issue a subsequent order imposing the suspended fines, notwithstanding the pending appeal from March 1975. *Id.* "The court's whole effort was designed to bring the appellants into compliance with the injunction" and was part of a "continuous supervision of a continuous pattern of union activity." *Id.* A court in a contempt proceeding may revisit its prior orders for the purpose of achieving the overall enforcement purposes of the case, even while an appeal of the underlying contempt order remains pending. Under *Hoffman*, even a subsequent order that imposes further fines associated with violations antedating the notice of appeal is permissible.

Here, Defendants' notice of appeal from the Second Judgment did not divest the district court of the ability to issue fines to the state. ECF 694, *appealing* Second Final Judgment, ECF 690. The intent of the doctrine divesting the district court of matters subject to a notice of appeal is a doctrine that is "not absolute," and exists to avoid the "confusion and waste of time that might flow from putting the same issues before two courts at the same time." *In re Padilla*, 222 F.3d 1184, 1190 (9th Cir. 2000). Defendants appealed from the Second Final Judgment apparently as a continuation of its contempt appeal—that is, the Second Final Judgment should be overturned presumably only to the extent that the judgment relies on any portion of the original contempt order later overturned on appeal. Issuing a new supplemental judgment would not create any "confusion and waste of time" in the appellate process, because Defendants did not appeal the Second Final Judgment to contest the denial of fine exemptions, as no requested fine exemptions were denied.[1] If Defendants are aggrieved by the supplemental judgment, their

---

[1] To the extent that "confusion and waste of time" has occurred, it is attributable to Defendants' raising orders that they did not appeal before the Ninth Circuit.

DRO'S OPPOSITION TO DEFENDANTS'
MOTION TO RECONSIDER AND CLARIFY
Page 6

**Disability Rights Oregon**
900 SW 5th Avenue, Suite 1800
Portland, OR 97204
(503) 243-2081

recourse would be to appeal the supplemental judgment. The court's March 26 order does not interfere with appellate review of the Second Final Judgment at all.

III.     **Defendants Continue to Object to *Any* Participation of Dr. Pinals in Decision-Making But Also Continue to Request that She Determine Fine Exemptions**

DRO does not necessarily oppose that the state be exempted from fines for those dates where weather conditions demonstrably prevent transportation of patients, but it opposes an outcome that would merely create further appellate issues for Defendants' benefit. ECF 743, at 5. Defendants continue to insist that Dr. Pinals should not have any delegated role in the determination of fine exemptions. Extending any fine exemption arising out of the September and October orders would allow Defendants to continue to point to Dr. Pinals' allegedly improper role. In conferral, DRO suggested that Defendants bring a new, separate motion to permit weather-related exemptions, using a fact-finding protocol that meets Defendants' own standards for clarity. The motion to clarify, however, would build on the preexisting framework that Defendants have already objected to, by allowing Dr. Pinals to assess when an "Act of God" takes place. Defendants will surely use the new order they seek as evidence to argue to the Ninth Circuit that Dr. Pinals' role violates the constitution. If Defendants want Dr. Pinals involvement, they should do so by submitting a motion that makes it clear *exactly how* they want such a determination made. Defendants need to decide whether they want Dr. Pinals to grant exemptions or not.

Defendants do not state in their motion that they will withdraw any objection to Dr. Pinals' role in fine exemptions if the motion they seek is granted. As stated in the original motion to vacate, the proper response to an inappropriate delegation is to vacate the underlying order. *United States v. Nishida*, 53 F.4th 1144, 1155 (9th Cir. 2022). Defendants do not put forward any

rationale why Dr. Pinals—who they accuse of engaging in unconstitutionally delegated judicial action—can determine *any* fine exemption,[2] whether for weather-related Acts of God or for court-related delays. For a party allegedly concerned about improper delegation, Defendants continue to bring motions seeking relief from fine exemptions without ever trying to establish or explain what delegation procedures would meet their standards. ECF 713, at 6. Defendants repeatedly identify a concern regarding Dr. Pinals's role that they repeatedly avoid asking this court to resolve, apparently so that they can continue to complain about the decisions of the district court to the Ninth Circuit. Issuing a new order that benefits Defendants without clarifying the framework for decision-making will only further their aims in attempting to show that Dr. Pinals holds too much authority—even where Defendants *want* to benefit from that authority.

## Conclusion

The Court should reject Defendants' motion to reconsider under Rule 60(b), as they do not request relief under any provision of Rule 60(b), nor would such relief be appropriate under Rule 60 or the court's inherent authority. Defendants repeatedly told this court that it had jurisdiction to grant the order sought by DRO, waiving that interest. A court presiding over a contempt matter has inherent authority to amend its orders, as long as the overarching enforcement purposes are served.

The Court should also reject Defendants' motion to clarify as to the fine exemption. Defendants seek to continue to benefit from Dr. Pinals' grant of relief from fines, while simultaneously criticizing her role in the process as unconstitutional. The Court should not

---

[2] As stated in the original motion to vacate, DRO does not argue that Dr. Pinals has taken on an improperly delegated function. Defendants, however, do.

DRO'S OPPOSITION TO DEFENDANTS'
MOTION TO RECONSIDER AND CLARIFY
Page 8

**Disability Rights Oregon**
900 SW 5th Avenue, Suite 1800
Portland, OR 97204
(503) 243-2081

facilitate the Defendants' efforts to manufacture appellate issues by granting relief that would

only benefit Defendants, in a process to which Defendants clearly object.

DATED this 8th day of April, 2026

DISABILITY RIGHTS OREGON

/s *Emily Cooper*
Emily Cooper OSB # 182254
ecooper@droregon.org
Thomas Stenson, OSB # 152894
tstenson@droregon.org
Dave Boyer OSB # 235450
dboyer@droregon.org
511 SW 10th, Suite 200
Portland OR 97205
Telephone: (503) 243 2081
Facsimile: (503) 243 1738

*Counsel for Plaintiff*
*Disability Rights Oregon*

DRO'S OPPOSITION TO DEFENDANTS'
MOTION TO RECONSIDER AND CLARIFY
Page 9

**Disability Rights Oregon**
900 SW 5th Avenue, Suite 1800
Portland, OR 97204
(503) 243-2081