STEVE ELZINGA, OSB# 123102
Marion County Legal Counsel
*selzinga@co.marion.or.us*
555 Court Street N.E.
PO Box 14500
Salem, OR 97301
Telephone: (503) 588-5220
Attorney for Marion County

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON,<br><br>*Plaintiffs*,<br><br>v.<br><br>SAJEL HATHI, in her official capacity as head of the Oregon Health Authority, and SARA WALKER, in her official capacity as Superintendent of the Oregon State Hospital,<br><br>*Defendants*.<br><br>JAROD BOWMAN and<br>JOSHAWN DOUGLAS- SIMPSON,<br><br>*Plaintiffs*,<br><br>v.<br><br>SARA WALKER, Interim Superintendent of the Oregon State Hospital, in her official capacity, SAJEL HATHI, Director of the Oregon Health Authority, in her official capacity,<br><br>*Defendants*. | 3:02-cv-00339-MO (Lead Case)<br>3:21-cv-01637-MO (Member Case)<br><br>**Marion County's Reply in Support of Marion County's Limited Motion to Intervene** |

Page | 1 **REPLY IN SUPPORT OF MARION COUNTY'S LIMITED MOTION TO INTERVENE**

**I.     Introduction**

Plaintiff Disability Rights Oregon ("DRO") opened the door to a new stage of litigation by filing their recent contempt motion that raises new issues. Plaintiffs now seek to block Marion County from walking through the door that Plaintiff DRO opened. However, Plaintiffs cite no legal precedent that blocks this Court's discretion to grant intervention based on *United States* v. *Oregon*, 745 F.2d 550, 552 (9th Cir. 1984).

Even if it was only a check-the-box request that they did not advocate for at the recent status conference, Plaintiff DRO still asked for monetary fines in their recent motion. Multiple amici filings have already explained why monetary fines are needed to protect patients.[1]

The bottom line is this: if this Court is seriously considering issuing monetary fines, this litigation would benefit from Marion County's participation as a party because, unlike Plaintiffs, there is no risk that Marion County will back down from supporting monetary fines via a side deal with state Defendants, plus only Marion County can be counted on to fully defend the Court's monetary fines when the State appeals. On the other hand, if this Court is not ready to seriously consider monetary fines, then it can simply deny Marion County's motion to intervene.

Plaintiffs raise three core objections that fail to block the Court's discretion when carefully evaluated: timeliness, standing, and scope of intervention.

**II.    Marion County's motion is timely based on a change of circumstances.**

Plaintiffs assert that Marion County's motion is not timely because it is filed years into the litigation. ECF 549, at 1. They correctly point out that this Court has denied prior motions to intervene due to the litigation being years old and that the 9th Circuit upheld one of those

---

[1] This reply incorporates by reference the arguments in recent amici filings ECF 554 (judges) and ECF 559 (crime victims, hospitals, and district attorneys) related to possible contempt penalties. *See also Stone v. City and County of San Francisco*, 968 F.2d 850 (9th Cir. 1992), *as amended on denial of reh'g* (Aug. 25, 1992).

Page | 2 **REPLY IN SUPPORT OF MARION COUNTY'S LIMITED MOTION TO INTERVENE**

denials.[2] However, that is not the end of the story. Marion County's motion for limited intervention does not seek to challenge past decisions of this Court. This motion is forward-looking, based on a change in circumstances, and focused on advocating for monetary fines to motivate Oregon State Hospital ("OSH") to increase capacity.

Timeliness looks at the "totality of the circumstances" while focusing on "three primary factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) (citation omitted).

### A. Under *United States* v. *Oregon*, the stage of the proceeding and the reason for and length of delay both support Marion County's motion due to a change in circumstances.

Importantly, "[t]he amount of time which has elapsed since the litigation began is not in itself the determinative test of timeliness." *Smith*, 830 F.3d at 856-857; *United States* v. *Oregon*, 745 F.2d at 552 ("Mere lapse of time alone is not determinative.").

Courts have routinely held that a change in circumstances allows a party to intervene even if previous intervention would not have been appropriate. "It was error to measure the timeliness of Appellants' motions by reference to stages of litigation pre-dating the change in circumstances that motivated Appellants' motion to intervene." *Smith*, 830 F.3d at 856-857.

In *United States* v. *Oregon*, the 9th Circuit reversed a district court decision denying intervention even though the case began in 1968, went through multiples stages in the 1970s, adopted a universally agreed-upon management plan in 1977, and started a new phase in 1982 when some parties withdrew from the plan. *Id.* at 551-552. The intervention motion was not filed

---

[2] This Court's previous order and opinion recognized "the unique circumstances of this case" but still found that "the County is seeking to intervene over four years after the current stage of proceedings began. This factor weighs against a finding that the motion is timely." ECF 485 at 4-5. Since the present motion was filed only two days after a change in circumstances—instead of over four years later—this Court's framework supports timeliness here.

Page | 3 **REPLY IN SUPPORT OF MARION COUNTY'S LIMITED MOTION TO INTERVENE**

until late 1983. *Id.* The party seeking intervention claimed changed circumstances from "the possibility of new and expanded negotiations" and the 9th Circuit found this sufficient as it "suggests that the litigation is entering a new stage" and "indicates that the stage of the proceeding and reason for delay are factors which militate in favor of granting the application." *Id.* at 552.[3]

Similarly, the United State Supreme Court recently recognized that, although an intervention motion came "late in the suit," it was still timely because it was filed only two days after a change in circumstances. *Cameron* v. *EMW Women's Surgical Ctr., P.S.C*., 595 U.S. 267, 291-292 (2022). Just like in *Cameron*, this limited motion to intervene was also filed only two days after a change in circumstances.

Here, the Court should recognize the change in circumstances similar to what the 9th Circuit found sufficient in *United States* v. *Oregon* due to the Motion for Order to Show Cause in which Plaintiff DRO asked for contempt sanctions. ECF 540.  While it is true that two previous motions for contempt have been filed (and denied), this current motion is significantly different from previous motions.  ECF 540, ECF 85, ECF 91.  As far as counsel for Marion County is aware, this is the first motion in this case seeking to impose per diem monetary fines against Defendants with increasing amounts the longer contempt continues. ECF 540, at 23. This is an important change in circumstances that impacts the rights and responsibilities of Marion County.

Unlike the prior remedial actions that Marion County does not seek to challenge via this motion or if granted intervenor status,[4] monetary fines will finally create an incentive for

---

[3] Both district and appellate courts in other circuits have also let parties intervene during the "remedial" phase of the litigation. *See, e.g., Howard* v. *McLucas*, 782 F.2d 956 (11th Cir. 1986); *Hodgson* v. *United Mine Workers,* 473 F.2d 118 (D.C. Cir. 1972); *United States ex rel. Michigan Natural Resources Com.* v. *Kurdziel Iron Industries,* File No. 1:87-CV-394, 1991 U.S. Dist. LEXIS 16457, *5 (WD Mich 1991).

[4] Notably, any efforts to object to current remedial orders appear to be moot anyway. Defendants point out in their recent status report to the Court that they are seeking a legislative change to codify this Court's current remedial

Page | 4 **REPLY IN SUPPORT OF MARION COUNTY'S LIMITED MOTION TO INTERVENE**

Defendants to add critically needed capacity. Added capacity means fewer patients discharged to community services operated or overseen by Marion County. Thus, Marion County has a strong interest in supporting monetary fines. However, it is clear that the current parties are not fully representing Marion County's interests in this regard. Among other reasons, this is demonstrated by the ferocity and hostility with which DRO opposes Marion County's intervention, as well as by the fact that no party—including DRO—pushed strongly for monetary fines during the recent status conference. DRO has allowed this case to continue for decades without moving for monetary fines. Had Marion County been permitted to answer the Court's questions during the status conference, monetary fines would have been Marion County's primary and concise focus.

DRO's motion seeks to drastically change other rights and responsibilities of Marion County as well.  In the two previous motions for contempt Plaintiffs did not ask for OSH patients to be discharged before a placement could be found and did not ask for the entire category of misdemeanor offense referrals to be limited.  ECF 85, ECF 91.

Marion County, the location of OSH, is uniquely harmed by failure to add capacity and by discharges without placements.  Many of these patients will be released onto the streets of Marion County, putting both patients and members of the public at risk.  Additionally, criminal defendants who are accused of misdemeanor offenses in Marion County may have their charges dropped due to inability to be admitted to OSH.

A motion for contempt and monetary fines creates a new stage of the case, which makes

---

order and that the concept is also supported by the Governor and the chair of the relevant legislative committee. ECF 556, at 20, Exhibit 3. Plaintiffs also appear to support this. With this combined coalition, it appears that this bill has a strong chance of passing soon. If it does, any possible argument that might have been made about how the current remedial order overrides state law would become moot.

Further, one argument in the limited motion to intervene and proposed response was poorly stated—the examples related to property crime misdemeanors. Marion County confirms that this motion expresses no objections to current orders and should instead have cited examples regarding Plaintiffs' concerning request to exclude person misdemeanors from OSH. If anything, this clarification to ensure consistency further demonstrates Marion County's commitment to limited intervention that is only forward-looking.

Page | 5 **REPLY IN SUPPORT OF MARION COUNTY'S LIMITED MOTION TO INTERVENE**

Marion County's motion for limited intervention timely based on this change in circumstances.

### B. Marion County's motion does not prejudice current parties.

State Defendants do not oppose this intervention motion, so there is no reason to believe they will be prejudiced. Plaintiffs' claims of prejudice do not hold up to scrutiny based on established precedent.

In *United States* v. *Oregon*, the 9th Circuit found it relevant in evaluating possible prejudice that the intervenor "disclaimed any intent to relitigate matters which have previously been litigated, to raise any claims unrelated to the [current stage of the case], or to assert any [new] claims against [other parties]." 745 F.2d at 553. The same is true here. If the Court grants Marion County's motion for limited intervention, Marion County will not use that intervention to relitigate matters which have previously been litigated, to raise any claims unrelated to the current stage of the case, or to assert any new claims against other parties. Marion County's intervention will be forward-looking and focused on advocating for monetary fines to motivate OSH to increase capacity, which will in turn protect patients.

Plaintiffs first complain that intervention would "protract[] and multiply[] the complexity of these proceedings." ECF at 5. However, referencing a district court's finding that plaintiffs would be prejudiced by "fac[ing] additional briefing," the 9th Circuit has recognized that "the likelihood that additional parties and arguments might make resolution of this case more difficult" was "a poor reason to deny intervention . . . . That [the prospective intervenor] might raise new, legitimate arguments is a reason to grant intervention, not deny it." *W. Watersheds Project v. Haaland*, 22 F.4th 828, 838–39 (9th Cir. 2022).

Plaintiffs also raise the prospect of potential appeals to claim prejudice. However, as a practical matter, Marion County's limited intervention here would not actually change Marion

Page | 6 **REPLY IN SUPPORT OF MARION COUNTY'S LIMITED MOTION TO INTERVENE**

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220 | Fax: 503-373-4367

County's ability to appeal future judgments. Under the 9th Circuit's long-established precedent, a post-judgment motion to intervene for purposes of appeal is subject to a different standard and "is timely if filed within the time allowed for the filing of an appeal." *W. Watersheds Project*, 22 F.4th at 836 (quoting *United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992); *see also* ECF 485 at 4. Even Plaintiffs implicitly recognize this in their response. ECF 549 at 8. Even without intervention, Marion County can already intervene and appeal future court decisions.

What Marion County does gain by intervention is additional rights to participate in *defense* of any decision by this Court if *another party* appeals. Since Plaintiff DRO requested monetary fines in their contempt motion, how can they now claim prejudice from Marion County wanting to advocate for that request? Even if, as Marion County suspects, DRO does not intend to actually push for monetary fines, since DRO opened the door, it is now too late for them to object. Thus, the potential for appeal is a non-issue for analyzing potential prejudice to current parties.

### III.   Marion County has standing and a legally protected interest.

There is no dispute that Marion County operates and oversees community mental health services. Any changes that impact the flow of patients into community mental health—precisely what this Court has ordered and which both Plaintiffs and Defendants seek—impact Marion County: increase or decrease in numbers, slower or faster timing, etc. This in turn impacts the use of county funds, staff, availability of services to other existing or potential patients, and overall county operations. This easily shows Article III standing and a legally protected interest.

### IV.   The Court may limit the scope of Marion County's involvement if desired.

Plaintiffs Response makes many inaccurate allegations about the intent of Marion

Page | 7 **REPLY IN SUPPORT OF MARION COUNTY'S LIMITED MOTION TO INTERVENE**

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220 | Fax: 503-373-4367

County. To avoid any possible ambiguity, Marion County clarifies that its request for limited intervention is just that—limited. Marion County does not seek in this motion to re-litigate any prior Court decisions nor to appeal any prior orders of this Court. Marion County only seeks forward-looking participation in the issues before the Court raised by the new contempt motion.

If the Court feels that additional limitations are needed, the Court may limit the extent of Marion County's involvement. *Town of Colo. City* v. *United Effort Plan Trust*, 2012 U.S. Dist. LEXIS 169579, *6 (D. Ariz. 2012) (quoting Fed. R. Civ. P. 24 advisory committee note (1966) ("An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings.")). Limitations "may include precluding an intervenor from raising new claims or limiting the intervenor's right to take discovery." *Id.* For example, if the Court desires to limit Marion County to only addressing monetary fines and not addressing any patient discharge policy changes, Marion County would not object to such a limitation.[5]

Plaintiffs' concerns about Marion County's role can all be alleviated by the Court's sound discretion to limit Marion County's involvement in an equitable manner.

## V.     Conclusion

DRO's motion for contempt created a change of circumstances that gives the Court discretion to allow Marion County's limited intervention based on *United States* v. *Oregon*. The imposition of monetary fines and early discharge of OSH patients would clearly have a major impact on Marion County. Any worries Plaintiffs may have can be addressed by the Court limiting the scope of Marion County's intervention.

---

[5] If the Court chooses to place any specific limits on Marion County's intervention, then Marion County requests leave to amend its proposed response to DRO's contempt motion (ECF 547), which was previously filed with its limited intervention motion, so as to ensure conformity with whatever limits the Court orders.

Page | 8 **REPLY IN SUPPORT OF MARION COUNTY'S LIMITED MOTION TO INTERVENE**

Marion County does not request any oral argument on this motion.

DATED this 30th day of January, 2025.

Respectfully submitted,

MARION COUNTY LEGAL COUNSEL

*s/ Steve Elzinga*
Steve Elzinga, OSB# 913834
Of Attorneys for Proposed Limited Intervenor
Marion County
555 Court St. N.E., Suite 5242
PO Box 14500
Salem, OR 97309
Telephone: (503) 588-5220
Email: selzinga@co.marion.or.us

Page | 9 **REPLY IN SUPPORT OF MARION COUNTY'S LIMITED MOTION TO INTERVENE**

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220 | Fax: 503-373-4367

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **Marion County's Reply in Support of Marion County's Limited Motion to Intervene** upon interested counsel by the following indicated method on the date set forth below:

<u>XX</u>   By electronic means through the Court's Case Management/Electronic Case File system on the date set forth below;

___   By faxing a copy thereof to each attorney at each attorney's last-known facsimile number on the date set forth below;

___   By mailing a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the attorney's last-known office address listed above and causing it to be deposited in the U.S. mail at Salem, Oregon on the date set forth below;

___   By causing a copy thereof to be hand-delivered to said attorney at each attorney's last-known office address listed above on the date set forth below;

Dated this 30th day of January, 2025

*s/ Steve Elzinga*
Steve Elzinga, OSB# 123102
Of Attorneys for Proposed Limited Intervenor
Marion County
555 Court St. N.E., Suite 5242
PO Box 14500
Salem, OR 97309
Telephone: (503) 588-5220
Email: selzinga@co.marion.or.us

Page | 10 **REPLY IN SUPPORT OF MARION COUNTY'S LIMITED MOTION TO INTERVENE**

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220 | Fax: 503-373-4367