STEVE ELZINGA, OSB# 123102
Marion County Legal Counsel
*selzinga@co.marion.or.us*
555 Court Street N.E.
PO Box 14500
Salem, OR 97301
Telephone: (503) 588-5220
Attorney for Marion County

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON,<br><br>*Plaintiffs*,<br><br>v.<br><br>SAJEL HATHI, in her official capacity as head of the Oregon Health Authority, and SARA WALKER, in her official capacity as Superintendent of the Oregon State Hospital,<br><br>*Defendants*.<br><br>JAROD BOWMAN and JOSHAWN DOUGLAS- SIMPSON,<br><br>*Plaintiffs*,<br><br>v.<br><br>SARA WALKER, Interim Superintendent of the Oregon State Hospital, in her official capacity, SAJEL HATHI, Director of the Oregon Health Authority, in her official capacity,<br><br>*Defendants*. | 3:02-cv-00339-MO (Lead Case)<br>3:21-cv-01637-MO (Member Case)<br><br>**Pre-Hearing Memo of *Amicus* Marion County** |

*Amicus* Marion County files this pre-hearing memo for the March 12-13, 2025 contempt hearing:

Page | 1 **PRE-HEARING MEMO OF *AMICUS* MARION COUNTY**

## I.    INTRODUCTION

State Defendants have been in contempt of this Court's orders for years and still have no realistic plan to come into compliance. The primary question before the Court is how to ensure compliance, not just immediately but also long-term.

Plaintiff Disability Rights Oregon ("DRO") request a finding of contempt, imposing monetary fines, and exclusionary legislative policy changes. Plaintiff Metropolitan Public Defender ("MPD") seeks primarily exclusionary legislative policy changes. State Defendants generally want to continue the status quo. State Defendants strongly oppose monetary fines but tacitly support some of Plaintiffs' exclusionary legislative policy changes.

Marion County supports DRO's request to find State Defendants in contempt and impose escalating monetary fines for ongoing noncompliance. Escalating fines should be specifically calculated to incentivize Oregon State Hospital to add more capacity, like what was done in Washington[1] or as proposed by other amici.[2]

More exclusionary legislative policy changes are unlikely to work. Indeed, similar policies are not working currently. Forgoing capacity increases plays a dangerous game of musical chairs—with treatment given to a handful of patients while excluding an increasingly

---

[1] Inflation-adjusted equivalent fines to Washington would be $660.09 per person per day for waiting days 8-13 and $1,320.17 per person per day for waiting days 14+. This is because *Trueblood v. Washington*, C14-1178-MJP (W.D. Wash. 2016) (Doc. 289) set a dollar amount of $500 per day for each class member who was waiting in jail for more than seven (7) days but less than fourteen (14) days and $1,000 per day for waiting fourteen (14) days or more. Those numbers were in July 2016 and are adjusted for inflation to January 2025 according to the U.S. Bureau of Labor Statistics CIP Inflation Calculator here: https://www.bls.gov/data/inflation_calculator.htm

[2] Marion County supports the proposal of Amici District Attorneys, Crime Victims, and Health Systems for:
> "per diem sanctions of $10,000/day to be assessed each month after defendants' reports demonstrate they were out of compliance with the *Mink/Bowman* orders the previous month. Sanctions should be doubled every 60 days of ongoing noncompliance. The sanctions should begin immediately upon entry of a contempt order.
> "Amici propose the funds be distributed to local governments or nonprofits for programs or facilities that further the remedial goals of the contempt finding. In no event should the funds be returned to defendants."

ECF 559, pp. 1-2.

Page | 2 **PRE-HEARING MEMO OF *AMICUS* MARION COUNTY**

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220 | Fax: 503-373-4367

larger number of patients from receiving desperately needed treatment and banishing those patients to the streets while in a mental state dangerous for themselves and the community. Continuing down this road will inevitably result in both patients and the public being badly hurt. Again. Oregon can do better.

Monetary fines are the best approach for three reasons: (1) they are required by precedent; (2) overriding more state laws is unlikely to fix the problem; and (3) monetary fines are the best way to prompt the legislature to take action to fix the hospital capacity shortage.

## II.   ARGUMENT

### 1. Plaintiffs' requests—and Oregon State Hospital's tacit agreement—to override more valid state laws is inconsistent with applicable precedent since monetary fines have not yet been tried or given a chance to work.

Plaintiffs, with State Defendant's tacit support, seek to override valid and constitutional state laws before giving monetary fines an opportunity to induce compliance. This is inconsistent with the Ninth Circuit's holding that "federal courts should always seek to minimize interference with legitimate state activities in tailoring remedies." *Stone v. City and County of San Francisco*, 968 F.2d 850, 861 (9th Cir. 1992), *as amended on denial of reh'g* (Aug. 25, 1992). Federal courts are guided by the interests of federalism, comity, and institutional competence. *Id.* at 860 (citing *Younger v. Harris*, 401 U.S. 37, 44 (1971) and other cases).

"In employing their broad equitable powers, federal courts should 'exercise the least possible power adequate to the end proposed.'" *Stone*, 968 F.2d at 861 (quoting *Spallone v. United States*, 493 U.S. 265, 280 (1990); other citations omitted). Since monetary "contempt sanctions are a less intrusive alternative to rearranging the structure of state government via the state-law-override provisions," the district "court should have waited until the threat of [monetary] sanctions failed to induce compliance before authorizing the state-law-override

Page | 3 **PRE-HEARING MEMO OF *AMICUS* MARION COUNTY**

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220 | Fax: 503-373-4367

provisions." *Stone*, 968 F.2d at 864. There must also be findings that "other alternatives" like fines are "inadequate" before overriding applicable state laws. *Id.*

Meaningful and escalating monetary fines are the appropriate remedy under *Stone*. The exclusionary legislative policy changes requested by Plaintiffs would:

- Override valid laws enacted by the legislative branch, which implicates the co-equal legislative authority of the state legislature and the people of Oregon;
- Restrict court orders and discretion of judges in the state's judicial branch; and
- Force administrative, management, operational, and budget decisions of local governments, who exercise both executive and legislative functions.

These significant federalism concerns are not alleviated by the tacit agreement of State Defendants—who might prefer a bailout from their legal failures but who cannot speak for all state interests as they represent only part of one branch of state government.

Further, "the inquiry of federal courts into prison management [including in pretrial situations] must be limited to the issue of whether a particular system violates any prohibition of the Constitution." *Bell v. Wolfish*, 441 U.S. 520, 562 (1979). Preventing Oregon State Hospital (OSH) from providing treatment for those charged with misdemeanors, probation violations, or other categories—and thus thrusting that responsibility on community partners like Marion County and local hospitals—punishes those community partners for OSH's violation. This is precisely what case law prohibits. It also ignores the root violation: if more beds or staff are needed at OSH to timely admit new patients while still maintaining the restoration purpose of admission, then the inadequate room or staffing, and the state defendants responsible for fixing it, are the source of the violation. Punishing community partners like Marion County, entities unrelated to the violation, does not address that. Overriding more state laws is not the answer.

Page | 4 **PRE-HEARING MEMO OF *AMICUS* MARION COUNTY**

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220 | Fax: 503-373-4367

## 2. Overriding state laws to exclude more patients from the Oregon State Hospital is unlikely to fix the problem.

Plaintiffs, along with State Defendants, invite this Court to give Oregon State Hospital a bailout from its statutory responsibilities by enacting major legislative policy changes to exclude more patients through admission and discharge "standards." That would make a bad situation even worse. Such changes would add more burdens to community partners—like underfunded local governments and local hospitals—while also endangering both patients and the public. The present contempt action was only needed because this approach is not working currently. Plaintiffs want to do the same thing over and over again and expect different results.

The patents committed to Oregon State Hospital deserve and require hospital-level care. But if they are excluded from the state hospital, given the unfortunate lack of community placements, many unwell individuals would end up on the streets without any care at all. Although community restoration services do their best, they do not have the resources, experience, legal tools, or capacity to accommodate such an influx of new patients. Without proper hospital-level care or even a makeshift community placement to provide some support, it is likely the released and untreated individuals would reoffend and end up where they started: in jail. The cycle of harm would continue.

Playing musical chairs within insufficient capacity does not solve the problem. It only chooses who to exclude from receiving hospital-level care. Yet, all these patients deserve timely placement with hospital-level care to give them the best hope of restoration. Only adding additional state hospital capacity can fully remedy the constitutional violation here. Imposing monetary fines is the best way to compel the state to finally take this problem seriously.

Page | 5 **PRE-HEARING MEMO OF *AMICUS* MARION COUNTY**

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220 | Fax: 503-373-4367

**3. Monetary fines imposed now, near the start of the long legislative session, are the best way to motivate the legislative oversight and funding needed to address the core problem of insufficient capacity.**

The core problem is that the Oregon State Hospital does not have sufficient capacity for all the patients who need hospital-level treatment.[3] Despite projecting an 11.5% increase in total revenue ($35.6 billion increase), the Governor's 2025-2027 Recommended Budget talks about "stabilizing" the state hospital while proposing zero increase in state hospital capacity.[4] The OHA Director's December 2024 "listening tour" report doesn't even mention the state hospital.[5]

Since the legislature is in session, now is the time to act to motivate legislative action. The legislature has broad budgetary and oversight authority. *See, e.g.*, Ore. Const. Art. III, § 2; ORS 171.510. A federal court's finding of contempt and imposing escalating monetary fines will get the legislature's attention. Escalating fines are more likely to prompt decisive action to increase capacity than exclusionary policies that bailout the state from its responsibilities and haven't prompted the legislature to act decisively for multiple sessions.

### III.  CONCLUSION

In order to ensure full compliance, Marion County asks this Court to impose escalating monetary fines against Oregon State Hospital for their ongoing violations of this Court's orders.

---

[3] OHA's own budget presentation effectively admits this. "Behavioral health residential capacity for court mandate populations remains a challenge, along with the increase in the Community Restoration census. Placement needs continue to outpace the capacity." Oregon Health Authority, *2025-27 Ways and Means*, p. 159, https://olis.oregonlegislature.gov/liz/2025R1/Downloads/CommitteeMeetingDocument/288940.
As the Legislative Fiscal Office has recognized, "Capacity issues at the Oregon State Hospital continue to shift service demands to community restoration services, including aid and assist services" and "limitation on time spent at the State Hospital may not afford appropriate care for individuals and may push potentially unready patients back to community settings that are lacking in capacity, expertise, and funding." Legislative Fiscal Office, *2025-27 Budget Review – Oregon Health Authority*, pp. 34, 60
https://olis.oregonlegislature.gov/liz/2025R1/Downloads/CommitteeMeetingDocument/290024.

[4] 2025-2027 Governor's Budget, State of Oregon, https://www.oregon.gov/das/financial/documents/2025-27_gb.pdf, *compare* p. 10 *with* pp. 53-54.

[5] Oregon Health Authority, OHA Director 2024 Statewide Listening Tour (Dec. 2024) https://www.oregon.gov/oha/Documents/OHA-2024-Listening-Tour-Report_12.2024.pdf

Page | 6 **PRE-HEARING MEMO OF *AMICUS* MARION COUNTY**

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220 | Fax: 503-373-4367

Dated this 7th day of March, 2025

                                            */s/ Steve Elzinga*
Steve Elzinga, OSB# 123102
Of Attorneys for Marion County
555 Court St. N.E., Suite 5242
PO Box 14500
Salem, OR 97309
Telephone: (503) 588-5220
Email: selzinga@co.marion.or.us

Page | 7 **PRE-HEARING MEMO OF *AMICUS* MARION COUNTY**

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220 | Fax: 503-373-4367

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **Pre-Hearing Memo of *Amicus* Marion County** upon interested counsel by the following indicated method on the date set forth below:

<u>XX</u> By electronic means through the Court's Case Management/Electronic Case File system on the date set forth below;

___ By faxing a copy thereof to each attorney at each attorney's last-known facsimile number on the date set forth below;

___ By mailing a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the attorney's last-known office address listed above and causing it to be deposited in the U.S. mail at Salem, Oregon on the date set forth below;

___ By causing a copy thereof to be hand-delivered to said attorney at each attorney's last-known office address listed above on the date set forth below;

Dated this 7th day of March, 2025

        */s/ Steve Elzinga*
        Steve Elzinga, OSB# 123102
        Of Attorneys for Marion County
        555 Court St. N.E., Suite 5242
        PO Box 14500
        Salem, OR 97309
        Telephone: (503) 588-5220
        Email: selzinga@co.marion.or.us

Page | 8 **PRE-HEARING MEMO OF *AMICUS* MARION COUNTY**

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220 | Fax: 503-373-4367