UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 14 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DISABILITY RIGHTS OREGON; et al.,<br><br>Plaintiffs - Appellees,<br><br>v.<br><br>Doctor SEJAL HATHI, in her official capacity as Director of the Oregon Health Authority; et al.,<br><br>Defendants - Appellants. | No. 25-3868<br><br>D.C. Nos.<br>3:02-cv-00339-AN<br>3:21-cv-01637-AN<br>6:22-cv-01460-AN<br>District of Oregon, Portland<br><br>ORDER |
| DISABILITY RIGHTS OREGON; et al.,<br><br>Plaintiffs - Appellees,<br><br>v.<br><br>Doctor SEJAL HATHI, Director of Oregon Health Authority, in her official capacity; et al.,<br><br>Defendants - Appellants. | No. 25-5609<br>D.C. Nos.<br>3:02-cv-00339-AN<br>3:21-cv-01637-AN<br>6:22-cv-01460-AN<br>District of Oregon, Portland |
| DISABILITY RIGHTS OREGON; et al.,<br><br>Plaintiffs - Appellees,<br><br>v.<br><br>Doctor SEJAL HATHI, Director of Oregon Health Authority, in her official capacity; et al., | No. 25-5769<br>D.C. No.<br>3:02-cv-00339-AN<br>District of Oregon, Portland |

Defendants - Appellants.

Before: FRIEDLAND and DE ALBA, Circuit Judges, and LASNIK, District Judge.*

In these consolidated appeals defendant-appellants, the directors of the Oregon State Hospital and the Oregon Health Authority, challenge the district court's civil contempt order against them, its denial of a motion to stay the contempt order, and its first entry of judgment regarding civil contempt fines.

As one ground for vacatur or remand, appellants contend that their due process rights were violated when the district court (1) relied on the Eleventh Report of Dr. Debra A. Pinals to find appellants in contempt, even though Dr. Pinals' Eleventh Report did not yet exist at the time of the contempt hearings; and (2) allegedly relied on ex parte communication with Dr. Pinals to find appellants in contempt. The "Findings of Fact" section of the district court's contempt order does cite repeatedly to Dr. Pinals' Eleventh Report and does not cite to any prior report from Dr. Pinals that was entered into evidence during the contempt hearings. As to the allegations of improper ex parte communication: The district court's order denying appellants' motion to stay the contempt order states that on May 5, 2025, Dr. Pinals' Eleventh Report was "provided to the Court *in camera*." In

* The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

addition, the record in this matter contains a May 6, 2025, email from Dr. Pinals sharing the Eleventh Report with the parties and stating that Dr. Pinals had "already shared and discussed this" with the district court.

Even assuming (without deciding) that the district court violated appellants' due process rights through reliance on Dr. Pinals' Eleventh Report or reliance on ex parte communication with Dr. Pinals, this court still must determine whether any error was more likely than not harmless. *See Obrey v. Johnson*, 400 F.3d 691, 699–701 (9th Cir. 2005). Accordingly, we remand to the district court for the limited purpose of telling this court whether it would have granted the same contempt order even without considering Dr. Pinals' Eleventh Report or any ex parte communication with Dr. Pinals. 28 U.S.C. § 2106.

The court recognizes the unusual degree of difficulty involved in managing a complex and sprawling case that has gone on for more than twenty-four years. *See Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992) ("[D]eference to the district court's exercise of discretion is heightened where the court has been overseeing a large, public institution for a long period of time."). During the more than twenty-four years that the District of Oregon has been handling this case, the underlying matter has been overseen by three different judges, the most recent of whom was assigned to the matter about two and a half years ago. With this history in mind, and for the sake of judicial economy given the

numerous issues involved in this consolidated appeal, we also give the district court leave to clarify anything else it wishes to about its contempt order and contempt fines.

The district court shall issue an order responding to this remand order at its earliest convenience. The parties shall promptly notify the Clerk of this court when the district court has issued that order. Subject to this limited remand order, this panel retains jurisdiction over the case.

**REMANDED.**