DAN RAYFIELD
Attorney General
CARLA A. SCOTT #054725
SHEILA H. POTTER #993485
CRAIG M. JOHNSON #080902
Senior Assistant Attorneys General
JILL CONBERE #193430
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Carla.A.Scott@doj.oregon.gov
            Sheila.Potter@doj.oregon.gov
            Craig.M.Johnson@doj.oregon.gov
            Jill.Conbere@doj.oregon.gov

Attorneys for Defendants Patrick Allen, Sajel Hathi, Dolores Matteucci, and Sara Walker

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON,<br><br>Plaintiffs,<br><br>v.<br><br>SAJEL HATHI, in her official capacity as head of the Oregon Health Authority, and SARA WALKER in her official capacity as Interim Superintendent of the Oregon State Hospital,<br><br>Defendants. | Case No.  3:02-cv-00339-AN (Lead Case)<br>Case No.  3:21-cv-01637-AN (Member Case)<br>Case No.  6:22-CV-01460-AN (Member Case)<br><br>DEFENDANTS' NOTICE OF INABILITY TO COMPLY WITH SECOND AMENDED ORDER TO IMPLEMENT NEUTRAL EXPERT'S RECOMMENDATIONS |
| JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON,<br><br>Plaintiffs,<br><br>v. | Case No.  3:21-cv-01637-AN (Member Case) |

Page 1 -   DEFENDANTS' NOTICE OF INABILITY TO COMPLY WITH SECOND
              AMENDED ORDER TO IMPLEMENT NEUTRAL EXPERT'S
              RECOMMENDATIONS
           CAS/j3b/986428630

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

| | |
|---|---|
| SARA WALKER, Interim Superintendent of the Oregon State Hospital, in her official capacity, DOLORES MATTEUCCI, in her individual capacity, SAJEL HATHI, Director of the Oregon Health Authority, in her official capacity, and PATRICK ALLEN in his individual capacity,<br><br>       Defendants.<br><br>LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES OREGON,<br><br>       Plaintiffs,<br>  v.<br><br>SEJAL HATHI, in her official capacity as Director of Oregon Health Authority,<br><br>       Defendant. | Case No. 6:22-CV-01460-AN (Member Case) |

## NOTICE

Defendants hereby provide notice of their inability to comply with part of this Court's Second Amended Order to Implement Neutral Expert's Recommendations (Second Amended Order) issued on July 3, 2023, at ECF No. 416. This inability to comply results from a directive from the office of Marion County Circuit Court Judge Lindsay Partridge to the office of the Marion County Sheriff not to transport a state criminal defendant from the Oregon State Hospital (OSH) to the county jail, despite that defendant having been found by a forensic evaluator at the OSH to be able to aid and assist in her own defense. Email communications documenting two attempts made by OSH to secure transportation for the defendant's discharge and Marion County Sheriff's Office (MCSO) responding that it could not transport the defendant are attached as Exhibit 1 to the accompanying Declaration of Jill

Page 2 -   DEFENDANTS' NOTICE OF INABILITY TO COMPLY WITH SECOND AMENDED ORDER TO IMPLEMENT NEUTRAL EXPERT'S RECOMMENDATIONS
CAS/j3b/986428630

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Conbere (Conbere Decl.).[1]

## BACKGROUND AND ANALYSIS

As soon as a criminal defendant committed to OSH to regain fitness to aid and assist in their own defense is found to able to do so by an OSH forensic evaluator, the criminal defendant must be returned to the appropriate county jail. *See* ORS 161.370(2)(c)(A) (commitment is for the purpose of gaining or regaining fitness to proceed). In addition, under the Second Amended Order in this case, Defendants are required to "implement the recommendations in the Court's Neutral Expert's Reports," which includes her Second Report. (ECF No. 416 at p. 2). On page 22 of the Neutral Expert's Second Report,[2] the Neutral Expert recommended that Defendants should "discharge .370 patients back to the committing county upon a forensic evaluation of 'able'" and discontinue the temporary policy established during the pandemic of keeping defendants up to 30 days past the evaluation where a party has contested the able finding.[3] Accordingly, to follow that recommendation as required by the Second Amended Order, Defendants much discharge defendants upon an able finding, even if the defendant contests that finding.

In the criminal case at issue here, on February 12, 2025, Judge Partridge entered an order stating that "pursuant to commitment Orders finding the defendant unfit to proceed and committing her to [OSH]," the defendant "shall remain housed at [OSH] *until further order of the Court*." Conbere Decl., Ex. 2 (emphasis added).

---

[1] The Declaration of Jill Conbere is filed under seal pursuant to the Health Insurance Portability and Accountability Act (HIPAA).

[2] The full text of the Neutral Expert's Second Report is available at https://www.oregon.gov/oha/OSH/Documents/Oregon-Mink-Bowman-2022-0535-2nd-Neutral-Expert-Pinals-Report.pdf.

[3] The Neutral Expert noted that "there may be legal arguments against" her recommendation to discharge immediately upon an able finding but made the recommendation regardless because of the small number of times in which an external evaluation does not agree with OSH's finding and the effect of increased lengths of stays for individuals who have clinically improved enough to be found able on access to OSH for other individuals.

Page 3 -   DEFENDANTS' NOTICE OF INABILITY TO COMPLY WITH SECOND
           AMENDED ORDER TO IMPLEMENT NEUTRAL EXPERT'S
           RECOMMENDATIONS
         CAS/j3b/986428630                Department of Justice
                                         100 SW Market Street
                                         Portland, OR 97201
                                   (971) 673-1880 / Fax: (971) 673-5000

On March 28, 2025, OSH's evaluation of the defendant, which found her able, was filed with the court. *See* Conbere Decl., ¶¶ 5-6; Ex. 3.

OSH reached out to MCSO on March 31, 2025, to arrange transport for the defendant to be discharged from OSH and taken to Marion County Jail. *Id.*, Ex. 1. On April 1, 2025, MCSO replied that it was unable to transport Ms. Robertson because "Judge Partridge's office said not to pick [her] up." *Id.*

On April 2, 2025, a status hearing was held in the defendant's criminal case, and that same day a report by a non-OSH evaluator who assessed the defendant for both her ability to aid and assist in her own defendant and for a potential GEI plea was filed into the record. *Id.*, Ex. 3. Like the OSH evaluator, the non-OSH evaluator determined that the defendant is able to aid and assist in her own defense. *Id.*, ¶ 10. The defendant's counsel intends to challenge both evaluators' able findings. *Id.* Although the court noted in its post-hearing Notice that the defendant is currently housed at OSH and set a time for a hearing on her counsel's challenge to the able findings, the court did not address the effect of those able findings on the defendant's commitment to OSH, nor did it enter any additional orders regarding her commitment. *Id.*, ¶ 4.

OSH reached out to MCSO again on April 3, 2025, to arrange transport for the defendant to be discharged from OSH and taken to Marion County Jail, noting that there have been *two* able findings. *Id.*, Ex. 1. On April 4, 2025, MCSO again stated that it could not transport the defendant, saying that had been "told from Judge Patridge's/DA's office that we are not allowed to pick [the defendant] up." *Id.*

OSH understands that Judge Patridge's directive to MCSO to not transport the defendant after she has been found able directly conflicts with the Second Amended Order (ECF No. 416), because it is required to discharge individuals who were committed for competency restoration and have become able to aid and assist in their own defense, even if the defendant contests that finding. When OSH learned it was unable to do so, it

Page 4 -   DEFENDANTS' NOTICE OF INABILITY TO COMPLY WITH SECOND
            AMENDED ORDER TO IMPLEMENT NEUTRAL EXPERT'S
            RECOMMENDATIONS
    CAS/j3b/986428630                      Department of Justice
                                          100 SW Market Street
                                          Portland, OR 97201
                                 (971) 673-1880 / Fax: (971) 673-5000

immediately notified, through counsel, the Neutral Expert regarding MCSO's first refusal to transport the criminal defendant at issue and its effect on Defendants' ability to comply with the Second Amended Order. OSH, through counsel, has continued to update the Neutral Expert regarding OSH's attempts to discharge the defendant, including its second request to MCSO. Conbere Decl., ¶¶ 3-4.

## CONCLUSION

For the reasons stated above, despite best efforts, Defendants are unable to discharge the defendant at issue in compliance with the Second Amended Order.

DATED April  4 , 2025.

        Respectfully submitted,

        DAN RAYFIELD
        Attorney General


        *s/ Jill O. Conbere*
        CARLA A. SCOTT #054725
        CRAIG M. JOHNSON #080902
        SHEILA H. POTTER #993485
        Senior Assistant Attorneys General
        JILL CONBERE # 193430
        Assistant Attorney General
        Trial Attorneys
        Tel (971) 673-1880
        Fax (971) 673-5000
        Carla.A.Scott@doj.oregon.gov
        Sheila.Potter@doj.oregon.gov
        Craig.M.Johnson@doj.oregon.gov
        Jill.Conbere@doj.oregon.gov
        Of Attorneys for Defendants

Page 5 -   DEFENDANTS' NOTICE OF INABILITY TO COMPLY WITH SECOND AMENDED ORDER TO IMPLEMENT NEUTRAL EXPERT'S RECOMMENDATIONS
CAS/j3b/986428630

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000