FILED

JUL 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DISABILITY RIGHTS OREGON, fka Oregon Advocacy Center; METROPOLITAN PUBLIC DEFENDER; A. J. MADISON, <br><br>         Plaintiffs - Appellees, <br><br>  v. <br><br> PATRICK ALLEN, Director of the Department of Human Services, in his official capacity; DOLORES MATTEUCCI, Superintendent of Oregon State Hospital, in her official capacity, <br><br>         Defendants - Appellees, <br><br>  v. <br><br> COUNTY OF MARION, <br><br> Proposed Intervenor, <br><br>         Movant - Appellant. | No. 24-2229 <br><br> D.C. No. 3:02-cv-00339-AN <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Adrienne C. Nelson, District Judge, Presiding

Submitted July 21, 2025[**]
San Francisco, California

Before: McKEOWN, W. FLETCHER, and OWENS, Circuit Judges.

Marion County (the "County") appeals from the district court's order denying its second motion to intervene as a matter of right under Federal Rule of Civil Procedure 24(a) and permissively under Rule 24(b). The district court denied the motion as untimely. We have jurisdiction to review this order under 28 U.S.C. § 1291 and we affirm.

A motion to intervene must be "timely." Fed. R. Civ. P. 24(a), (b). We review a denial of a motion to intervene based on untimeliness for abuse of discretion. *Callahan v. Brookdale Senior Living Cmtys., Inc.*, 42 F.4th 1013, 1019 (9th Cir. 2022). "A court abuses its discretion when it fails to apply the correct legal standard or bases its decision on unreasonable findings of fact." *Id.* at 1020 (quoting *Roes v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1043 (9th Cir. 2019)).

We evaluate timeliness based on "the totality of circumstances facing the would-be intervenor, with a focus on three primary factors: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

parties; and (3) the reason for and length of the delay.'" *W. Watersheds Project v. Haaland*, 22 F.4th 828, 835–36 (9th Cir. 2022) (quoting *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016)).

All three factors weigh against the County's intervention, just as they did when the County first moved to intervene. *See Or. Advoc. Ctr. v. Allen*, No. 23-35516, 2024 WL 2103274, at *1 (9th Cir. May 10, 2024). The County has again "sought to intervene at a late stage in the litigation," over two decades after the 2002 injunction, four years after the start of contempt proceedings, and one-and-a-half-years after the district court issued its order implementing the expert's recommendations in September 2022. *Id.* The district court's order on March 6, 2024, was not a "change of circumstances." *Los Angeles Unified Sch. Dist.*, 830 F.3d at 854. Further, the County "should have been aware" that its alleged interest in outpatient treatment would not be adequately protected by the parties far earlier than the court's order on March 6, 2024. *Id.* (quoting *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999)). Considering the totality of circumstances, the district court acted well within its discretion when it denied as untimely the County's second motion to intervene.

Because the district court did not abuse its discretion in denying the County's motion to intervene, we do not need to address the County's arguments on the merits.[1]

**AFFIRMED.**

---

[1] Appellant's first motion for judicial notice (Dkt. No. 28) is GRANTED. Appellees' joint unopposed motion for judicial notice (Dkt. No. 40) is DENIED. Appellant's second motion for judicial notice (Dkt. No. 57) is DENIED.