Emily Cooper OSB #182254
ecooper@droregon.org
Thomas Stenson OSB #152894
tstenson@droregon.org
Dave Boyer OSB # 235450
dboyer@droregon.org
Disability Rights Oregon
511 SW 10th Avenue, Suite 200
Portland, Oregon 97205
(503) 243-2081
*Counsel for Plaintiff, Disability Rights Oregon*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., & A.J. MADISON,** Plaintiffs, <br><br>v.<br><br>**SAJEL HATHI,** in her official capacity as head of the Oregon Health Authority, & **JAMES DIEGEL**, in his official capacity as Interim Superintendent of the Oregon State Hospital, Defendants.<br><br>**JAROD BOWMAN** and **JOSHAWN DOUGLAS-SIMPSON**, Plaintiffs,<br><br>v.<br><br>**JAMES DIEGEL**, Interim Superintendent of the Oregon State Hospital, in his official capacity, **SAJEL HATHI**, Director of the Oregon Health Authority, in her official capacity, Defendants. | Case No. 3:02-cv-00339-AN (Lead Case)<br><br>Case No. 3:21-cv-01637-AN (Member Case)<br><br>PLAINTIFF DISABILITY RIGHTS OREGON'S MOTION TO SUPPLEMENT THE RECORD ON APPEAL |

DRO'S MOTION TO SUPPLEMENT RECORD ON APPEAL
Page 1

Disability Rights Oregon
511 SW 10th Avenue, 2nd Floor
Portland, OR 97205
(503) 243-2081

## PLAINTIFF DISABILITY RIGHTS OREGON'S MOTION TO SUPPLEMENT THE RECORD ON APPEAL

### Certification

Plaintiff's counsel met to discuss this motion with the State Defendants' counsel by videoconference on July 22, 2025. State Defendants indicated that they would object to the inclusion of Dr. Pinals' Eleventh Report into the appellate record.

### MOTION UNDER APPELLATE RULE 10(e)

Plaintiff Disability Rights Oregon moves this Court to exercise its authority to supplement the record in the state's ongoing appeal, by including Dr. Pinals' Eleventh Report in the record on appeal. Under Appellate Rule 10, the district court has the ultimate authority to determine the record on appeal. "If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled *by that court* and the record conformed accordingly." FED. R. APP. PRO. 10(e)(1) (emphasis added). Any party may seek to supplement the appellate record with "anything material" that is "omitted from" the record. FED. R. APP. PRO. 10(e)(2). The district court may certify and forward a corrected supplemental record to the circuit court "before or after the record has been forwarded" to the appellate court. *Id*.

In the present matter, the State Defendants have filed a notice of appeal of this Court's decision on contempt findings. ECF 604; ECF 610. As indicated in the motion to stay, State Defendants allege that the District Court "relied on facts not in the record," by considering Dr. Pinals' Eleventh Report. ECF 610, at 4-5.

While Dr. Pinals' Eleventh Report was not assigned a separate docket number prior to the court's June 6 order, Dr. Pinals' Eleventh Report was plainly before the District Court in

DRO'S MOTION TO SUPPLEMENT RECORD ON APPEAL
Page 2

Disability Rights Oregon
511 SW 10th Avenue, 2nd Floor
Portland, OR 97205
(503) 243-2081

rendering its decision. The Eleventh Report is now in docketed. ECF 620-1. The Court's opinion specifically affirms that the Eleventh Report was "provided to the Court *in camera*" and cites to the posting of that same report on the state of Oregon's website, Oregon.gov. ECF 604, at 11. The Court's opinion also notes that such filing of these reports was a routine practice, stating that "Dr. Pinals has continued to file supplemental reports on a periodic basis." ECF 604, at 9. The Court cited numerous times to the Eleventh Report. ECF 604, at 11-14.

The assignment of a docket number to a particular document is a ministerial matter of administrative convenience, not a substantive decision on whether an item is before the district court or part of the record. *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 910 (2d Cir. 1997) (failure to docket order did not make order a "nullity," as notation in docket was a mere "ministerial rule of procedure"); *In re Soares*, 107 F.3d 969, 974 (1st Cir. 1997) ("recordation or entry on the docket" are merely "ministerial acts"). As a matter of course, the record on appeal shall include the "original papers and exhibits filed in the district court," but Appellate Rule 10 also permits the district court to clarify or correct the record when a document is omitted or when necessary to ensure the record "truly discloses what occurred in the district court." Fed. R. App. Pro. 10 (a) & (e).

I. **A District Court May Supplement the Record with Evidence Actually "Presented to" or "Before the Trial Judge" at the Time of Decision**

Case law and appellate rules allow for the supplementation of the record. *United States v. Becker*, 929 F.2d 442, 445 (9th Cir. 1991) (exercising discretion to allow supplementation of record); *Mangini v. United States*, 314 F.3d 1158, 1160 (9th Cir.), *opinion amended on denial of reh'g*, 319 F.3d 1079 (9th Cir. 2003). A district court's decision settling a dispute about what

occurred in proceedings before it is "conclusive absent a showing of intentional falsification or plain unreasonableness." *United States v. Garcia*, 997 F.2d 1273, 1278 (9th Cir. 1993).

The propriety of supplementing the record frequently turns on whether the supplementation of the record includes documents that *were never before the district court* (in which case supplementation is disfavored absent extraordinary circumstances) or the documents were *in fact before the district court* and considered by the court (in which case supplementation is typically proper). *Garcia*, 997 F.2d at 1278 (while district court typically may not supplement record with "material not introduced," record could be supplemented where "district court simply overlooked entry of a written order"); *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1078 (9th Cir. 1988) (not proper to accept "[p]apers submitted to the district court *after* the ruling that is challenged on appeal") (emphasis in original). Ordinarily, a motion to supplement the record will not be granted as to "material not considered by the trial court." *Daly-Murphy v. Winston*, 837 F.2d 348, 351 (9th Cir. 1987); *United States v. Ameline*, 409 F.3d 1073, 1112 (9th Cir. 2005). "Rule 10(e) cannot be used to add to or enlarge the record on appeal to include material which was not before the district court." *United States v. Walker*, 601 F.2d 1051, 1054 (9th Cir. 1979). An appellate record includes only the "evidence presented to the district court" because the circuit court reviews only the record "before the trial judge when [the judge's] decision was made." *Id.*[1]

---

[1] Defendants may urge the Court that only those items actually *docketed* count as those submitted to, considered by, introduced to, or before the district court. Such a narrow reading of Rule 10(e) supplementation would make the provision a nullity. Items "filed in the district court" are already part of the record by virtue of Appellate Rule 10(a). The repeated holdings of the Ninth Circuit with regard to Rule 10(e) supplementation affirm that some category of documents are not "filed in the district court" under Appellate Rule 10(a) but nevertheless "presented to the district court" within the meaning of Appellate Rule 10(e).

DRO'S MOTION TO SUPPLEMENT RECORD ON APPEAL
Page 4

**Disability Rights Oregon**
511 SW 10th Avenue, 2nd Floor
Portland, OR 97205
(503) 243-2081

Here, DRO does not seek to add belatedly extra materials that were "not considered by the trial court" at the time of its decision, but to confirm that Dr. Pinals' Eleventh Report formed part of the record before this Court, regardless of whether it received a docket entry. *Bell v. Thompson*, 545 U.S. 794, 801, (2005) (deposition transcript was properly part of the record of the case where it had been available but previously omitted from the summary judgment filing). The Court read the Eleventh Report and considered it in preparing its June 6 opinion, as it repeatedly cited to the Eleventh Report.[2] This motion does not improperly seek to justify retroactively the Court's decision with new evidence generated after the Court's order and not considered by the court, but to confirm the evidence relied on by the Court shall be included in the record for appeal. Because the Eleventh Report was, in fact, "before the district court" in making its decision, the district court can properly grant this motion.

## II. Dr. Pinals' Eleventh Report Was Submitted to the Court *In Camera* Consistent with a Years-Long Practice Set Up at Defendants' Request

Defendants knew for years that Dr. Pinals submitted these reports *in camera*, because that was her routine practice. Those reports were not routinely docketed, but might be docketed months, sometimes years later, when a party had reason to submit them as an exhibit. *See, e.g.*, ECF 570-1, at 10; *id.* at 32. These reports have been routinely incorporated in the orders of this Court without objection from Defendants, even at times when those reports had not yet been formally docketed. ECF 416, at 2 (July 2023 order states: "OSH shall not admit patients except as provided for by the recommendations in the Neutral Expert's Reports" generally); ECF 570-1, at 10; *id.* at 32 (docketing for the first time in February 2025 the December 2022 and April 2023

---

[2] Defendants conceded, as they must, that the Eleventh Report was, in fact, before the court, stating that it was e-mailed to the Court by Dr. Pinals months before the June 6 order. ECF 610, at 4-5.

DRO'S MOTION TO SUPPLEMENT RECORD ON APPEAL
Page 5

**Disability Rights Oregon**
511 SW 10th Avenue, 2nd Floor
Portland, OR  97205
(503) 243-2081

reports of Dr. Pinals). Defendants, in fact, routinely collected these reports and relied on those reports to their benefit. For instance, in seeking relief from this Court earlier this year, Defendants noted that "under the Second Amended Order in this case, Defendants are required to 'implement the recommendations in the Court's Neutral Expert's Reports. . . .'" ECF 596, at 3 (citing to ECF 416 and the URL for the Second Report on Oregon.gov). As stated previously, Defendants agreed to Dr. Pinals' initial appointment, ECF 239, then submitted a joint motion to continue Dr. Pinals' appointment. ECF 250. That joint motion requested that the Court issue an order that Dr. Pinals should "provide brief quarterly reports to the Court regarding compliance status and any needed additional recommendations to address any barriers to achieving compliance." ECF 250, at 3.

Consistent with the relief Defendants sought from this Court, Dr. Pinals has routinely submitted these reports to the court and the parties directly, rather than posting them on ECF. Dr. Pinals acted, essentially, as an appointed master, whose "findings and recommendations" are "available to the appellate court authorized to review the operative decision of the district court." *Ballard v. Comm'r*, 544 U.S. 40, 61 (2005). Dr. Pinals' practice in this vein went without objection from Defendants for years—until they were held in contempt. Defendants were no more unfairly surprised by the *in camera* submission of the Eleventh Report to the Court than they were by the first ten reports so submitted. *United States v. Felix-Rodriguez*, 22 F.3d 964, 967 (9th Cir. 1994) *citing United States v. Gagnon*, 470 U.S. 522, 528 (1985) ("The defendants' failure to object to an *in camera* interview of which they were aware and which did not occur in open court, was sufficient to constitute a waiver."). Defendants long ago waived any objections to the standing practice of Dr. Pinals and this Court regarding the *in camera* presentation of Dr. Pinals' reports.

DRO'S MOTION TO SUPPLEMENT RECORD ON APPEAL
Page 6

**Disability Rights Oregon**
511 SW 10th Avenue, 2nd Floor
Portland, OR 97205
(503) 243-2081

This motion seeks only to have the Eleventh Report included in the record on appeal. Even if the Eleventh Report is included in the record on appeal, Defendants remain free to argue to the Ninth Circuit—though DRO does not know a legal basis for such a contention—that the District Court somehow erred by relying on the Eleventh Report or that the failure to post Dr. Pinals's Eleventh Report on ECF and give it a docket number prior to the June 6 order prejudiced Defendants in some way. If the Eleventh Report is accepted into the record on appeal, Defendants will still be able to state that the Eleventh Report was "not filed in the court register for this case" prior to the issuance of the June 6 order. ECF 610, at 5. Whether or not that fact is of any legal moment is dubious but irrelevant to this motion. The Court of Appeals' review of the June 6 order will be greatly hampered if the Court of Appeals cannot even read the Eleventh Report—which was before the District Court and was considered by the District Court before filing the June 6 order—in assessing the propriety of the June 6 order. If the Court of Appeals determines for some unknown reason that the failure to docket the Eleventh Report posed some fatal error, the Ninth Circuit will be free to disregard the Eleventh Report or to indicate that this Court erred.

Declining to include the Eleventh Report in the record on appeal, when this Court in fact relied on it and discussed it at length in the June 6 order would pointlessly impair appellate review. What occurred in the District Court is well-established and agreed by both parties: the Court read, reviewed, and incorporated in its decision Dr. Pinals' Eleventh Report. Defendants admit as much, objecting to the "Court's Findings of Fact, made in reliance on that report. . . ." ECF 610, at 5. Defendants claim, not that the Court *did not* rely on the report, but that the District Court *should not* have done so. The purpose of limiting or supplementing the record on appeal is not to exclude documents that were considered in the process but that one party feels

DRO'S MOTION TO SUPPLEMENT RECORD ON APPEAL
Page 7

**Disability Rights Oregon**
511 SW 10th Avenue, 2nd Floor
Portland, OR 97205
(503) 243-2081

should not have been considered. Instead, the record on appeal must "truly disclose[] what occurred in the district court," whether what occurred was right or wrong. FED. R. APP. PRO. 10(e)(1). Omitting the Eleventh Report from the record on appeal would conceal and distort what occurred in the district court, rather than "truly disclos[ing]" the basis of the Court's decision. Plaintiff DRO asks the court to issue an order that Dr. Pinals' Eleventh Report, docketed at #620-1 in the record, is part of the record on appeal.

DATED this 25th day of July, 2025.

DISABILITY RIGHTS OREGON

/s Thomas Stenson

Emily Cooper OSB # 182254
ecooper@droregon.org
Thomas Stenson, OSB # 152894
tstenson@droregon.org
Dave Boyer OSB # 235450
dboyer@droregon.org
511 SW 10th, Suite 200
Portland OR 97205
Telephone: (503) 243 2081
Facsimile: (503) 243 1738
*Counsel for Plaintiff*
*Disability Rights Oregon*

DRO'S MOTION TO SUPPLEMENT RECORD ON APPEAL
Page 8

**Disability Rights Oregon**
511 SW 10th Avenue, 2nd Floor
Portland, OR  97205
(503) 243-2081