DAN RAYFIELD
Attorney General
CARLA A. SCOTT #054725
CRAIG M. JOHNSON #080902
Senior Assistant Attorneys General
JILL CONBERE #193430
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Carla.A.Scott@doj.oregon.gov
        Craig.M.Johnson@doj.oregon.gov
        Jill.Conbere@doj.oregon.gov

Attorneys for Defendants Patrick Allen, Sejal Hathi, Dolores Matteucci, and James Diegel

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON, | Case No.  3:02-cv-00339-AN (Lead Case)<br>Case No.  3:21-cv-01637-AN (Member Case)<br>Case No.  6:22-CV-01460-AN (Member Case) |
| Plaintiffs, | DEFENDANTS' MARCH 16, 2026, STATUS REPORT |
| v. | |
| SEJAL HATHI, in her official capacity as head of the Oregon Health Authority, and JAMES DIEGEL in his official capacity as Interim Superintendent of the Oregon State Hospital, | |
| Defendants. | |
| JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON, | Case No.  3:21-cv-01637-AN (Member Case) |
| Plaintiffs, | |
| v. | |
| JAMES DIEGEL, Interim Superintendent of the Oregon State Hospital, in his official capacity, DOLORES MATTEUCCI, in her individual capacity, SEJAL HATHI, Director | |

Page 1 -   DEFENDANTS' MARCH 16, 2026, STATUS REPORT
         CAS/j3b/32142872

of the Oregon Health Authority, in her official capacity, and PATRICK ALLEN in his individual capacity,

        Defendants.

LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES OREGON,

        Plaintiffs,

    v.

SEJAL HATHI, in her official capacity as Director of Oregon Health Authority,

        Defendant.

Case No.  6:22-CV-01460-AN (Member Case)

## I.    Introduction

The Oregon Health Authority (OHA) and the Oregon State Hospital (OSH) submit this Status Report in advance of the status conference set for March 18, 2025.  This Status Report provides an update regarding:

- Current compliance status with the seven-day admission requirement for those found unable to aid and assist in their defense (Aid and Assist persons).

- OHA-driven capacity building in the community for those discharging from OSH from 2022 to the present.

- Legislation.

- Forensic evaluations at OSH and in the community.

- The capacity audit ordered by this Court in its June 6 Opinion and Order.

- Status of the County Financial Assistance Agreements.

Page 2 -   DEFENDANTS' MARCH 16, 2026, STATUS REPORT
    CAS/j3b/32142872

The following representatives of OHA and OSH will attend the status conference and will be prepared to answer questions this Court may have in their respective areas of expertise:

- Dr. Sejal Hathi, Director, OHA

- James Diegel, Interim Superintendent, OSH

- Kristine Kautz, Deputy Director for Administration, OHA

- Ebony Clarke, Behavioral Health Director, OHA

## II.    Compliance Status

As of March 11, 2026, the average number of days an Aid and Assist person has waited in jail for admission to OSH is 15 days (down from 22 days in December 2025).  Since Defendants' December 2025 Status Report, OSH received 101 new orders in December 2025, 86 in January 2026, and 106 in February 2026.  The below chart depicts the discharges, admissions, and new orders received each month from September 2022 to February 2026:

| Month | Discharges | Admissions | New Orders |
|-------|-----------|-----------|-----------|
| Sep-22 | 85 | 76 | 84 |
| Oct-22 | 90 | 91 | 95 |
| Nov-22 | 85 | 81 | 89 |
| Dec-22 | 92 | 77 | 74 |
| Jan-23 | 93 | 101 | 107 |
| Feb-23 | 94 | 107 | 78 |
| Mar-23 | 129 | 128 | 109 |
| Apr-23 | 108 | 107 | 103 |
| May-23 | 88 | 87 | 94 |
| Jun-23 | 101 | 97 | 86 |

Page 3 -    DEFENDANTS' MARCH 16, 2026, STATUS REPORT
CAS/j3b/32142872

| Month | Discharges | Admissions | New Orders |
|-------|-----------|------------|-----------|
| Jul-23 | 103 | 104 | 73 |
| Aug-23 | 112 | 100 | 109 |
| Sep-23 | 102 | 95 | 93 |
| Oct-23 | 97 | 93 | 97 |
| Nov-23 | 103 | 108 | 98 |
| Dec-23 | 64 | 83 | 92 |
| Jan-24 | 96 | 82 | 83 |
| Feb-24 | 97 | 81 | 73 |
| Mar-24 | 79 | 85 | 87 |
| Apr-24 | 84 | 96 | 99 |
| May-24 | 93 | 108 | 127 |
| Jun-24 | 79 | 74 | 90 |
| Jul-24 | 102 | 103 | 128 |
| Aug-24 | 95 | 95 | 99 |
| Sep-24 | 86 | 84 | 92 |
| Oct-24 | 109 | 107 | 102 |
| Nov-24 | 80 | 77 | 89 |
| Dec-24 | 99 | 111 | 105 |
| Jan-25 | 93 | 93 | 89 |
| Feb-25 | 90 | 97 | 79 |
| Mar-25 | 88 | 85 | 96 |
| Apr-25 | 104 | 128 | 101 |
| May-25 | 99 | 99 | 82 |
| Jun-25 | 118 | 109 | 105 |

Page 4 -    DEFENDANTS' MARCH 16, 2026, STATUS REPORT
CAS/j3b/32142872

| Month | Discharges | Admissions | New Orders |
|-------|-----------|-----------|-----------|
| Jul-25 | 99 | 102 | 111 |
| Aug-25 | 111 | 107 | 111 |
| Sep-25 | 95 | 99 | 124 |
| Oct-25 | 102 | 108 | 100 |
| Nov-25 | 88 | 69 | 89 |
| Dec-25 | 100 | 108 | 101 |
| Jan-26 | 101 | 109 | 86 |
| Feb-26 | 94 | 90 | 106 |

Defendants have been working diligently to complete recommendations given by Dr. Pinals.  In the last month, defense counsel reviewed the complete project tracker with Dr. Pinals to discuss the current status and purpose of each recommendation and make adjustments as needed.  Defendants have completed one recommendation since the last status conference and made progress on several others.  Additionally, Defendants are continuing to work with Dr. Pinals to establish appropriate sequencing of recommendations, and modification where appropriate, to ensure that the work increases Defendants' ability to comply with the seven-day admission requirement.  Defendants' progress is reflected in the monthly status report submitted to the parties on March 3, 2025.  Defendants will supply this or other progress reports to the Court if it would like.

III.    **OHA-driven Capacity Building in the Community from 2022 to the Present**

Because OSH is at capacity, the primary and most direct way for Defendants to return to compliance is to build enough capacity in the community to place patients who are ready to discharge from OSH or to divert them from being admitted to OSH in the first instance.

Exhibit 1 to the Declaration of Ebony Clarke (Clarke Decl.) filed contemporaneously with this Status Report describes the increase by calendar quarter from 2022 to the present in licensed and non-licensed beds in the community for patients to discharge to when they are

Page 5 -    DEFENDANTS' MARCH 16, 2026, STATUS REPORT
        CAS/j3b/32142872

ready to leave OSH or to divert them from entering OSH in the first instance.[1]  Clarke Decl. ¶ 3.  Defendants have worked to secure legislative appropriations for several years and have been using the appropriated funds to build capacity throughout the behavioral health system, including in residential treatment homes, residential treatment facilities, secure residential facilities, and supportive housing.  *Id.* ¶ 5. Occupancy dates for those projects began in 2022 and are projected to continue through 2028.  *Id.* ¶ 6.  From the fourth quarter of 2022 to the present OHA has established approximately 832 new beds (16 new beds have been added since Defendants' December 2025 Status Report) to serve the populations discharging from OSH or to divert persons from entering OSH in the first instance.  *Id.*

In addition, OHA continues to work creatively to find placements in response to the increasing number of Aid and Assist commitment orders to OSH and the resulting heightened demand for community placements for individuals discharging from OSH.  For example, OHA's Behavioral Health Division (BHD) collaborated with Northwest Regional Re-Entry Center (NWRRC) leadership to establish a temporary pathway for expanded bed access.  The current contract with Behavioral Health provides funding for 35 beds. To ensure full utilization, NWRRC has historically accepted up to 38 referrals, acknowledging that not all referrals result in placement but consistently maintaining occupancy of at least 35 beds per week.  In recent discussions, NWRRC agreed to temporarily expand referral capacity to 41, assuming the additional staffing burden while continuing to prioritize safety. No timeline was established for this temporary expansion, and it was recognized that NWRRC may return to the 38-referral cap at its discretion.

Over the last three weeks, NWRRC experienced a decrease in bed utilization for aid and assist persons. This decrease was due to several expedient discharges from NWRRC to lower levels of care and an increase in the acuity of individuals on the OSH ready to place

---

[1] Exhibit 1 does not include additional capacity that has come online during this time period without financial investment by OHA.

Page 6 -    DEFENDANTS' MARCH 16, 2026, STATUS REPORT
CAS/j3b/32142872

(RTP) list, making them unsuitable for admission to NWRCC.  The Extended Care Management Unit, which currently partners with eight counties to address placement barriers for individuals on the RTP list, has increased communication with those counties to identify and address obstacles that OHA may be able to address in order to support referrals to NWRRC.

## IV.    Implementation of HB 2005

Among other things, HB 2005, 2025 Leg., Reg. Session (Or. 2025)[2] imposes statutory time limits on inpatient and community restoration consistent with Dr. Pinals' recommendations.  But this bill allows for various pauses and exceptions to these time frames which are not consistent with Dr. Pinals' recommendations and which Defendants advocated against.  HB 2005 also makes potentially problematic changes to the "ready to place" process for Aid and Assist patients who no longer require hospital level of care, and thus no longer need to remain at OSH.  Some provisions in HB 2005 became effective on September 29, 2025, and others became effective on January 1, 2026.

While there are understandable concerns about HB 2005's potential to negatively impact *Mink* compliance, OHA does not yet have sufficient data to measure whether any provisions in HB 2005 are in fact having such an impact.  As a result, OHA did not have a realistic basis to seek any changes to HB 2005 in the recently completed short legislative session that began on February 2, 2026, and ended on March 8, 2026.  That said, as described in the Governor's signing letter submitted with Defendants' September Status Report (ECF No. 657-2), the Governor's Office is actively managing implementation of this new law and is working with OHA to best ensure the new provisions are not misused.  And, as data becomes available, OHA and the Governor's Office will analyze the effects, if any, that HB 2005 has on *Mink* compliance and take appropriate steps to address any negative effects in the next long legislative session scheduled for 2027.

---

[2]https://olis.oregonlegislature.gov/liz/2025R1/Downloads/MeasureDocument/HB2005/Enrolled

Page 7 -    DEFENDANTS' MARCH 16, 2026, STATUS REPORT
CAS/j3b/32142872

On February 5, 2026, the Governor's Office provided Dr. Pinals with their plan over the next six months to guide development of new legislation to follow HB 2005. At a minimum, the goals for the new legislation will be to: (1) establish permanent statutory timelines for OSH commitment and community restoration; and (2) make any statutory changes necessary to ensure compliance with the seven-day admission requirement for those found unable to aid and assist in their defense.

## V.    Forensic Evaluations Update (at OSH and in the Community)

There are currently 56 defendants in community restoration waiting for court-ordered evaluations. OSH's Forensic Evaluation Services (FES) has experienced a significant increase in the demand for evaluations due to the new 90-day evaluation requirements included in HB 2005 but will continue to make every effort to complete all evaluations within the statutory time, as has been done up to this point. The current waitlist of 56 is due in part to the high number of orders received in recent months and in part to receiving court orders for 90-day evaluations that do not meet the statutory guidelines for the 90-day evaluation timeframe.

To meet new statutory requirements for conducting forensic evaluations for those in community restoration,[3] and consistent with Dr. Pinals' recommendations, OHA is creating a centralized Community Restoration Evaluation Unit (CREU) through a contracting model to be managed and overseen by OHA. Following the close of the recent short legislative session, OHA identified funding to stand up CREU to meet the need for evaluations of the aid and assist population under community restoration orders. OHA estimates that CREU's budget for 2025-27 will be $2.4M, which will come from general fund dollars for the

---

[3] HB 2005 imposes statutory time frames for conducting forensic evaluations for those in community restoration; before this bill, there were no statutory timeframes for evaluating those in community restoration. Under the bill, all defendants in community restoration must be evaluated for fitness "at least every 180 days." HB 2005 § 45(5)(c). Additionally, defendants for whom the most serious offense charged is a violation or misdemeanor other than a person Class A misdemeanor must receive an evaluation "90 days after the order to engage in community restoration services is entered." HB 2005 § 45(5)(d)

Page 8 -    DEFENDANTS' MARCH 16, 2026, STATUS REPORT
        CAS/j3b/32142872

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

remainder of the biennium. OHA's BHD has been working with OSH FES leadership to develop CREU, including collaboration on the program manual, contracting statements of work, program operations development, and position descriptions.

With eight newly created OHA positions, CREU will oversee and manage court-ordered competency evaluations for individuals on community restoration orders by using a network of contracted evaluators to complete these evaluations statewide. OHA estimates that it will complete hiring of CREU staff and execute the necessary contracts with evaluators by the end of 2026 or early in 2027. OHA further estimates that CREU will begin scheduling community evaluations no later than March 2027.

Below is a visual for how CREU will be organized:



While OHA works to operationalize CREU, OSH Forensic Evaluation Services (FES) will continue to perform court-ordered evaluations for the aid and assist population both in OSH and in the community. OHA is taking steps to provide additional support to FES to meet the high demand for these evaluations, including creation of a one-year job rotation for an administrative assistant to help alleviate some of the administrative burden currently borne

CAS/j3b/32142872

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

by the FES director and associate director.  OHA and OSH are also exploring other options to support OSH FES and is keeping Dr. Pinals informed regarding those options.

**VI.    Capacity Audit**

Public Consulting Group (PCG) has completed interviews and data collection and is currently drafting data tables for OHA to review for accuracy.  After that review, PCG will draft its full report; Defendants expect the final report to be completed by June 8, 2026.

**VII.    Status of the CFAAs**

The County Financial Assistance Agreement (CFAA) is a grant agreement through which, OHA provides financial assistance for operation of a Community Mental Health Program (CMHP) to provide and coordinate, among other things, services to both persons discharging from the Oregon State Hospital (OSH) and to persons at risk of being committed to OSH or other facilities.  OHA has executed 32 of the 35 CFAAs, which will be in effect through June 30, 2027.  The three remaining CFAAs are working through local entities' final internal processes for signature by the respective Board of County Commissioners or Tribal Council.

DATED March <u>16</u>, 2026.

Respectfully submitted,

DAN RAYFIELD
Attorney General

<u>   s/ Carla A. Scott         </u>
CARLA A. SCOTT #054725
CRAIG M. JOHNSON #080902
Senior Assistant Attorneys General
JILL CONBERE # 193430
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Carla.A.Scott@doj.oregon.gov
Craig.M.Johnson@doj.oregon.gov
Jill.Conbere@doj.oregon.gov
Of Attorneys for Defendants

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000